# EXHIBIT E

FILED
9/1/2022 5:34 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Christi Underwood DEPUTY

Case 3:22-cv-02192-N-BT    Document 1-5    Filed 10/03/22    Page 2 of 109    PageID 25

DC-22-11200

## CAUSE NO. _____

| | | |
|---|---|---|
| **JORDAN ZITOUN AND ERIN ZITOUN** | § | **IN THE DISTRICT COURT** |
| *Plaintiffs,* | § | |
| | § | 191st |
| | § | |
| **v.** | § | |
| | § | |
| | § | _____ **JUDICIAL DISTRICT** |
| **ALLY BANK,** | § | |
| | § | |
| **And** | § | |
| | § | |
| **CENLAR FSB, as Loan Servier** | § | |
| *Defendants.* | § | |
| | § | |
| | § | |
| | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFFS' ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER AND FOR INJUNCTIVE RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, JORDAN ZITOUN and ERIN ZITOUN, Plaintiffs and Applicants herein, and files this their Original Petition, Application for Temporary Restraining Order and for Injunctive Relief complaining of ALLY BANK, and CENLAR FSB, Defendants, and in support of same would show the Court as follows:

### I.

### INTRODUCTION

1.     This is a case in which Defendants intend to foreclose on Plaintiffs' home despite complete lack of notice to the Plaintiffs and Plaintiffs' intentions and efforts to resume payments, secure financing and rehabilitate the property. Plaintiffs did not receive a notice of foreclosure or Notice of Maturity/Acceleration of Texas Recourse Loan, and the lender has ignored their attempts to negotiate a resolution and is attempting to foreclose instead.

Plaintiffs are willing to rehabilitate the currently unlivable property and have poured over $400,000 into correcting the faulty construction of the property. All while the lender continually refuses resolution efforts by the Plaintiffs and intends to foreclose on the property regardless. The Court must take action to stop this injustice.

## II.

## PARTIES

2.    Plaintiffs JORDAN ZITOUN and ERIN ZITOUN are individuals residing in Dallas, Dallas County, Texas.

3.    Defendant ALLY BANK, is a foreign limited liability company that may be served by serving its registered agent C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201  or wherever it may be found.

4.    Defendant Cenlar FSB is a foreign financial institution that may be served by serving its registered agent C T Corporation System, at 28 Liberty St., New York, New York 10005 or wherever it may be found.

## III.

## DISCOVERY CONTROL PLAN

6.    In accordance with TEX. R. CIV. P. 190.3 the Plaintiff designates this case as a level 2 case.

## IV.

### MONETARY RELIEF DESIGNATION

7.  In accordance with Tex. R. Civ. P 47(c)(2), the Plaintiffs hereby give notice that they seek monetary relief of over $200,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses pre-judgment interest, and attorney's fees and all such other and further relief to which Plaintiffs may show themselves to be justly entitled. The Plaintiffs further seek injunctive relief.

## V.

### JURISDICTION, VENUE AND CONDITIONS PRECEDENT

8.  Jurisdiction is proper in this court because the amount in controversy exceeds the jurisdictional minimum of this court and concerns the protection of property physically located within the State of Texas.

9.  Venue is properly maintainable in Dallas County, Texas, pursuant to 15.002(a)(1), TEXAS CIVIL PRACTICE & REMEDIES CODE.

10. All conditions precedent to the institution of this suit and Plaintiffs' recovery have been performed, satisfied or have occurred.

## VI.

### EVIDENCE IN SUPPORT OF PETITION AND APPLICATION

11. Plaintiffs attach the following in support of its Petition and Application for Injunctive Relief, which are incorporated herein by reference:

    a.  Exhibit A: Declaration of Jordan Zitoun;

    b.  Exhibit 1: Special Warranty Deed dated March 4, 2016;

  c.  Exhibit 2: Deed of Trust dated June 25, 2018;

<div align="center">

**VII.**

**BACKGROUND FACTS**

</div>

12.  On or about March 4, 2016, by Special Warranty Deed, Plaintiffs became the record owners

of the property located at 2808 Maple Springs Blvd. Dallas, TX 75235 (hereinafter the

"Property"). The Property is more particularly described as follows:

> BEING a tract of land situated in the C. Grigsby Survey, Abstract No. 532, in Dallas
> County, and a portion of Lots 1 through 4 in BlockB,2330 of OAKLAWN
> HEIGHTS ADDITION, an Addition to the City of Dallas, Texas, according to the Plat
> recorded in Volume 3, at Page 317 in the Map Records of Dallas County, Texas, and being more particularly described by metes and bounds as follows:
> BEGINNING at a 1/2 inch iron rod found in the Southerly right-of-way line of Maple
> Springs Drive (50' ROW), said iron pipe being in the Northerly line of said Lots 1 and
> 2, and said iron being the beginning of a curve to the left with a radius 1,823.25 feet, a chord bearing of North 65 degrees 40 minutes 03 seconds East, and a chord length of
> 214.92 feet;
> CONTINUING along the Southerly right-of-way of said Maple Springs Drive and along said curve to the left through a central angle of06 degrees 45 minutes 29 seconds
> for an arc length of 215.05 feet 1/2 inch iron rod with a red plastic cap stamped
> "W.A.I.";
> THENCE departing the Southerly right-of-way line of said Maple Springs Drive, South 25 degrees 21 minutes 16 seconds East, for a distance of 238.73 feet to a 1/2 iron rod with a red plastic cap stamped "W.A.I." set for corner;
> THENCE South 64 degrees 38 minutes 44 seconds West, for a distance of 152.46 feet to a 1/2 inch iron rod with a red plastic cap stamped "W.A.I." found for comer in the Easterly right-of-way of Denton Drive (50' ROW), said iron rod being the beginning of a non-tangent curve to the left having a radius of 446.03 feet, a chord bearing of North

> 29 degrees 24 minutes 59 seconds West, and a chord length of
> 211.97 feet; CONTINUING along the Easterly right-of-way of said
> Denton Drive and along said non-tangent curve to the left through
> a central angle of 27 degrees 13 minutes 47 seconds for an arc
> length of 211.97 feet to a 1/2 inch iron rod with a red plastic cap
> stamped "W.A.I." found for corner and the beginning of a curve to
> the right having a radius of 26.64 feet, a chord bearing of North 13
> degrees 00 minutes 23 seconds East, and a chord length of 44.19
> feet;
> CONTINUING along said curve to the right through a central
> angle of 112 degrees 04 minutes 31 seconds for an arc length of
> 52.11 feet to the POINT OF BEGINNING. CONTAINING within
> these metes and bounds 0.848 acres or 36919 square feet of land,
> more or less. Bearings herein are based upon the plat recorded
> Volume 3, Page 317, Map records of Dallas County, Texas.

A true and correct copy of the Special Warranty Deed is attached to hereto as Exhibit 1 and is incorporated herein by reference. *See also* Declaration of Jordan Zitoun ("Zitoun Declaration") attached hereto as Exhibit A and incorporated herein by reference, ¶ 3.

13.    In connection with the purchase of the property, Plaintiffs executed a Deed of Trust in which United Wholesale Mortgage LLC was named as the Lender and the Trustee was Black, Mann and Graham LLP. A true and correct copy of the Deed of Trust, June 25, 2018, is attached hereto as Exhibit 2 and is incorporated herein by reference. See ¶ 4, Zitoun Declaration. At some point thereafter, the note and Deed of Trust were assigned to ALLY BANK, with CENLAR FSB acting as the mortgage servicer. See ¶ 4, Zitoun Declaration.

14.    Between 2018 and 2022 the Property flooded over 50 times due to improper construction. This flooding caused extensive damage. See ¶ 5, Zitoun Declaration. The Plaintiffs contacted Ally Bank regarding the financial stress caused with no resolution from Ally Bank. See ¶ 5, Zitoun Declaration The Plaintiffs continued to pay for repairs of the poorly constructed home. By March 2020, the Plaintiffs had exhausted their financial resources and therefore discontinued payments on the Property. In June 2021 Plaintiffs JORDAN

ZITOUN and ERIN ZITOUN were forced to vacate the property due to unlivable conditions. See ¶ 8, Zitoun Declaration. The Plaintiffs found alternative living arrangements for $4,500 per month. In August 2021 the Plaintiffs submitted a homeowner's insurance claim in order to claim alternative living expenses and repair the property. Despite their claim, the Plaintiffs have not received any alternative living expenses for the last year they have been displaced. See ¶ 9, Zitoun Declaration. Additionally, the Plaintiffs have not received homeowners' insurance funds to make necessary repairs which are required for a bank to approve refinancing. With the property vacant and damaged, vagrants occupied and further damaged the Property. See ¶ 14-16, Zitoun Declaration. As the Plaintiffs are to make repairs without payment from homeowners' insurance, the Plaintiffs have been unable to secure refinancing necessary to cure the mortgage arrears. See ¶ 10, Zitoun Declaration.

15.     Plaintiffs have made numerous efforts to contact Defendants to discuss their economic circumstances and to negotiate a forbearance. The Plaintiffs continue discussions with their homeowner's insurance to repair and rehabilitate the property The Plaintiffs have applied for financing to cure the mortgage arrears. See ¶ 20, Zitoun Declaration. The plaintiffs intend to use the funds from financing to cure the delinquent amount. Despite these efforts, Defendants have failed, and refused and continue to fail, to communicate with Plaintiffs regarding any resolution to this issue. See ¶ 18, Zitoun Declaration. It is Plaintiffs' opinion that ALLY BANK and CENLAR FSB have refused to work with Plaintiffs because the vagrants have inhabited the home during the period it has been vacated by the Plaintiffs.

16.     Plaintiffs do not recall Defendant ALLY BANK or CENLAR FSB 80 ever sending Plaintiffs a Notice of Maturity/Acceleration of Texas Recourse Loan or Notice of

Substitute Trustee's Sale set for September 6, 2022. See also ¶ 15, Zitoun Declaration. Plaintiffs only discovered the foreclosure in late August 2022 upon calling the bank for an unrelated reason, Plaintiffs immediately requested forbearance to allow time for homeowners insurance to approve repairs needed to secure refinancing and cure the arrears. See ¶ 16, Zitoun Declaration. However, Defendant ALLY BANK refuses to engage in Plaintiffs' efforts to cure the alleged default. Because ALLY BANK and CENLAR FSB would not engage in efforts to resolve the arrearages, there was nothing Plaintiffs could do. See also ¶ 7, Zitoun Declaration.

17.  Plaintiffs intend to secure financing in order to cure the alleged default under the Deed of Trust. See ¶ 8, Zitoun Declaration. However, this process will take more time than Plaintiffs have been afforded given the pending September 6, 2022 trustee's sale. See ¶ 8, Zitoun Declaration. Plaintiffs have not taken these steps before because the Plaintiffs were unaware of the foreclosure proceedings. See ¶ 8, Zitoun Declaration.

18.  As of the filing of this Petition and Application, the foreclosure sale is still scheduled to occur on September 6, 2022 despite Plaintiffs' desire and ability to cure the default. See ¶ 9, Zitoun Declaration. There is no reason for the foreclosure sale to take place but for Plaintiff's lack of notice. See ¶ 9, Zitoun Declaration. Plaintiffs are ready, willing, and able to make the necessary payment to forego the foreclosure of the Property, and the Defendants refuse to come to the table. See ¶ 9, Zitoun Declaration.

19.  The loss of this property is irreplaceable. See ¶ 10, Zitoun Declaration. It is unique and cannot be replaced in any manner. See ¶ 10, Zitoun Declaration.

## VIII.

## PLAINTIFF'S CAUSES OF ACTION

## BREACH OF CONTRACT

20.    Plaintiffs file this their Original Petition and in support of same would show the Court as

follows:

21.    Plaintiff incorporates the preceding paragraphs of this Petition by reference herein.

22.    There is a valid promissory note secured by the Deed of Trust between Plaintiffs and

Defendant ALLY BANK. Plaintiffs have performed all of their contractual obligations by

tendering payment in order to cure any alleged default, and Defendants refuse to accept the

payment. Defendants instead threaten Plaintiffs with foreclosure and refuse to accept

Plaintiffs' payments in breach of their contractual obligations. As a result of the

Defendants' breach, the Plaintiffs have suffered injury in the form of actual damages within

the jurisdictional limits of this Court.

## WRONGFUL FORECLOSURE

23.    In conducting a foreclosure sale of the Property, Defendants  are in breach the Deed of

Trust with Plaintiffs.  Plaintiffs have tendered  performance under the terms of the Deed of

Trust, and Defendants refuse to accept further payments. Thus, any foreclosure sale is

wrongful and the resulting substitute trustee's deed should be canceled. Said breach of this

Deed of Trust resulted in damages to Plaintiff in excess of the minimum jurisdictional

limits of this Court.

### IX.

### APPLICATION FOR TEMPORARY RESTRAING ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION

24.    Plaintiffs hereby incorporate by reference all of the allegations previously contained in this

Petition as if fully set out herein.

25.    Plaintiffs rely upon the exhibits attached hereto and the Declaration of Jordan Zitoun in

support of Plaintiffs' Application For Temporary Restraining Order, Temporary Injunction and Permanent Injunctive Relief. Plaintiffs would show they are entitled to temporary restraining orders to be issued forthwith, for temporary injunctive relief upon notice and hearing, and for permanent injunctive relief at trial; that irreparable harm will be occasioned if not granted; that, while pursuant to TEXAS CIVIL PRACTICE AND REMEDIES CODE §65.011(e) Plaintiffs are not required to establish no adequate remedy, alternatively, Plaintiffs would further show that there is no adequate remedy at law; that damages are not readily calculable; and that the harm occasioned, if not remedied, is continuing into the future.

26.   **Imminent Harm and Irreparable Injury:** The Exhibits and Declarations attached hereto establish that Defendants have engaged in conduct that threaten Plaintiffs' interest in the Property identified hereinabove and, specifically, that Defendants intend to sell the Property identified herein on September 6, 2022 at the substitute trustee's sale. Said conduct, if not restrained, will result in the complete loss of Plaintiffs' Property.

27.   **No adequate remedy at law:** TEXAS CIVIL PRACTICE AND REMEDIES CODE §65.011(5) does not require an Applicant to prove there is no adequate remedy at law when irreparable injury to real and/or personal property is threatened. *Id.* Nevertheless, and in the alternative, Plaintiff would show that due to the fact that Defendants have posted the Property for substitute trustee's sale, said sale to occur on Tuesday, September 6, 2022, damages cannot be calculated as the dispossession will result in complete loss of Plaintiffs' interest in the Property.

28.   As a direct and proximate result of the harmful conduct of the Defendants, Plaintiffs request that the Court issue a temporary restraining order until further order of this Court; that upon

notice and hearing, that the temporary restraining order be made a temporary injunction during the pendency of this cause; and that upon trial hereof the temporary injunction be made a permanent injunction, without bond or cash deposit, unless otherwise required by this Court, in the following particulars:

a.    That Defendants, ALLY BANK and CENLAR FSB or any agent, employee, servant, officer, representative or assignee, be immediately restrained and enjoined from proceeding with the substitute trustee's sale/foreclosure sale of the Property located at 2808 Maple Springs Blvd. Dallas, Texas 75235currently scheduled for September 6, 2022; and

b.    That Defendants, ALLY BANK and CENLAR FSB or any agent, employee, servant, officer, representative or assignee, be immediately restrained and enjoined from posting any notice of substitute trustee's sale/foreclosure sale of the Property located at 2808 Maple Springs Blvd. Dallas, Texas 75235with any county clerk;

until further order of the Court.

29.    The temporary restraining orders, temporary injunction or permanent injunction sought herein shall not only be applied to the Defendants specifically named herein, but should be made an order of this Court as to any employee, agent, servant, officer or other representative of the Defendants herein, whether past or present, who attempts to act, either individually or in concert with any of the Defendants named herein, in violation of the orders herein, for reason that each individual cannot be identified. The Court should order that the delivery of a copy of this Order to any person, or their actual knowledge of the content of the Order without service, shall be actual or constructive notice to that person of

the orders of this Court and for which same shall be held responsible and accountable under the Court's powers of contempt.

## X.

### REQUEST FOR WAIVER OF BOND OR ALTERNATIVELY REQUEST FOR CASH DEPOSIT IN LIEU OF BOND

30.    Should the Court require bond or require a cash deposit, then Plaintiffs respectfully request that the Court allow for Cook Keith and Davis P.C. to submit a law firm check in the amount of bond or cash payment as may be paid into registry, by Order of the Court.

## XI.

### DAMAGES

31.    Plaintiffs incorporate the preceding paragraphs as if fully recited herein. As a direct and proximate result of all of the several acts or omissions, individually or taken in concert with one another, and as described hereinabove, Plaintiffs have suffered damages in an amount in excess of the minimum jurisdictional limits of the Court, and for which claim is made against Defendant.

## XII.

### ATTORNEY'S FEES

32.    Plaintiffs herein seek the collection and payment of attorney's fees as provided pursuant to Chapter 38.001 et. seq. of the Civil Practices & Remedies Code, the Texas Property Code, and as further allowed under any contractual terms of the parties. Plaintiffs would show that the attorney's fees incurred in the preparation and presentation of these matters for the preservation and protection of the property, for the adjudication of rights, for obtaining damages by reason of breach thereof, and for such other remedies as plead herein, were necessary and proper and that the attorney's fees incurred were for said purposes. Said

attorney's fees are reasonable, necessary, and proper in Dallas County, Texas. Plaintiffs

have obligated themselves for the payment of said reasonable attorney's fees which shall

be proved at the time of trial, and for which award is requested of the trier of fact on behalf

Plaintiffs and against Defendant.

## XIII.

## PRAYER

WHEREFORE, Plaintiffs pray that:

1.   Defendants be cited to appear and answer herein as required by law; and provided
with all notices as required by law;

2.   the Court issue an immediate Temporary Restraining Order, without notice to
Defendant, and that the Court further, upon notice and hearing as required by law,
make the temporary restraining orders into a temporary injunction during the
pendency of the trial of this cause, all without bond or cash payment required,
unless otherwise required by the Court, and in the following particulars:

a.    That Defendants, ALLY BANK and CENLAR FSB, or any agent,
employee, servant, officer, representative or assignee, be immediately
restrained and enjoined from proceeding with the substitute trustee's
sale/foreclosure sale of the Property located at 2808 Maple Springs Blvd.
Dallas, Texas 75235 currently scheduled for September 6, 2022; and

b.    That Defendants, ALLY BANK and CENLAR FSB, or any agent,
employee, servant, officer, representative or assignee, be immediately
restrained and enjoined from posting any notice of substitute trustee's
sale/foreclosure sale of the Property located at 2808 Maple Springs Blvd.

Dallas, Texas 75235with any county clerk

until further order of the Court.

3. The Court order a cash deposit be paid in lieu of bond in the Courts' registry and the Court further allow Cook Keith and Davis P.C.to submit this cash bond via check drawn on the operating account of said firm.

4. Damages against Defendants as pled for herein;

5. Reasonable and necessary attorney's fees;

6. Pre-judgment interest;

7. Post-judgment interest; and

8. Such other and further relief to which the Plaintiffs show themselves to be justly entitled, including, but not limited to, all damages within the jurisdictional limits of this Court.

Respectfully submitted,

DARRELL W. COOK & ASSOCIATES,
A PROFESSIONAL CORPORATION


/s/Darrell W. Cook
_____
DARRELL W. COOK
State Bar No. 00787279
dwcook@ cookkeithdavis.com
STEPHEN W. DAVIS
State Bar No. 24066792
stephen@ cookkeithdavis.com
RACHEL E. EDWARDS
State Bar No. 24101722
rachel@cookkeithdavis.com
6688 North Central Expressway, Suite 1000
Dallas, Texas 75206
(214) 368-4686
(214) 593-5713 – Fax

**ATTORNEYS FOR PLAINTIFFS**


<u>**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 1.06**</u>

Counsel for Plaintiff hereby certifies that to the best of his knowledge, the case in which

the application is presented is not subject to transfer under Local Rule 1.06.


/s/Rachel E. Edwards
_____
RACHEL E. EDWARDS

## CERTIFICATE OF ATTORNEY NOTICE

Pursuant to Dallas County Local Rule 2.02, I certify that I contacted Israel Saucedo, attorney for Defendants, regarding the ex parte application for temporary restraining order and he stated that he wanted to appear by telephone when the court determines this Application. Mr. Saucedo can be contacted as follows:

> Israel Saucedo
> BARRETT DAFFIN FRAPPIER TURNER & ENGEL LLP
> 4004 Belt Line Road Suite 100
> Addison, Texas 75001

/s/Rachel Edwards
_____
RACHEL E. EDWARDS

# EXHIBIT A

CAUSE NO. _____

| | | |
|---|---|---|
| JORDAN ZITOUN AND ERIN ZITOUN | § | IN THE DISTRICT COURT |
| *Plaintiffs*, | § | |
| | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| ALLY BANK, | § | |
| | § | |
| And | § | |
| | § | |
| CENLAR FSB as Loan Servicer | § | |
| | § | |
| | § | |
| | § | |
| | § | DALLAS COUNTY, TEXAS |

## DECLARATION OF JORDAN ZITOUN IN SUPPORT OF PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

1.  "My name is Jordan Zitoun. I am a Plaintiff in this matter. I am over twenty-one (21) years of age and am of sound mind, capable of making this declaration, and have personal knowledge of the facts herein based on my personal involvement in these matters.

2.  "Along with my wife, Erin Zitoun, I am the record owner of, and am familiar with, the Property located at 2808 Maple Springs Blvd. Dallas, TX 75235 ("Property").

3.  "On or about March 6, 2016, by Special Warranty Deed, my wife and I became the record owners of the Property. The Property is more particularly described as follows:

    BEING a tract of land situated in the C. Grigsby Survey, Abstract No. 532, in Dallas
    County, and a portion of Lots 1 through 4 in BlockB,2330 of OAKLAWN
    HEIGHTS ADDITION, an Addition to the City of Dallas, Texas, according to the Plat
    recorded in Volume 3, at Page 317 in the Map Records of Dallas County, Texas,
    and being more particularly described by metes and bounds as follows:

BEGINNING at a 1/2 inch iron rod found in the Southerly right-of-way line of Maple
Springs Drive (50' ROW), said iron pipe being in the Northerly line of said Lots 1 and
2, and said iron being the beginning of a curve to the left with a radius 1,823.25 feet, a chord bearing of North 65 degrees 40 minutes 03 seconds East, and a chord length of
214.92 feet;
CONTINUING along the Southerly right-of-way of said Maple Springs Drive and along said curve to the left through a central angle of 06 degrees 45 minutes 29 seconds
for an arc length of 215.05 feet 1/2 inch iron rod with a red plastic cap stamped "W.A.I.";
THENCE departing the Southerly right-of-way line of said Maple Springs Drive, South 25 degrees 21 minutes 16 seconds East, for a distance of 238.73 feet to a 1/2 iron rod with a red plastic cap stamped "W.A.I." set for corner;
THENCE South 64 degrees 38 minutes 44 seconds West, for a distance of 152.46 feet to a 1/2 inch iron rod with a red plastic cap stamped "W.A.I." found for comer in the Easterly right-of-way of Denton Drive (50' ROW), said iron rod being the beginning of a non-tangent curve to the left having a radius of 446.03 feet, a chord bearing of North
29 degrees 24 minutes 59 seconds West, and a chord length of 211.97 feet;
CONTINUING along the Easterly right-of-way of said Denton Drive and along said non-tangent curve to the left through a central angle of 27 degrees 13 minutes 47 seconds for an arc length of 211.97 feet to a 1/2 inch iron rod with a red plastic cap stamped "W.A.I." found for comer and the beginning of a curve to the right having a radius of 26.64 feet, a chord bearing of North 13 degrees 00 minutes 23 seconds East, and a chord length of 44.19 feet;
CONTINUING along said curve to the right through a central angle of 112 degrees 04 minutes 31 seconds for an arc length of 52.11 feet to the POINT OF BEGINNING. CONTAINING within these metes and bounds 0.848 acres or 36919 square feet of land, more or less. Bearings herein are based upon the plat recorded Volume 3, Page 317, Map records of Dallas County, Texas.

A true and correct copy of the Special Warranty Deed is attached to Plaintiffs' Original

Petition as Exhibit 1.

4.      "In connection with the purchase of the Property, my wife and I executed a Deed of Trust

in which United Wholesale Mortgage LLC was named as the Lender and the Trustee was

Black, Mann and Graham LLP. A true and correct copy of the Deed of Trust, executed

June 25, 2018, is attached to Plaintiffs' Original Petition as Exhibit 2. At some point

---

thereafter, the note and Deed of Trust were assigned to ALLY BANK with CENLAR FSB acting as the mortgage servicer.

5.     "In 2018, I moved into the recently constructed Property. Almost immediately, the Property began to show signs that it was improperly constructed on the land, flooding severely with any rain. The Property flooded over 50 times.

6.     "I contacted Ally Bank in an attempt to inform them of the financial distress the constant flooding was causing. I used financing out of the construction loan with Ally Bank to pay for repair of the faulty construction.

7.     "I spent close to $500,000 to attempt to build the home properly.

8.     "In June 2021 the damage to the Property became too extensive for me to remain there, my family and I moved out of the Property and into temporary housing costing $4,500 per month.

9.     "In August 2021, I made a homeowners insurance claim, claiming the repairs and requesting alternative living expenses. This claim is still under review and to this date I have not received any payment from the homeowners insurance policy.

10.     "While the Property was unoccupied, vagrants began entering and damaging the home.

11.     "I could no longer afford to make monthly payments on the Property, so I discontinued payment. I began to fall behind on amounts due under the note secured by the Property. My wife and I have been making efforts to cure the alleged arrearage ever since.

12.     "Specifically, my wife and I have made numerous efforts to contact Defendants to discuss our circumstances and to negotiate a modification. Defendants have failed and refused and continue to fail to work with us.

13.    "I realized that our only option to cure the arrears was to refinance our loan. Due to the damage to the Property, we could not qualify for a home refinance.

14.    "Without payment from the homeowners insurance I am unable to complete necessary repairs to qualify for refinancing.

15.    "I do not recall receiving a Notice of Maturity/Acceleration of Texas Recourse Loan, enclosing a Notice of Substitute Trustee's Sale set for September 6, 2022.

16.    "I discovered the foreclosure in late August 2022 upon calling the bank for an unrelated reason, I immediately requested forbearance to allow time for homeowners insurance to approve repairs needed to secure refinancing and cure the arrears.

17.    "Upon making repairs to the Property I intend to refinance my loan and use the funds to cure the alleged default under the Deed of Trust. However, this process will take more time than my wife and I have been afforded given the pending September 6, 2022 trustee's sale.

18.    "As of the filing of this Petition and Application, the foreclosure sale is still scheduled to occur on September 6, 2022 despite our desire and ability to cure the default. There is no reason for the foreclosure sale to take place but for Defendants' lack of cooperation. My wife and I are ready, willing, and able to make the necessary payment to forego the foreclosure of the Property provided we are able to make the necessary repairs and refinance, and the Defendants refuse to permit the necessary time.

19.    "The loss of this Property is irreplaceable.  It is unique and cannot be replaced in any manner.

19.    "I have reviewed Plaintiffs' Original Petition and Application for Temporary Restraining

        Order and the facts attributed to me are true and correct and are based on personal

        knowledge.

20.    "I have applied for financing in order to secure funds to cure the arrears."

My name is Jordan Zitoun. My date of birth is _____, and my address is 2808 Maple Springs Blvd. Dallas, TX 75235, United States. I declare under penalty of perjury that the foregoing statements are true and correct

BY: _____
**JORDAN ZITOUN, Declarant**

Executed by JORDAN ZITOUN in Dallas County, State of Texas, on the _____ day of September, 2022.

# EXHIBIT 1





201600185704
DEED   1/4

07/11/2016   12 44 12 PM

# SPECIAL WARRANTY DEED

NOTICE OF CONFIDENTIALITY RIGHTS  IF YOU ARE A NATURAL PERSON, YOU
MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION
FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY
BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS  YOUR SOCIAL
SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

STATE OF TEXAS               §

COUNTY OF **DALLAS**                §       KNOW ALL MEN BY THESE PRESENTS

**THAT THE UNDERSIGNED, US BANK NATIONAL ASSOCIATION, AS TRUSTEE
FOR WACHOVIA MORTGAGE LOAN TRUST, ASSET-BACKED CERTIFICATES,
SERIES 2006-ALT1, WHO ACQUIRED TITLE AS U.S. BANK NATIONAL
ASSOCIATION, AS TRUSTEE FOR WACHOVIA MORTGAGE LOAN TRUST, 2006-
ALT1,** hereinafter called "GRANTOR," for valuable consideration and in hand paid by the
Grantee, herein named, the receipt and sufficiency of which are hereby acknowledged, has
GRANTED, SOLD AND CONVEYED, and by these presents does GRANT, SELL AND
CONVEY unto **Jordan Zitoun and Erin Zitoun, a married couple, community property
with right of survivorship,** whose address is **7434 Coronado, Dallas, TX 75214,** hereinafter
called "GRANTEE(S)", the real property described as follows, to wit·

**BEING a tract of land situated in the C. Grigsby Survey, Abstract No. 532, in Dallas
County, and a portion of Lots 1 through 4 in Block B, 2330 of OAK LAWN
HEIGHTS ADDITION, an Addition to the City of Dallas, Texas, according to the Plat
recorded in Volume 3, at Page 317 in the Map Records of Dallas County, Texas, and
being more particularly described by metes and bounds as follows:
BEGINNING at a 1/2 inch iron rod found in the Southerly right-of-way line of Maple
Springs Drive (50' ROW), said iron pipe being in the Northerly line of said Lots 1 and
2, and said iron being the beginning of a curve to the left with a radius 1,823.25 feet, a
chord bearing of North 65 degrees 40 minutes 03 seconds East, and a chord length of
214.92 feet;
CONTINUING along the Southerly right-of-way of said Maple Springs Drive and
along said curve to the left through a central angle of 06 degrees 45 minutes 29 seconds**

220-TX-V1

for an arc length of 215.05 feet 1/2 inch iron rod with a red plastic cap stamped
"W.A.I.";
THENCE departing the Southerly right-of-way line of said Maple Springs Drive,
South 25 degrees 21 minutes 16 seconds East, for a distance of 238.73 feet to a 1/2 iron
rod with a red plastic cap stamped "W.A.I." set for corner;
THENCE South 64 degrees 38 minutes 44 seconds West, for a distance of 152.46 feet
to a 1/2 inch iron rod with a red plastic cap stamped "W.A.I." found for corner in the
Easterly right-of-way of Denton Drive (50' ROW), said iron rod being the beginning of
a non-tangent curve to the left having a radius of 446.03 feet, a chord bearing of North
29 degrees 24 minutes 59 seconds West, and a chord length of 211.97 feet;
CONTINUING along the Easterly right-of-way of said Denton Drive and along said
non-tangent curve to the left through a central angle of 27 degrees 13 minutes 47
seconds for an arc length of 211.97 feet to a 1/2 inch iron rod with a red plastic cap
stamped "W.A.I." found for corner and the beginning of a curve to the right having a
radius of 26.64 feet, a chord bearing of North 13 degrees 00 minutes 23 seconds East,
and a chord length of 44.19 feet;
CONTINUING along said curve to the right through a central angle of 112 degrees 04
minutes 31 seconds for an arc length of 52.11 feet to the POINT OF BEGINNING.
CONTAINING within these metes and bounds 0.848 acres or 36919 square feet of
land, more or less. Bearings herein are based upon the plat recorded Volume 3, Page
317, Map records of Dallas County, Texas.

Commonly known as **2808 Maple Springs Blvd., Dallas, TX 75235**

**TO HAVE AND TO HOLD**, the above described premises, together with all the singular rights
and appurtenances thereunto in anywise belonging, unto the said Grantee, Grantee's heirs,
executors, administrators, successors and/or assigns forever, and Grantor does hereby bind
Grantor, Grantors' heirs, executors, administrators, successors and/or assigns to
**WARRANT AND FOREVER DEFEND** all and singular the said premises unto the said
Grantee, Grantee's heirs, executors, administrators, successors and/or assigns against every
person whomsoever claiming or to claim the same or any part thereof, by, through, or under
Grantor, but not otherwise

220-TX-V1

Executed on **4 day of March, 2016**

**US BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR WACHOVIA
MORTGAGE LOAN TRUST, ASSET-
BACKED CERTIFICATES, SERIES
2006-ALT1, WHO ACQUIRED TITLE
AS U.S. BANK NATIONAL
ASSOCIATION, AS TRUSTEE FOR
WACHOVIA MORTGAGE LOAN
TRUST, 2006-ALT1, by Wells Fargo
Bank, N.A., who has been appointed as
Attorney-in-Fact**

_Chad M. Kuhl_          3/4/16

Chad M. Kuhl
Vice President Loan Documentation

State of Iowa

County Dallas

On this **4 day of March**, A D , **2016**, before  me, a Notary Public in and for said county, personally appeared _____*Chad  M. Kuhl*_____ , to me personally known, who being by me duly sworn (or affirmed) did say that that person is _____*VP/D*_____ (title) of said **Wells Fargo Bank, N.A.** as attorney in fact for **US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR WACHOVIA MORTGAGE LOAN TRUST, ASSET-BACKED CERTIFICATES, SERIES 2006-ALT1, WHO ACQUIRED TITLE AS U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR WACHOVIA MORTGAGE LOAN TRUST, 2006-ALT1**, by authority of its board of (directors or trustees) and the said (officer's name) _____*Chad  u  Kuhl*_____ acknowledged the execution of said instrument to be the voluntary act and deed of said (corporation or association) by it voluntarily executed

_____ (Signature)

Notary Public

DARIAN WILLIAMS
Commission Number 792366
My Commission Expires
October 01, 2018

This instrument prepared by
Jay A  Rosenberg, Esq , Texas Bar Number 24094479, Rosenberg LPA, Attorneys At Law, 3805 Edwards Road, Suite 550, Cincinnati, Ohio 45209 (513) 247-9605 Fax  (866) 611-0170

220-TX-V1

Filed and Recorded
Official Public Records
John F Warren, County Clerk
Dallas County, TEXAS
07/11/2016 12 44 12 PM
$34 00



201600185704

# EXHIBIT 2

**ELECTRONICALLY RECORDED  201800182648**
**07/10/2018 12:44:12 PM DT  1/21**

Prepared By:

BLACK, MANN & GRAHAM, L.L.P.
2905 CORPORATE CIRCLE
FLOWER MOUND, TX 75028

After Recording Mail To:
UNITED SHORE FINANCIAL SERVICES, LLC
585 SOUTH BOULEVARD E
PONTIAC, MI 48341

Alamo Title Company

GF# 600040180020254



ATTN: POST CLOSING MANAGER

[Space Above This Line For Recording Data]

## DEED OF TRUST

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated JUNE 25, 2018, together with all Riders to this document.
(B) "Borrower" is JORDAN ZITOUN AND ERIN ZITOUN, HUSBAND AND WIFE. Borrower is the grantor under this Security Instrument.
(C) "Lender" is UNITED WHOLESALE MORTGAGE. Lender is a LLC organized and existing under the

TEXAS-Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
⟲ 332.42                                     Page 1 of 18                                     Form 3044 1/01 (rev. 10/17)

laws of MI. Lender's address is 585 SOUTH BOULEVARD E, PONTIAC, MI 48341. Lender includes any holder of the Note who is entitled to receive payments under the Note.

(D) "Trustee" is BLACK, MANN AND GRAHAM, L.L.P.. Trustee's address is 2905 CORPORATE CIRCLE, FLOWER MOUND, TX 75028.

(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(F) "Note" means the promissory note signed by Borrower and dated JUNE 25, 2018. The Note states that Borrower owes Lender SIX HUNDRED THOUSAND AND 00/100 Dollars (U.S. $600,000.00) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than JULY 1, 2048.

(G) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(I) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider    ☐ Condominium Rider    ☐ Second Home Rider
☐ Balloon Rider    ☐ Planned Unit Development Rider    ☐ Biweekly Payment Rider
☐ 1-4 Family Rider    ☒ Other(s) [specify] TX REN&EXT RIDER

(J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(M) "Escrow Items" means those items that are described in Section 3.

(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on,

TEXAS-Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
352.42    Page 2 of 18    Form 3044 1/01 (rev. 10/17)

the Loan.

**(P) "Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

**(Q) "RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (12 C.F.R. Part 1024), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(R) "Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the COUNTY of DALLAS:
SEE ATTACHED
which currently has the address of 2808 MAPLE SPRINGS BLVD, DALLAS, Texas 75235 ("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

TEXAS-Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
⬡ 352.42                                        Page 3 of 18                                        Form 3044 1/01 (rev. 10/17)

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for:

TEXAS--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
352.42                                    Page 4 of 18                                    Form 3044 1/01 (rev. 10/17)

(a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall

TEXAS-Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
352.42                     Page 5 of 18                     Form 3044 1/01 (rev. 10/17)

notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at

the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. Occupancy. Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. Preservation, Maintenance and Protection of the Property; Inspections. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property.

TEXAS–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
352.42
Page 7 of 18
Form 3044 1/01 (rev. 10/17)

Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. Borrower shall not surrender the leasehold estate and interests herein conveyed or terminate or cancel

the ground lease. Borrower shall not, without the express written consent of Lender, alter or amend the ground lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount

TEXAS–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
352.42                                    Page 9 of 18                                    Form 3044 1/01 (rev. 10/17)

Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that

TEXAS–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
  352.42                Page 10 of 18                        Form 3044 1/01 (rev. 10/17)

owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, and property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge

fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or

TEXAS--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
352.42                                    Page 12 of 18                                    Form 3044 1/01 (rev. 10/17)

escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21. **Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the

date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence. For the purposes of this Section 22, the term "Lender" includes any holder of the Note who is entitled to receive payments under the Note.

If Lender invokes the power of sale, Lender, its designee, or Trustee shall give notice of the date, time, place and terms of sale by posting and filing the notice as provided by Applicable Law. Lender or its designee shall mail a copy of the notice to Borrower in the manner prescribed by Applicable Law. Sale shall be public, occurring between the hours of 10 a.m. and 4 p.m. on a date and at a location permitted by Applicable Law. The time of sale must begin at the time stated in the notice of sale or not later than three hours after the stated time. Borrower authorizes Trustee to sell the Property to the highest bidder for cash in one or more parcels and in any order Trustee determines. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying indefeasible title to the Property with covenants of general warranty from Borrower. Borrower covenants and agrees to defend generally the purchaser's title to the Property against all claims and demands. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Property is sold pursuant to this Section 22, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

23. Release. Upon payment of all sums secured by this Security Instrument, Lender shall provide a release of this Security Instrument to Borrower or Borrower's designated agent in accordance with Applicable Law. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. Substitute Trustee; Trustee Liability. All rights, remedies and duties of Trustee under this Security Instrument may be exercised or performed by one or more trustees acting alone or together. Lender, at its option and with or without cause, may from time to time, by power of attorney or otherwise, remove or substitute any trustee, add one or more trustees, or appoint a successor trustee to any Trustee without the necessity of any formality other than a designation by Lender in writing. Without any further act or conveyance of the Property the substitute, additional or successor trustee shall become vested with the title,

TEXAS--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
35242                                   Page 15 of 18                              Form 3044 1/01 (rev. 10/17)

rights, remedies, powers and duties conferred upon Trustee herein and by Applicable Law.

Trustee shall not be liable if acting upon any notice, request, consent, demand, statement or other document believed by Trustee to be correct. Trustee shall not be liable for any act or omission unless such act or omission is willful.

**25. Subrogation.** Any of the proceeds of the Note used to take up outstanding liens against all or any part of the Property have been advanced by Lender at Borrower's request and upon Borrower's representation that such amounts are due and are secured by valid liens against the Property. Lender shall be subrogated to any and all rights, superior titles, liens and equities owned or claimed by any owner or holder of any outstanding liens and debts, regardless of whether said liens or debts are acquired by Lender by assignment or are released by the holder thereof upon payment.

**26. Partial Invalidity.** In the event any portion of the sums intended to be secured by this Security Instrument cannot be lawfully secured hereby, payments in reduction of such sums shall be applied first to those portions not secured hereby.

**27. Purchase Money; Owelty of Partition; Renewal and Extension of Liens Against Homestead Property; Acknowledgment of Cash Advanced Against Non-Homestead Property.**

Check box as applicable:

☐ **Purchase Money.**

The funds advanced to Borrower under the Note were used to pay all or part of the purchase price of the Property. The Note also is primarily secured by the vendor's lien retained in the deed of even date with this Security Instrument conveying the Property to Borrower, which vendor's lien has been assigned to Lender, this Security Instrument being additional security for such vendor's lien.

☐ **Owelty of Partition.**

The Note represents funds advanced by Lender at the special instance and request of Borrower for the purpose of acquiring the entire fee simple title to the Property and the existence of an owelty of partition imposed against the entirety of the Property by a court order or by a written agreement of the parties to the partition to secure the payment of the Note is expressly acknowledged, confessed and granted.

☒ **Renewal and Extension of Liens Against Homestead Property.**

The Note is in renewal and extension, but not in extinguishment, of the indebtedness described on the attached Renewal and Extension Exhibit which is incorporated by reference. Lender is expressly subrogated to all rights, liens and remedies securing the original holder of a note evidencing Borrower's indebtedness and the original liens securing the indebtedness are renewed and extended to the date of maturity of the Note in renewal and extension of the indebtedness.

☐ **Acknowledgment of Cash Advanced Against Non-Homestead Property.**

The Note represents funds advanced to Borrower on this day at Borrower's request and Borrower acknowledges receipt of such funds. Borrower states that Borrower does not now and does not intend ever to reside on, use in any manner, or claim the Property secured by this Security Instrument as a business or residential homestead. Borrower disclaims all homestead rights, interests and exemptions related to the Property.

**28. Loan Not a Home Equity Loan.** The Loan evidenced by the Note is not an extension of

TEXAS-Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
35242                                         Page 16 of 18                              Form 3044 1/01 (rev. 10/17)

credit as defined by Section 50(a)(6) or Section 50(a)(7), Article XVI, of the Texas Constitution. If the Property is used as Borrower's residence, then Borrower agrees that Borrower will receive no cash from the Loan evidenced by the Note and that any advances not necessary to purchase the Property, extinguish an owelty lien, complete construction, or renew and extend a prior lien against the Property, will be used to reduce the balance evidenced by the Note or such Loan will be modified to evidence the correct Loan balance, at Lender's option. Borrower agrees to execute any documentation necessary to comply with this Section 28.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

— BORROWER — JORDAN ZITOUN — DATE —

ERIN ZITOUN — DATE —

[Space Below This Line For Acknowledgment]

STATE OF ___TEXAS___

COUNTY OF DALLAS

This instrument was acknowledged before me on __6/25/18__ by JORDAN ZITOUN AND ERIN ZITOUN, HUSBAND AND WIFE.

Notary Public

My Commission Expires: _____

CODY DOMINO
Notary Public, State of Texas
Comm. Expires 05-26-2022
Notary ID 11239643

TEXAS-Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
352.42                           Page 17 of 18                    Form 3044 1/01 (rev. 10/17)

Individual Loan Originator: ROBERT EUGENE MCKINNEY, NMLSR ID: NMLS # 298169
Loan Originator Organization: TURBO LOANS, NMLSR ID: NMLS # 1430221
. . . . .
Loan Originator Organization (Creditor): UNITED WHOLESALE MORTGAGE, NMLSR ID: NMLS # 3038

TEXAS–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
352.42                                     Page 18 of 18                           Form 3044 1/01 (rev. 10/17)

GF#: ATD-40-6000401800254

## EXHIBIT A

Being a lot, tract or parcel of land situated in the C. Grigsby Survey, Abstract No. 532, in Dallas County, Texas, and being Lot 3 and a portion of Lot 4, Block B/2330, of Oak Lawn Heights Addition, an addition to the City of Dallas, Dallas County, Texas, according to the plat thereof, recorded in Volume 3, Page 317, Map Records, Dallas County, Texas, same being that tract of land conveyed to Jordan Zitoun and Erin Zitoun, a married couple, by deed recorded in Instrument No. 201600185704, Official Public Records of Dallas County, Texas, and being more particularly described by metes and bounds as follows:

BEGINNING at a 1 inch pipe found for corner, said corner being on the Southeast line of Maple Springs Boulevard (50 foot right-of-way), and being the West corner of that tract of land conveyed to James D. Norcross and Charles Krueger Norcross, by deed recorded in Instrument No. 201600080421, Official Public Records of Dallas County, Texas, from which a 1/2 inch iron pipe found online bears at a distance of 1.04 feet for reference;

THENCE South 25 degrees 21 minutes 16 seconds East, along the Southwest line of said Norcross tract, a distance of 232.13 feet to a 1/2 inch iron rod found for corner, said corner being on the West line of said Norcross tract, and being the North corner of that tract of land conveyed to Ahmed Badejo, by deed recorded in Instrument No. 201600255570, Official Public Records of Dallas County Texas;

THENCE South 63 degrees 09 minutes 00 seconds West, along the Northwest line of said Badejo tract, a distance of 75.00 feet to a 1/2 inch iron rod set for corner with a yellow plastic cap stamped "CBG Surveying", said corner being on the Northwest line of said BadeJo tract;

THENCE North 25 degrees 21 minutes 16 seconds West, across said Zitoun tract, a distance of 237.03 feet to a point for corner, said corner being on the Southeast of said Maple Springs Boulevard, from which a 1 inch iron pipe found online bears South 36 degrees 41 minutes 02 seconds West, at a distance of 1.06 feet for witness, and from which a 1/2 inch iron pipe found online bears at a distance of 1.04 feet for reference, and being the beginning of a non-tangent curve to the left, with a radius of 1823.26 feet, a delta angle of 02 degrees 21 minutes 29 seconds, a chord bearing of North 66 degrees 53 minutes 23 seconds East, and a chord length of 75.03 feet;

THENCE along said curve to the left, along the Southeast line of said Maple Springs Boulevard, an arc length of 75.04 feet to the POINT OF BEGINNING and containing 17568.21 square feet or 0.40 acres of land.

NOTE:  COMPANY DOES NOT REPRESENT THAT THE ABOVE ACREAGE AND/OR SQUARE FOOTAGE CALCULATIONS ARE CORRECT.

EXHIBIT A -- LEGAL DESCRIPTION
TXFNFESC_ExhibitA-LegalDescription (11-07)



# RENEWAL AND EXTENSION RIDER

### DATED: JUNE 25, 2018

Loan No:

FOR THE BENEFIT OF: UNITED WHOLESALE MORTGAGE

This Renewal and Extension Rider is incorporated into and shall amend and supplement the Security Instrument of even date herewith. The Note is in renewal and extension, but not in extinguishment, of the indebtedness, whether one or more, described as follows:

Original Note to : PROSPERITY BANK, A TEXAS BANKING ASSOCIATION
Amount: $640,000.00 on April 5, 2016
Recorded in FILE NO. 201700163471 in DALLAS County, Texas
EXECUTED BY: JORDAN O ZITOUN AND ERIN L ZITOUN

Lender is expressly subrogated to all rights, liens, equities and remedies securing the original holder(s) of the above debt(s) and the original lien(s) securing the same are renewed and extended to the date of maturity of the Note secured by the Security Instrument in renewal and extension of the indebtedness. Borrower acknowledges that the lien(s) securing the prior debt(s) is valid, that the lien(s) subsists against the Property, and that by this instrument it is renewed and extended in full force until the Note is paid, even though the original lien(s) is released and not assigned to Lender.

This renewal and extension is not a refinance of a debt any portion of which is an extension of credit as defined by Section 50(a)(6) or Section 50(a)(7), Article XVI, of the Texas Constitution.

In addition to the refinance of principal and any interest, if Lender is advancing all or a portion of the costs necessary to refinance debt on the Property, Borrower acknowledges that these costs are reasonable and necessary costs to refinance such debt.

_____  6-25-18      _____  6/25/18
JORDAN ZITOUN                    Date         ERIN ZITOUN                      Date

_____               _____
                                 Date                                          Date

Renewal and Extension Rider (Texas) RENEXT                    Page 1 of 1

**Filed and Recorded**
**Official Public Records**
**John F. Warren, County Clerk**
**Dallas County, TEXAS**
**07/10/2018 12:44:12 PM**
**$106.00**
**201800182648**



DC-22-11200

CAUSE NO. _____

| | | |
|---|---|---|
| **JORDAN ZITOUN AND ERIN ZITOUN** | § | **IN THE DISTRICT COURT** |
|    *Plaintiffs,* | § | |
| | § | |
| | § | 191st |
| **v.** | § | |
| | § | |
| | § | **_____ JUDICIAL DISTRICT** |
| **ALLY BANK,** | § | |
| | § | |
| **And** | § | |
| | § | |
| **CENLAR FSB, as Loan Servier** | § | |
|    *Defendants.* | § | |
| | § | |
| | § | |
| | § | **DALLAS COUNTY, TEXAS** |

## ORDER FOR ISSUANCE OF TEMPORARY RESTRAINING ORDER
## AND ORDER SETTING HEARING DATE

JORDAN ZITOUN and ERIN ZITOUN, Plaintiffs in this cause have filed an Application for Temporary Restraining Order, for Temporary Injunctive Relief and for Permanent Injunctive Relief, supported by Affidavits/Declarations and evidence attached to the Application, in connection therewith, and has presented a request for Temporary Restraining Order as set forth in the Application. It clearly appears from the facts set forth in its Application and Exhibits that unless ALLY BANK, and CENLAR FSB, Defendants are immediately restrained in the following ways:

      a.      That Defendants, ALLY BANK, and CENLAR FSB, or any agent, employee, servant, officer, representative or assignee, be immediately restrained and enjoined from proceeding with the substitute trustee's sale/foreclosure sale of the Property located at 2808 Maple Springs Blvd. Dallas, TX 75235 currently scheduled for September 6, 2022; and

b.    That Defendants, ALLY BANK, and CENLAR FSB, or any agent, employee, servant, officer, representative or assignee, be immediately restrained and enjoined from posting any notice of substitute trustee's sale/foreclosure sale of the Property located at 2808 Maple Springs Blvd. Dallas, Texas 75235 with any county clerk until further order of the Court.

Plaintiffs will suffer irreparable injury because the actions of Defendants will cause immediate and irreparable harm to Plaintiffs right to recover relief in this cause. It is apparent that Defendants cannot respond in damages and that Plaintiffs' harm cannot easily be reduced to monetary damages.

It is therefore, Ordered, that Defendants are immediately restrained in the following ways:

a.    That Defendants, ALLY BANK, and CENLAR FSB, or any agent, employee, servant, officer, representative or assignee, be immediately restrained and enjoined from proceeding with the substitute trustee's sale/foreclosure sale of the Property located at 2808 Maple Springs Blvd. Dallas, Texas 75235 currently scheduled for September 6, 2022; and

b.    That Defendants, ALLY BANK, and CENLAR FSB, or any agent, employee, servant, officer, representative or assignee, be immediately restrained and enjoined from posting any notice of substitute trustee's sale/foreclosure sale of the Property located at 2808 Maple Springs Blvd. Dallas, Texas 75235 with any county clerk

by order of this Court.

Service of a copy of this Order on any other individual, whether or not named in this Order, but being acting directly or indirectly in concert with the above-named ALLY BANK, and CENLAR FSB, Defendants, shall be treated the same as if having received a notice and restraint

from the Court and held subject to the jurisdiction of this Court by reason or violation of any provision herein. This notice may be served upon the party either by a copy of this Order, but the party so affected by this restraint may be held responsible if it is determined that the respective party against whom liability is sought is determined to have had actual notice of the contents of this Order, whether or not actually served.

The Clerk of the above-numbered Court shall forthwith, on the filing by the Plaintiffs of the deposit in lieu of bond, if hereinafter required, and on approving the same according to the law, issue a temporary restraining order in conformity with the law and the terms of this Order.

This Order shall not be effective unless and until the Plaintiffs deposit into the registry of this Court and files with the Clerk the sum of _____. It is further ordered that this cash in deposit in lieu of bond may be made by Plaintiffs by check drawn upon the operating account of Cook Keith and Davis, A Professional Corporation.

It is further ORDERED that Plaintiff's Application for Temporary Injunction, as contained in such pleading, be heard before this Court at _____ o'clock, ____.m. on the _____ day of _____, 2022, in the Courtroom of the _____ Judicial District Court, Dallas County, Texas.

It is further ORDERED that the Clerk of this Court issue notice for service on ALLY BANK, and CENLAR FSB, Defendants, notifying them of the time and place of the hearing above described, and commanding them to appear and show cause why the temporary injunction prayed for in the Plaintiffs' Application should not be granted.

Signed this _____ day of _____ 2022 at _____ o'clock, _____.m.


_____
JUDGE PRESIDING

FILED
9/1/2022 5:34 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Christi Underwood DEPUTY

# COOK KEITH & DAVIS

**ATTORNEYS AND COUNSELORS**

Darrell W. Cook
Carl David Davis
Stephen W. Davis
Douglas L. Bynum
Jose R. Espinosa
Ethan M. Herrema
Matthew T. Jinkins
Melissa J. Parker

**2 CITS, TRO, & NOT-ESERVE**

September 1, 2022

*VIA EFILE.TXCOURTS.GOV*
Dallas County District Clerk
**ATTN: CIVIL FILING DESK**
600 Commerce Street. Suite 103
Dallas, Texas 75202

Re:    *Jordan Zitoun and Erin Zitoun v. Ally Bank and Cenlar FSB, as Loan Servicer*; In
the ___ District Court, Dallas County, Texas; Cause No. _____
                                                        DC-22-11200

Dear Clerk:

In reference to the above matter, please find attached for filing *Plaintiff's Original Petition,
Application for Temporary Restraining Order and for Injunctive Relief and proposed Order for
Issuance of Temporary Restraining Order and Order Setting Hearing Date.* Please file the Petition
and present the Order to the Judge for signature. Please return the file-marked copies to this office
via electronic service.

Additionally, please issue Citations to the named Defendants as follows at the addresses
indicated, and return to this office via email:

ALLY BANK                          Cenlar FSB
CT Corporation System              CT Corporation System
1998 Bryan Street, Suite 900       28 Liberty Street
Dallas, Texas 75201                New York, New York 10005

Should you have any questions or if I can be of any assistance, please do not hesitate to
contact me.

Sincerely,

COOK KEITH & DAVIS,
A PROFESSIONAL CORPORATION

/s/ Angie Whitehead

_____
ANGIE WHITEHEAD
Legal Assistant
*angie@cookkeithdavis.com*

AW/st
Enclosures

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

**To:** **ALLY BANK**
**BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN ST SUITE 900**
**DALLAS TX 75201**

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.  Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **JORDAN ZITOUN; ERIN ZITOUN**

Filed in said Court  **1st day of September, 2022** against

**ALLY BANK; CENLAR FSB AS LOAN SERVIER**

For Suit, said suit being numbered **DC-22-11200**, the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office  **on this the 7th day of September, 2022**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By_____,Deputy
**SHELIA BRADLEY**



**ESERVE**

# CITATION

No.: **DC-22-11200**

**JORDAN ZITOUN, et al**
**vs.**
**ALLY BANK, et al**

**ISSUED**
**on this the 7th day of September, 2022**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **SHELIA BRADLEY**, Deputy

**Attorney for Plaintiff**
**DARRELL W COOK**
6688 N CENTRAL EXPRESSWAY
STE 1000
DALLAS TX 75206
214-368-4686 x4450
dwcook@attorneycook.com
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**



**OFFICER'S RETURN**

Cause No. DC-22-11200

Court No.: 191st District Court

Style: JORDAN ZITOUN, et al
vs.
ALLY BANK, et al

Came to hand on the _____ day of _____, 20 _____, at _____ o'clock _____.M.

Executed at _____, within the County of _____, 20 ____, at _____ o'clock _____.M. on the _____ day of _____, 20 ____, by delivering to the within named _____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

For serving Citation  $ _____
For mileage            $ _____       of _____ County, _____
For Notary             $ _____       By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 ____, to certify which witness my hand and seal of office.

_____ Notary Public _____ County

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

**To:**    **CENLAR FSB AS LOAN SERVIER**
**BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**28 LIBERTY ST.**
**NEW YORK NY 10005**

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.  Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **JORDAN ZITOUN; ERIN ZITOUN**

Filed in said Court  **1st day of September, 2022** against

**ALLY BANK; CENLAR FSB AS LOAN SERVIER**

For Suit, said suit being numbered **DC-22-11200**, the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office  **on this the 7th day of September, 2022**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By _[signature]_ , Deputy
**SHELIA BRADLEY**

# CITATION

No.: **DC-22-11200**

_____

**JORDAN ZITOUN, et al**
**vs.**
**ALLY BANK, et al**

_____

**ISSUED**
**on this the 7th day of September, 2022**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **SHELIA BRADLEY**, Deputy

**Attorney for Plaintiff**
**DARRELL W COOK**
6688 N CENTRAL EXPRESSWAY
STE 1000
DALLAS TX 75206
214-368-4686 x4450
dwcook@attorneycook.com
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**



**OFFICER'S RETURN**

Cause No. DC-22-11200

Court No.: 191st District Court

Style: JORDAN ZITOUN, et al
vs.
ALLY BANK, et al

Came to hand on the _____ day of _____ , 20 _____ , at _____ o'clock _____ .M.

Executed at _____ , within the County of _____ at _____ o'clock _____ .M. on the _____ day of _____ , 20 _____

by _____ delivering to the within named _____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

For serving Citation  $ _____

For mileage  $ _____     of _____ County, _____

For Notary  $ _____     By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____ ,

20 _____ , to certify which witness my hand and seal of office.

_____ Notary Public _____ County

Form 375—NOTICE TO SHOW CAUSE

No. **DC-22-11200**

SUIT PENDING IN THE DISTRICT COURT OF DALLAS COUNTY, TEXAS

**JORDAN ZITOUN AND ERIN ZITOUN**

vs.

**ALLY BANK AND CENLAR FSB AS LOAN SERVIER**

# THE STATE OF TEXAS

To: **CENLAR FSB AS LOAN SERVIER** ,

YOU ARE HEREBY COMMANDED TO BE AND APPEAR BEFORE THE HONORABLE JUDGE OF THE **191ST DISTRICT COURT** OF TEXAS, at the Courthouse in Dallas, Texas, on **SEPTEMBER 16, 2022 AT 1:00 PM 600 COMMERCE ST.** THEN AND THERE TO SHOW CAUSE, if any, WHY **THE TEMPORARY INJUNCTION SHOULD NOT BE GRANTED.**

Herein Fail Not, but of this writ, and how you have executed the same, make due return.

WITNESS: FELICIA PITRE, Clerk of the District Court of Dallas County, Texas.

Given under my hand and seal of office, at Dallas, **ON THIS THE 7TH DAY OF SEPTEMBER, 2022.**

Attest:    FELICIA PITRE
Clerk, District Courts, Dallas County, Texas



_____ , Deputy.

**SHELIA BRADLEY**

**ESERVE**

No. : **DC-22-11200**

**JORDAN ZITOUN, ET AL**

**VS.**

**ALLY BANK, ET AL**

# NOTICE

ISSUED

**THIS THE 7TH DAY OF SEPTEMBER, 2022**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By **SHELIA BRADLEY**, Deputy

**DARRELL W COOK**
**6688 N CENTRAL EXPRESSWAY**
**STE 1000**
**DALLAS TX  75206**
**214-368-4686**

DALLAS COUNTY
SERVICE FEES
NOT PAID

---

SHERIFF'S RETURN

Came to hand on the _____ day of _____ A.D. 20 _____, and

executed on the _____ day of _____ A.D. 20 _____, by delivering to

_____, in person, a true copy of

the within named _____

this Notice.

_____
Sheriff, Dallas County, Texas

By _____  _____ Deputy.

FEES:

Serving Notice   $ _____
Mileage          $ _____

Form 375—NOTICE TO SHOW CAUSE

No. **DC-22-11200**

SUIT PENDING IN THE DISTRICT COURT OF DALLAS COUNTY, TEXAS

**JORDAN ZITOUN AND ERIN ZITOUN**

vs.

**ALLY BANK AND CENLAR FSB AS LOAN SERVIER**

# THE STATE OF TEXAS

To: **ALLY BANK** ,

YOU ARE HEREBY COMMANDED TO BE AND APPEAR BEFORE THE HONORABLE JUDGE OF THE **191ST DISTRICT COURT** OF TEXAS, at the Courthouse in Dallas, Texas, on **SEPTEMBER 16, 2022 AT 1:00 PM 600 COMMERCE ST.** THEN AND THERE TO SHOW CAUSE, if any, WHY **THE TEMPORARY INJUNCTION SHOULD NOT BE GRANTED.**

Herein Fail Not, but of this writ, and how you have executed the same, make due return.

WITNESS: FELICIA PITRE, Clerk of the District Court of Dallas County, Texas.

Given under my hand and seal of office, at Dallas, **ON THIS THE 7TH DAY OF SEPTEMBER, 2022.**

Attest:    FELICIA PITRE
Clerk, District Courts, Dallas County, Texas





_____ , Deputy.
**SHELIA BRADLEY**

**ESERVE**

No. : **DC-22-11200**

**JORDAN ZITOUN, ET AL**

**VS.**

**ALLY BANK, ET AL**

# NOTICE

ISSUED

**THIS THE 7TH DAY OF SEPTEMBER, 2022**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By **SHELIA BRADLEY**, Deputy

**DARRELL W COOK**
**6688 N CENTRAL EXPRESSWAY**
**STE 1000**
**DALLAS TX  75206**
**214-368-4686**

DALLAS COUNTY
SERVICE FEES
NOT PAID

---

SHERIFF'S RETURN

Came to hand on the _____ day of _____ A.D. 20 ____, and

executed on the _____ day of _____ A.D. 20 ____, by delivering to

_____, in person, a true copy of

the within named _____

this Notice.

_____
Sheriff, Dallas County, Texas

By _____ Deputy.

FEES:

Serving Notice      $ _____
Mileage             $ _____

TEMPORARY RESTRAINING ORDER – Form 322

# THE STATE OF TEXAS

TO    **CENLAR FSB AS LOAN SERVIER**

    WHEREAS, in a certain suit pending in the District Court of the **191st District Court** of Texas, wherein **JORDAN ZITOUN AND ERIN ZITOUN** Plaintiff (s) and **ALLY BANK AND CENLAR FSB AS LOAN SERVIER** Defendant (s), and the said **JORDAN ZITOUN AND ERIN ZITOUN** Prayed for and obtained from the Hon. **TAHIRA MERRITT ASSOCIATE** Judge of the **191st District Court**, her most gracious TEMPORARY RESTRAINING ORDER and the said having given bond, as required by the fiat of the judge of the **191st District Court**.

    Now, therefore, you, the said **CENLAR FSB AS LOAN SERVIER** your Counselors, Solicitors, Attorneys, Agents, Servants and employees are hereby commanded to DESIST and REFRAIN from **SEE ATTACHED COPY OF TRO** until further order of the District Court to be holden within and for the County of Dallas Judicial District of Texas at the Courthouse thereof, in the City of Dallas, at **1:00 PM ON SEPTEMBER 16, 2022,** when and where this writ is returnable.

    HEREIN FAIL NOT, under the penalty of the law.
    WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas County, Texas.
    Given under my hand and the seal of said Court, at office in the City of Dallas, **ON THIS THE 7TH DAY OF SEPTEMBER, 2022.**

Attest:    FELICIA PITRE
    Clerk, District Courts, Dallas County, Texas.

By _____ , Deputy
    **SHELIA BRADLEY**

**ESERVE**

No. **DC-22-11200**

**IN**

**191st District Court**

**JORDAN ZITOUN, ET AL**
**VS.**
**ALLY BANK, ET AL**

# Temporary Restraining Order

ISSUED

**THIS THE 7TH DAY OF SEPTEMBER, 2022**

FELICIA PITRE
Clerk, District courts, Dallas County, Texas
By **SHELIA BRADLEY**, Deputy

**DARRELL W COOK**
**6688 N CENTRAL EXPRESSWAY**
**STE 1000**
**DALLAS TX  75206**
**214-368-4686**

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

---

SHERIFF'S RETURN

Came to hand on the _____ day of _____ 20 ____ at
_____ o'clock _____ M., and executed the _____ day of
20 ____ at _____ o'clock _____ M., by delivering to

the within named defendant _____ in person, a true copy of this writ.

_____ County, Texas.

_____
Sheriff

By _____ Deputy

FEES:
Serving Copy    $ _____
Mileage         $ _____
Total           $ _____

TEMPORARY RESTRAINING ORDER – Form 322

# THE STATE OF TEXAS

TO    **ALLY BANK**

WHEREAS, in a certain suit pending in the District Court of the **191st District Court** of Texas, wherein **JORDAN ZITOUN AND ERIN ZITOUN** Plaintiff (s) and **ALLY BANK AND CENLAR FSB AS LOAN SERVIER** Defendant (s), and the said **JORDAN ZITOUN AND ERIN ZITOUN** Prayed for and obtained from the Hon. **TAHIRA MERRITT ASSOCIATE** Judge of the **191st District Court**, her most gracious TEMPORARY RESTRAINING ORDER and the said having given bond, as required by the fiat of the judge of the **191st District Court**.

Now, therefore, you, the said **ALLY BANK** your Counselors, Solicitors, Attorneys, Agents, Servants and employees are hereby commanded to DESIST and REFRAIN from **SEE ATTACHED COPY OF TRO**

until further order of the District Court to be holden within and for the County of Dallas

Judicial District of Texas at the Courthouse thereof, in the City of Dallas, at **1:00 PM ON SEPTEMBER 16, 2022**, when and where this writ is returnable.

HEREIN FAIL NOT, under the penalty of the law.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas County, Texas.

Given under my hand and the seal of said Court, at office in the City of Dallas, **ON THIS THE 7TH DAY OF SEPTEMBER, 2022.**

Attest:        FELICIA PITRE
Clerk, District Courts, Dallas County, Texas.

By _____, Deputy

**SHELIA BRADLEY**

**ESERVE**

No. **DC-22-11200**

**IN**

**191st District Court**

**JORDAN ZITOUN, ET AL**
**VS.**
**ALLY BANK, ET AL**

Temporary Restraining Order

ISSUED
**THIS THE 7TH DAY OF SEPTEMBER, 2022**

FELICIA PITRE
Clerk, District courts, Dallas County, Texas
By **SHELIA BRADLEY**, Deputy

**DARRELL W COOK**
**6688 N CENTRAL EXPRESSWAY**
**STE 1000**
**DALLAS TX  75206**
**214-368-4686**

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

---

SHERIFF'S RETURN

Came to hand on the _____ day of _____ 20 ____ at ____
o'clock ____ M., and executed the _____ day of _____
20 ____ at ____ o'clock ____ M., by delivering to _____

the within named defendant _____ in person, a true copy of this writ.

_____ County, Texas.

Sheriff _____

By _____  Deputy

FEES:
Serving Copy    $ _____
Mileage         $ _____
Total           $ _____

FILED
9/2/2022 11:09 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Treva Parker-Ayodele DEPUTY

## CAUSE NO. DC-22-11200

| | | |
|---|---|---|
| **JORDAN ZITOUN AND ERIN ZITOUN** | § | **IN THE DISTRICT COURT** |
| *Plaintiffs*, | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | **191ˢᵗ JUDICIAL DISTRICT** |
| **ALLY BANK,** | § | |
| | § | |
| **And** | § | |
| | § | |
| **CENLAR FSB, as Loan Servier** | § | |
| *Defendants*. | § | **DALLAS COUNTY, TEXAS** |

## **PLAINTIFFS' SUPPLEMENT TO ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER AND FOR INJUNCTIVE RELIEF AND AMENDED CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 2.02**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, JORDAN ZITOUN and ERIN ZITOUN, Plaintiffs and Applicants herein, and files this their Supplement to their Original Petition, Application for Temporary Restraining Order and for Injunctive Relief complaining of ALLY BANK, and CENLAR FSB, Defendants, and in support of same would show the Court as follows:

### I.

### **SUPPLEMENT**

1.    Due to a processing error during filing, the Declaration that was filed as Exhibit A to Plaintiffs' Original Petition was missing the signature page of the Declarant. Attached hereto as Exhibit A is the Declaration of Jordan Zitoun with the signature page attached.

**II.**

## SUPPLEMENTAL STATEMENT REGARDING COMPLIANCE WITH LOCAL RULE 2.02.

2.     Pursuant to Dallas County Local Rule 2.02, I certify that I contacted Israel Saucedo, attorney for Defendants, regarding the ex parte application for temporary restraining order and he stated that he wanted to appear by telephone when the court determines this Application.  Mr.  Saucedo can be contacted as follows:

> Israel Saucedo
> BARRETT DAFFIN FRAPPIER TURNER & ENGEL LLP
> 4004 Belt Line Road Suite 100
> Addison, Texas 75001

Respectfully submitted,

DARRELL W. COOK & ASSOCIATES,
A PROFESSIONAL CORPORATION


/s/Darrell W. Cook
_____
DARRELL W. COOK
State Bar No. 00787279
dwcook@ cookkeithdavis.com
STEPHEN W. DAVIS
State Bar No. 24066792
stephen@ cookkeithdavis.com
RACHEL E. EDWARDS
State Bar No. 24101722
rachel@cookkeithdavis.com
6688 North Central Expressway, Suite 1000
Dallas, Texas 75206
(214) 368-4686
(214) 593-5713 – Fax

**ATTORNEYS FOR PLAINTIFFS**

EXHIBIT A

CAUSE NO. _____

| | | |
|---|---|---|
| **JORDAN ZITOUN AND ERIN ZITOUN** | § | **IN THE DISTRICT COURT** |
| *Plaintiffs,* | § | |
| | § | |
| | § | |
| **v.** | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **ALLY BANK,** | § | |
| | § | |
| **And** | § | |
| | § | |
| **CENLAR FSB as Loan Servicer** | § | |
| | § | |
| | § | |
| | § | **DALLAS COUNTY, TEXAS** |

## DECLARATION OF JORDAN ZITOUN IN SUPPORT OF PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

1.  "My name is Jordan Zitoun. I am a Plaintiff in this matter. I am over twenty-one (21) years of age and am of sound mind, capable of making this declaration, and have personal knowledge of the facts herein based on my personal involvement in these matters.

2.  "Along with my wife, Erin Zitoun, I am the record owner of, and am familiar with, the Property located at 2808 Maple Springs Blvd. Dallas, TX 75235 ("Property").

3.  "On or about March 6, 2016, by Special Warranty Deed, my wife and I became the record owners of the Property. The Property is more particularly described as follows:

    BEING a tract of land situated in the C. Grigsby Survey, Abstract No. 532, in Dallas
    County, and a portion of Lots 1 through 4 in BlockB,2330 of OAKLAWN
    HEIGHTS ADDITION, an Addition to the City of Dallas, Texas, according to the Plat
    recorded in Volume 3, at Page 317 in the Map Records of Dallas County, Texas, and being more particularly described by metes and bounds as follows:

BEGINNING at a 1/2 inch iron rod found in the Southerly right-of-way line of Maple
Springs Drive (50' ROW), said iron pipe being in the Northerly line of said Lots 1 and
2, and said iron being the beginning of a curve to the left with a radius 1,823.25 feet, a chord bearing of North 65 degrees 40 minutes 03 seconds East, and a chord length of
214.92 feet;
CONTINUING along the Southerly right-of-way of said Maple Springs Drive and along said curve to the left through a central angle of 06 degrees 45 minutes 29 seconds
for an arc length of 215.05 feet 1/2 inch iron rod with a red plastic cap stamped "W.A.I.";
THENCE departing the Southerly right-of-way line of said Maple Springs Drive, South 25 degrees 21 minutes 16 seconds East, for a distance of 238.73 feet to a 1/2 iron rod with a red plastic cap stamped "W.A.I." set for corner;
THENCE South 64 degrees 38 minutes 44 seconds West, for a distance of 152.46 feet to a 1/2 inch iron rod with a red plastic cap stamped "W.A.I." found for corner in the Easterly right-of-way of Denton Drive (50' ROW), said iron rod being the beginning of a non-tangent curve to the left having a radius of 446.03 feet, a chord bearing of North
29 degrees 24 minutes 59 seconds West, and a chord length of 211.97 feet;
CONTINUING along the Easterly right-of-way of said Denton Drive and along said non-tangent curve to the left through a central angle of 27 degrees 13 minutes 47 seconds for an arc length of 211.97 feet to a 1/2 inch iron rod with a red plastic cap stamped "W.A.I." found for corner and the beginning of a curve to the right having a radius of 26.64 feet, a chord bearing of North 13 degrees 00 minutes 23 seconds East, and a chord length of 44.19 feet;
CONTINUING along said curve to the right through a central angle of 112 degrees 04 minutes 31 seconds for an arc length of 52.11 feet to the POINT OF BEGINNING. CONTAINING within these metes and bounds 0.848 acres or 36919 square feet of land, more or less. Bearings herein are based upon the plat recorded Volume 3, Page 317, Map records of Dallas County, Texas.

A true and correct copy of the Special Warranty Deed is attached to Plaintiffs' Original

Petition as Exhibit 1.

4.    "In connection with the purchase of the Property, my wife and I executed a Deed of Trust

in which United Wholesale Mortgage LLC was named as the Lender and the Trustee was

Black, Mann and Graham LLP. A true and correct copy of the Deed of Trust, executed

June 25, 2018, is attached to Plaintiffs' Original Petition as Exhibit 2. At some point

thereafter, the note and Deed of Trust were assigned to ALLY BANK with CENLAR FSB acting as the mortgage servicer.

5.    "In 2018, I moved into the recently constructed Property. Almost immediately, the Property began to show signs that it was improperly constructed on the land, flooding severely with any rain. The Property flooded over 50 times.

6.    "I contacted Ally Bank in an attempt to inform them of the financial distress the constant flooding was causing. I used financing out of the construction loan with Ally Bank to pay for repair of the faulty construction.

7.    "I spent close to $500,000 to attempt to build the home properly.

8.    "In June 2021 the damage to the Property became too extensive for me to remain there, my family and I moved out of the Property and into temporary housing costing $4,500 per month.

9.    "In August 2021, I made a homeowners insurance claim, claiming the repairs and requesting alternative living expenses. This claim is still under review and to this date I have not received any payment from the homeowners insurance policy.

10.   "While the Property was unoccupied, vagrants began entering and damaging the home.

11.   "I could no longer afford to make monthly payments on the Property, so I discontinued payment. I began to fall behind on amounts due under the note secured by the Property. My wife and I have been making efforts to cure the alleged arrearage ever since.

12.   "Specifically, my wife and I have made numerous efforts to contact Defendants to discuss our circumstances and to negotiate a modification. Defendants have failed and refused and continue to fail to work with us.

13.   "I realized that our only option to cure the arrears was to refinance our loan. Due to the damage to the Property, we could not qualify for a home refinance.

14.   "Without payment from the homeowners insurance I am unable to complete necessary repairs to qualify for refinancing.

15.   "I do not recall receiving a Notice of Maturity/Acceleration of Texas Recourse Loan, enclosing a Notice of Substitute Trustee's Sale set for September 6, 2022.

16.   "I discovered the foreclosure in late August 2022 upon calling the bank for an unrelated reason, I immediately requested forbearance to allow time for homeowners insurance to approve repairs needed to secure refinancing and cure the arrears.

17.   "Upon making repairs to the Property I intend to refinance my loan and use the funds to cure the alleged default under the Deed of Trust. However, this process will take more time than my wife and I have been afforded given the pending September 6, 2022 trustee's sale.

18.   "As of the filing of this Petition and Application, the foreclosure sale is still scheduled to occur on September 6, 2022 despite our desire and ability to cure the default. There is no reason for the foreclosure sale to take place but for Defendants' lack of cooperation. My wife and I are ready, willing, and able to make the necessary payment to forego the foreclosure of the Property provided we are able to make the necessary repairs and refinance, and the Defendants refuse to permit the necessary time.

19.   "The loss of this Property is irreplaceable. It is unique and cannot be replaced in any manner.

---

19.    "I have reviewed Plaintiffs' Original Petition and Application for Temporary Restraining Order and the facts attributed to me are true and correct and are based on personal knowledge.

20.    "I have applied for financing in order to secure funds to cure the arrears."

My name is Jordan Zitoun. My date of birth is ___July 7th 1987___ , and my address is 2808 Maple Springs Blvd. Dallas, TX 75235, United States. I declare under penalty of perjury that the foregoing statements are true and correct

BY: _____

**JORDAN ZITOUN, Declarant**

Executed by JORDAN ZITOUN in Dallas County, State of Texas, on the ___1st___ day of September, 2022.

DC-22-11200

CAUSE NO. _____

| | | |
|---|---|---|
| JORDAN ZITOUN AND ERIN ZITOUN<br>*Plaintiffs,* | § <br> § <br> § <br> § | IN THE DISTRICT COURT |
| | § <br> § | |
| v. | § <br> § | 191st |
| | § <br> § | |
| ALLY BANK, | § <br> § | _____ JUDICIAL DISTRICT |
| And | § <br> § | |
| CENLAR FSB, as Loan Servier<br>*Defendants.* | § <br> § <br> § <br> § | |
| | § <br> § | DALLAS COUNTY, TEXAS |

## ORDER FOR ISSUANCE OF TEMPORARY RESTRAINING ORDER
## AND ORDER SETTING HEARING DATE

JORDAN ZITOUN and ERIN ZITOUN, Plaintiffs in this cause have filed an Application for Temporary Restraining Order, for Temporary Injunctive Relief and for Permanent Injunctive Relief, supported by Affidavits/Declarations and evidence attached to the Application, in connection therewith, and has presented a request for Temporary Restraining Order as set forth in the Application. It clearly appears from the facts set forth in its Application and Exhibits that unless ALLY BANK, and CENLAR FSB, Defendants are immediately restrained in the following ways:

   a.    That Defendants, ALLY BANK, and CENLAR FSB, or any agent, employee, servant, officer, representative or assignee, be immediately restrained and enjoined from proceeding with the substitute trustee's sale/foreclosure sale of the Property located at 2808 Maple Springs Blvd. Dallas, TX 75235 currently scheduled for September 6, 2022; and

b.   That Defendants, ALLY BANK, and CENLAR FSB, or any agent, employee, servant, officer, representative or assignee, be immediately restrained and enjoined from posting any notice of substitute trustee's sale/foreclosure sale of the Property located at 2808 Maple Springs Blvd. Dallas, Texas 75235 with any county clerk until further order of the Court.

Plaintiffs will suffer irreparable injury because the actions of Defendants will cause immediate and irreparable harm to Plaintiffs right to recover relief in this cause. It is apparent that Defendants cannot respond in damages and that Plaintiffs' harm cannot easily be reduced to monetary damages.

It is therefore, Ordered, that Defendants are immediately restrained in the following ways:

a.   That Defendants, ALLY BANK, and CENLAR FSB, or any agent, employee, servant, officer, representative or assignee, be immediately restrained and enjoined from proceeding with the substitute trustee's sale/foreclosure sale of the Property located at 2808 Maple Springs Blvd. Dallas, Texas 75235 currently scheduled for September 6, 2022; and

b.   That Defendants, ALLY BANK, and CENLAR FSB, or any agent, employee, servant, officer, representative or assignee, be immediately restrained and enjoined from posting any notice of substitute trustee's sale/foreclosure sale of the Property located at 2808 Maple Springs Blvd. Dallas, Texas 75235 with any county clerk by order of this Court.

Service of a copy of this Order on any other individual, whether or not named in this Order, but being acting directly or indirectly in concert with the above-named ALLY BANK, and CENLAR FSB, Defendants, shall be treated the same as if having received a notice and restraint

from the Court and held subject to the jurisdiction of this Court by reason or violation of any provision herein. This notice may be served upon the party either by a copy of this Order, but the party so affected by this restraint may be held responsible if it is determined that the respective party against whom liability is sought is determined to have had actual notice of the contents of this Order, whether or not actually served.

The Clerk of the above-numbered Court shall forthwith, on the filing by the Plaintiffs of the deposit in lieu of bond, if hereinafter required, and on approving the same according to the law, issue a temporary restraining order in conformity with the law and the terms of this Order.

This Order shall not be effective unless and until the Plaintiffs deposit into the registry of this Court and files with the Clerk the sum of ___$ 500.00___. It is further ordered that this cash in deposit in lieu of bond may be made by Plaintiffs by check drawn upon the operating account of Cook Keith and Davis, A Professional Corporation.

It is further ORDERED that Plaintiff's Application for Temporary Injunction, as contained in such pleading, be heard before this Court at __1:00__ o'clock, _p_ .m. on the __16th__ day of __September__, 2022, in the Courtroom of the _Associate Judge, Tahira Merritt_ Judicial District Court, Dallas County, Texas.

It is further ORDERED that the Clerk of this Court issue notice for service on ALLY BANK, and CENLAR FSB, Defendants, notifying them of the time and place of the hearing above described, and commanding them to appear and show cause why the temporary injunction prayed for in the Plaintiffs' Application should not be granted.

Signed this 2nd day of ___September___ 2022 at 1:05 o'clock, p.m.

_____
JUDGE PRESIDING

*Associate Judge*

FILED
9/6/2022 5:01 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Deborah Davis DEPUTY

# COOK KEITH & DAVIS

**ATTORNEYS AND COUNSELORS**

Darrell W. Cook
Catherine A. Cook
Stephen Morales

Douglas L. Bynum
Jose R. Espinosa
Ethan M. Herrema
Matthew T. Jinkins
Melissa J. Parker

September 6, 2022

*VIA CERTIFIED MAIL NO. 9214 8901 9403 8388 6941 69*
*RETURN RECEIPT REQUESTED AND FIRST-CLASS MAIL*
Ally Bank
By and Through Its Registered Agent
CT Corporation System
1999 Bryan Street, Suite 900
Dallas, Texas 75201

*VIA CERTIFIED MAIL NO. 9214 8901 9403 8388 7086 37*
*RETURN RECEIPT REQUESTED AND FIRST-CLASS MAIL*
Cenlar FSB
By and Through Its Registered Agent
CT Corporation System
28 Liberty Street
New York, New York 10005

Re:     *Jordan Zitoun and Erin Zitoun v. Ally Bank and Cenlar FSB, as Loan Servicer*; In
        the 191st District Court, Dallas County, Texas; Cause No. DC-22-11200

Dear Clerk:

In reference to the above-styled and numbered cause, please find enclosed a copy of the conformed *Order for Issuance of Temporary Restraining Order and Order Setting Hearing Date* signed by the Judge on September 2, 2022.

## NOTICE OF HEARING

Also, please find be advised that a hearing on *Plaintiff's Application for Temporary Injunction* **is set for Friday, September 16, 2022 at 1:00 p.m.** The hearing will be held in person, in the court room of the Associate Judge, Tahira Merritt, George L. Allen, Sr. Courts Building, 600 Commerce Street, 6th Floor West, Aux 6-B, Dallas, TX 75202.

Should you have any questions or if I can be of any assistance, please do not hesitate to contact me.

Sincerely,

COOK KEITH & DAVIS,
A PROFESSIONAL CORPORATION

/s/ Angie Whitehead

ANGIE WHITEHEAD
AW/st                   Legal Assistant
Enclosures               *angie@cookkeithdavis.com*

Ally Bank
Cenlar FSB
September 6, 2022
Page 2 of 2

cc:    *VIA EFILE.TXCOURTS.GOV*
Dallas County District Clerk
**ATTN: CIVIL FILING DESK**
600 Commerce Street. Suite 103
Dallas, Texas 75202

DC-22-11200

CAUSE NO. _____

| | | |
|---|---|---|
| **JORDAN ZITOUN AND ERIN ZITOUN**<br>*Plaintiffs,* | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| | § | 191st |
| **v.** | § | |
| | § | |
| | § | _____ **JUDICIAL DISTRICT** |
| **ALLY BANK,** | § | |
| | § | |
| **And** | § | |
| | § | |
| **CENLAR FSB, as Loan Servier**<br>*Defendants.* | § | |
| | § | |
| | § | |
| | § | **DALLAS COUNTY, TEXAS** |

## ORDER FOR ISSUANCE OF TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING DATE

JORDAN ZITOUN and ERIN ZITOUN, Plaintiffs in this cause have filed an Application for Temporary Restraining Order, for Temporary Injunctive Relief and for Permanent Injunctive Relief, supported by Affidavits/Declarations and evidence attached to the Application, in connection therewith, and has presented a request for Temporary Restraining Order as set forth in the Application. It clearly appears from the facts set forth in its Application and Exhibits that unless ALLY BANK, and CENLAR FSB, Defendants are immediately restrained in the following ways:

a.      That Defendants, ALLY BANK, and CENLAR FSB, or any agent, employee, servant, officer, representative or assignee, be immediately restrained and enjoined from proceeding with the substitute trustee's sale/foreclosure sale of the Property located at 2808 Maple Springs Blvd. Dallas, TX 75235 currently scheduled for September 6, 2022; and

    b.    That Defendants, ALLY BANK, and CENLAR FSB, or any agent, employee, servant, officer, representative or assignee, be immediately restrained and enjoined from posting any notice of substitute trustee's sale/foreclosure sale of the Property located at 2808 Maple Springs Blvd. Dallas, Texas 75235 with any county clerk until further order of the Court.

Plaintiffs will suffer irreparable injury because the actions of Defendants will cause immediate and irreparable harm to Plaintiffs right to recover relief in this cause. It is apparent that Defendants cannot respond in damages and that Plaintiffs' harm cannot easily be reduced to monetary damages.

It is therefore, Ordered, that Defendants are immediately restrained in the following ways:

    a.    That Defendants, ALLY BANK, and CENLAR FSB, or any agent, employee, servant, officer, representative or assignee, be immediately restrained and enjoined from proceeding with the substitute trustee's sale/foreclosure sale of the Property located at 2808 Maple Springs Blvd. Dallas, Texas 75235 currently scheduled for September 6, 2022; and

    b.    That Defendants, ALLY BANK, and CENLAR FSB, or any agent, employee, servant, officer, representative or assignee, be immediately restrained and enjoined from posting any notice of substitute trustee's sale/foreclosure sale of the Property located at 2808 Maple Springs Blvd. Dallas, Texas 75235 with any county clerk by order of this Court.

Service of a copy of this Order on any other individual, whether or not named in this Order, but being acting directly or indirectly in concert with the above-named ALLY BANK, and CENLAR FSB, Defendants, shall be treated the same as if having received a notice and restraint

from the Court and held subject to the jurisdiction of this Court by reason or violation of any provision herein. This notice may be served upon the party either by a copy of this Order, but the party so affected by this restraint may be held responsible if it is determined that the respective party against whom liability is sought is determined to have had actual notice of the contents of this Order, whether or not actually served.

The Clerk of the above-numbered Court shall forthwith, on the filing by the Plaintiffs of the deposit in lieu of bond, if hereinafter required, and on approving the same according to the law, issue a temporary restraining order in conformity with the law and the terms of this Order.

This Order shall not be effective unless and until the Plaintiffs deposit into the registry of this Court and files with the Clerk the sum of _____$500.00_____. It is further ordered that this cash in deposit in lieu of bond may be made by Plaintiffs by check drawn upon the operating account of Cook Keith and Davis, A Professional Corporation.

It is further ORDERED that Plaintiff's Application for Temporary Injunction, as contained in such pleading, be heard before this Court at __1:00__ o'clock, _p_.m. on the __16th__ day of __September__, 2022, in the Courtroom of the __Associate__ __Judge, Tahira Merritt__ Judicial District Court, Dallas County, Texas.

It is further ORDERED that the Clerk of this Court issue notice for service on ALLY BANK, and CENLAR FSB, Defendants, notifying them of the time and place of the hearing above described, and commanding them to appear and show cause why the temporary injunction prayed for in the Plaintiffs' Application should not be granted.

Signed this ___2 nd___ day of ___September___ 2022 at _1:05_ o'clock, _p_.m.

_____
JUDGE PRESIDING

Associate Judge

FILED
9/9/2022 3:59 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
SADAF RAJPUT DEPUTY

## CAUSE NO. <u>DC-22-11200</u>

| | | |
|---|---|---|
| JORDAN ZITOUN and ERIN ZITOUN, | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **Plaintiff(s),** | § | |
| vs. | § | **191ST JUDICIAL DISTRICT** |
| | § | |
| ALLY BANK and CENLAR FSB, as Loan | § | |
| Servier, | § | |
| **Defendant(s).** | § | **DALLAS COUNTY, TEXAS** |

## <u>RETURN OF SERVICE</u>

Came to my hand on **Thursday, September 8, 2022 at 8:25 AM,**
Executed at: **1999 BRYAN STREET, STE 900, DALLAS, TX 75201**
at **2:10 PM,** on **Thursday, September 8, 2022,**

by delivering to the within named:

### ALLY BANK

by delivering to its **Registered Agent, CT CORPORATION SYSTEM**
by delivering to its **Authorized Employee, KIRK ATKINS**
a true copy of this

### TEMPORARY RESTRAINING ORDER and ORDER FOR ISSUANCE OF TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING DATE

having first endorsed thereon the date of the delivery.

I am a person not less than eighteen (18) years of age and I am competent to make this oath. I am a resident of the State of Texas. I have personal knowledge of the facts and statements contained herein and aver that each is true and correct. I am not a party to nor related or affiliated with any party to this suit. I have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I am familiar with the Texas Rules of Civil Procedure, and the Texas Civil Practice and Remedies Codes as they apply to service of process. I am certified by the Judicial Branch Certification Commission to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas in compliance with rule 103 and 501.2 of the TRCP."

My name is Tracy Edwards, my date of birth is September 15, 1963 and my address is 5470 L.B.J. Freeway, Dallas, Texas, 75240 in the county of Dallas, United States of America. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Dallas County, State of Texas, on Friday, September 9, 2022

By: _____

    **Tracy Edwards - PSC 1872 - Exp 03/31/24**
    served@specialdelivery.com

TEMPORARY RESTRAINING ORDER – Form 322

# THE STATE OF TEXAS

TO    **ALLY BANK**

WHEREAS, in a certain suit pending in the District Court of Texas, wherein **JORDAN ZITOUN AND ERIN ZITOUN** Plaintiff (s) and **ALLY BANK AND CENLAR FSB AS LOAN SERVIER** Defendant (s), and the said **JORDAN ZITOUN AND ERIN ZITOUN** Prayed for and obtained from the Hon. **TAHIRA MERRITT ASSOCIATE** Judge of the **191st District Court**, her most gracious TEMPORARY RESTRAINING ORDER and the said having given bond, as required by the fiat of the judge of the **191st District Court**.

Now, therefore, you, the said **ALLY BANK** your Counselors, Solicitors, Attorneys, Agents, Servants and employees are hereby commanded to DESIST and REFRAIN from **SEE ATTACHED COPY OF TRO**

until further order of the District Court to be holden within and for the County of Dallas Judicial District of Texas at the Courthouse thereof, in the City of Dallas, at **1:00 PM ON SEPTEMBER 16, 2022**, when and where this writ is returnable.

HEREIN FAIL NOT, under the penalty of the law.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas County, Texas.

Given under my hand and the seal of said Court, at office in the City of Dallas, **ON THIS THE 7TH DAY OF SEPTEMBER, 2022.**

Attest:    FELICIA PITRE
Clerk, District Courts, Dallas County, Texas.



By _____ , Deputy
    **SHELIA BRADLEY**

SHERIFF'S RETURN

Came to hand on the _____ day of _____ 20 _____ at
_____ o'clock _____ M., and executed the _____ day of
20 _____ at _____ o'clock _____ M., by delivering to _____

_____
_____
_____

the within named defendant [RETURN / AFFIDAVIT] in person, a true copy of this writ.

[PROOF / ATTACHED]

_____ Sheriff _____ County, Texas.

By _____ Deputy

FEES:

Serving Copy    $ _____
Mileage         $ _____
      Total     $ _____

---

ESERVE

No. DC-22-11200

IN

191st District Court

JORDAN ZITOUN, ET AL
vs.
ALLY BANK, ET AL

Temporary Restraining Order

ISSUED

THIS THE 7TH DAY OF SEPTEMBER, 2022

FELICIA PITRE
Clerk, District courts, Dallas County, Texas
By SHELIA BRADLEY, Deputy

DARRELL W COOK
6688 N CENTRAL EXPRESSWAY
STE 1000
DALLAS TX 75206
214-368-4686
DALLAS COUNTY
SERVICE FEES
NOT PAID

FILED
9/9/2022 3:59 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
SADAF RAJPUT DEPUTY

## CAUSE NO. <u>DC-22-11200</u>

| | | |
|---|---|---|
| JORDAN ZITOUN and ERIN ZITOUN, | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| **Plaintiff(s),** | § | |
| vs. | § | **191ST JUDICIAL DISTRICT** |
| | § | |
| ALLY BANK and CENLAR FSB, as Loan | § | |
| Servier, | § | |
| **Defendant(s).** | § | **DALLAS COUNTY, TEXAS** |

## <u>RETURN OF SERVICE</u>

Came to my hand on **Thursday, September 8, 2022 at 8:25 AM,**
Executed at: **1999 BRYAN STREET, STE 900, DALLAS, TX 75201**
at **2:10 PM, on Thursday, September 8, 2022,**

by delivering to the within named:

### ALLY BANK

by delivering to its **Registered Agent, CT CORPORATION SYSTEM**
by delivering to its **Authorized Employee, KIRK ATKINS**
a true copy of this

### NOTICE TO SHOW CAUSE

having first endorsed thereon the date of the delivery.

I am a person not less than eighteen (18) years of age and I am competent to make this oath. I am a resident of the State of Texas. I have personal knowledge of the facts and statements contained herein and aver that each is true and correct. I am not a party to nor related or affiliated with any party to this suit. I have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I am familiar with the Texas Rules of Civil Procedure, and the Texas Civil Practice and Remedies Codes as they apply to service of process. I am certified by the Judicial Branch Certification Commission to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas in compliance with rule 103 and 501.2 of the TRCP."

My name is Tracy Edwards, my date of birth is September 15, 1963 and my address is 5470 L.B.J. Freeway, Dallas, Texas, 75240 in the county of Dallas, United States of America. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Dallas County, State of Texas, on Friday, September 9, 2022

By: _____
Tracy Edwards - PSC 1872 - Exp 03/31/24

served@specialdelivery.com

Form 375—NOTICE TO SHOW CAUSE

No. **DC-22-11200**

SUIT PENDING IN THE DISTRICT COURT OF DALLAS COUNTY. TEXAS

**JORDAN ZITOUN AND ERIN ZITOUN**

VS.

**ALLY BANK AND CENLAR FSB AS LOAN SERVIER**

# THE STATE OF TEXAS

To: **ALLY BANK** ,

YOU ARE HEREBY COMMANDED TO BE AND APPEAR BEFORE THE HONORABLE JUDGE OF THE **191ST DISTRICT COURT** OF TEXAS, at the Courthouse in Dallas, Texas, on

**SEPTEMBER 16, 2022 AT 1:00 PM 600 COMMERCE ST.**

THEN AND THERE TO SHOW CAUSE, if any, WHY

**THE TEMPORARY INJUNCTION SHOULD NOT BE GRANTED,**

Herein Fail Not, but of this writ, and how you have executed the same, make due return.

WITNESS: FELICIA PITRE. Clerk of the District Court of Dallas County, Texas.

Given under my hand and seal of office, at Dallas. **ON THIS THE 7TH DAY OF SEPTEMBER, 2022.**

Attest:    FELICIA PITRE
Clerk. District Courts, Dallas County, Texas



_____ , Deputy.

**SHELIA BRADLEY**

## SHERIFF'S RETURN

Came to hand on the _____ day of _____ A.D. 20 _____, and

executed on the _____ day of _____ A.D. 20 _____, by delivering to

the within named _____, in person, a true copy of

this Notice.

**RETURN / AFFIDAVIT**
**PROOF / SERVICE USED**

By _____ Sheriff, Dallas County, Texas

_____ Deputy.

FEES:

Serving Notice    $ _____

Mileage    $ _____

---

**ESERVE**

No. : **DC-22-11200**

**JORDAN ZITOUN, ET AL**

VS.

**ALLY BANK, ET AL**

# NOTICE

ISSUED

**THIS THE 7TH DAY OF SEPTEMBER, 2022**

FELICIA PITRE
Clerk District Courts.
Dallas County, Texas

By **SHELIA BRADLEY**, Deputy

**DARRELL W COOK**
**6688 N CENTRAL EXPRESSWAY**
**STE 1000**
**DALLAS TX 75206**
**214-368-4686**
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

FILED
9/9/2022 4:00 PM
FELICIA PITRE
Case 3:22-cv-02192-N-BT    Document 1-5    Filed 10/03/22    Page 93 of 109    PageID 318 DISTRICT CLERK
DALLAS CO., TEXAS
SADAF RAJPUT DEPUTY

**CAUSE NO. <u>DC-22-11200</u>**

| | | |
|---|---|---|
| JORDAN ZITOUN and ERIN ZITOUN, | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| **Plaintiff(s),** | § | |
| **vs.** | § | **191ST JUDICIAL DISTRICT** |
| | § | |
| ALLY BANK and CENLAR FSB, as Loan | § | |
| Servicer, | § | |
| **Defendant(s).** | § | **DALLAS COUNTY, TEXAS** |

<u>**RETURN OF SERVICE**</u>

Came to my hand on **Thursday, September 8, 2022 at 8:25 AM,**
Executed at: **1999 BRYAN STREET, STE 900, DALLAS, TX 75201**
at **2:10 PM, on Thursday, September 8, 2022,**

by delivering to the within named:

**ALLY BANK**

by delivering to its **Registered Agent, CT CORPORATION SYSTEM**
by delivering to its **Authorized Employee, KIRK ATKINS**
a true copy of this

**CITATION and PLAINTIFFS' ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF with EXHIBIT A, EXHIBIT 1 & EXHIBIT 2**

having first endorsed thereon the date of the delivery.

I am a person not less than eighteen (18) years of age and I am competent to make this oath. I am a resident of the State of Texas. I have personal knowledge of the facts and statements contained herein and aver that each is true and correct. I am not a party to nor related or affiliated with any party to this suit. I have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I am familiar with the Texas Rules of Civil Procedure, and the Texas Civil Practice and Remedies Codes as they apply to service of process. I am certified by the Judicial Branch Certification Commission to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas in compliance with rule 103 and 501.2 of the TRCP."

My name is Tracy Edwards, my date of birth is September 15, 1963 and my address is 5470 L.B.J. Freeway, Dallas, Texas, 75240 in the county of Dallas, United States of America. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Dallas County, State of Texas, on Friday, September 9, 2022

By: _____
Tracy Edwards - PSC 1872 - Exp 03/31/24
served@specialdelivery.com

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

To:   **ALLY BANK**
**BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN ST SUITE 900**
**DALLAS TX 75201**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **JORDAN ZITOUN; ERIN ZITOUN**

Filed in said Court **1st** day of September, 2022 against

**ALLY BANK; CENLAR FSB AS LOAN SERVIER**

For Suit, said suit being numbered **DC-22-11200**, the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELJCIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office on **this the 7th day of September, 2022**



ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas



By:_____,Deputy
**SHELIA BRADLEY**

---



**ESERVE**
# CITATION

No.: **DC-22-11200**

**JORDAN ZITOUN, et al**
**vs.**
**ALLY BANK, et al**

**ISSUED**
**on this the 7th day of September, 2022**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **SHELIA BRADLEY**, Deputy

**Attorney for Plaintiff**
**DARRELL W COOK**
**6688 N CENTRAL EXPRESSWAY**
**STE 1000**
**DALLAS TX 75206**
**214-368-4686 x4450**
**dwcook@attorneycook.com**
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

**OFFICER'S RETURN**

Cause No. DC-22-11200

Court No.: 191st District Court

Style: JORDAN ZITOUN, et al
vs.
ALLY BANK, et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M.

Executed at _____ within the County of _____, at

_____ o'clock _____.M. on the _____ day of _____, 20_____.

by _____ delivering to _____ **RETURN / AFFIDAVIT** within _____ named

**PROOF / ATTESTED**

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of

delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:     To certify which

witness my hand.

For serving Citation $ _____

For mileage $ _____ of _____ County. _____

For Notary $ _____ By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of

_____ 20_____, to certify which witness my hand and seal of office.

_____

Notary Public _____ County _____



Filed
9/15/2022 1:57:15 PM
Felicia Pitre
District Clerk
Dallas Texas

COOK KEITH & DAVIS
ATTORNEYS AND COUNSELORS

Darrell W. Cook
Catherine A. Keith
Stephen W. Davis
Douglas L. Bynum
Jose R. Espinosa
Ethan M. Herrema
Matthew T. Jinkins
Melissa J. Parker

September 15, 2022

| | |
|---|---|
| ***VIA CERTIFIED MAIL NO. 9214 8901 9403 8389 6329 31*** | ***VIA CERTIFIED MAIL NO. 9214 8901 9403 8389 6329 93*** |
| ***RETURN RECEIPT REQUESTED AND FIRST-CLASS MAIL*** | ***RETURN RECEIPT REQUESTED AND FIRST-CLASS MAIL*** |
| Ally Bank | Cenlar FSB |
| By and Through Its Registered Agent | By and Through Its Registered Agent |
| CT Corporation System | CT Corporation System |
| 1999 Bryan Street, Suite 900 | 28 Liberty Street |
| Dallas, Texas 75201 | New York, New York 10005 |

Re: *Jordan Zitoun and Erin Zitoun v. Ally Bank and Cenlar FSB, as Loan Servicer*; In the 191st District Court, Dallas County, Texas; Cause No. DC-22-11200

## NOTICE OF HEARING CANCELLATION

Also, please find be advised that a hearing on *Plaintiff's Application for Temporary Injunction* **originally set for Friday, September 16, 2022 at 1:00 p.m. has been cancelled.**

Should you have any questions or if I can be of any assistance, please do not hesitate to contact me.

Sincerely,

COOK KEITH & DAVIS,
A PROFESSIONAL CORPORATION

/s/ Angie Whitehead

ANGIE WHITEHEAD
Legal Assistant
*angie@cookkeithdavis.com*

AW/st
Enclosures

cc: ***VIA EFILE.TXCOURTS.GOV***
Dallas County District Clerk
**ATTN: CIVIL FILING DESK**
600 Commerce Street. Suite 103
Dallas, Texas 75202

FILED
9/16/2022 9:28 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
SADAF RAJPUT DEPUTY

## CAUSE NO. <u>DC-22-11200</u>

| | | |
|---|---|---|
| **JORDAN ZITOUN and ERIN ZITOUN,** | § § § | **IN THE DISTRICT COURT** |
| **Plaintiff(s),** | § § | |
| vs. | § § | **191ST JUDICIAL DISTRICT** |
| **ALLY BANK and CENLAR FSB, as Loan Servicer,** | § § § | |
| **Defendant(s).** | § § § | **DALLAS COUNTY, TEXAS** |

## <u>RETURN OF SERVICE</u>

Came to my hand on **Wednesday, September 7, 2022 at 4:50 PM**,
Executed at: **28 LIBERTY ST., NEW YORK, NY 10005**
at **12:11 PM**, on **Friday, September 9, 2022**, by delivering to the within named:

### CENLAR FSB AS LOAN SERVICER

by delivering to its **Registered Agent, CT CORPORATION SYSTEM**
by personally delivering to **Authorized Employee, MOHAMED DANSOKO**
a true copy of this

### CITATION and PLAINTIFFS' ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF with EXHIBIT A, EXHIBIT 1 & EXHIBIT 2

BEFORE ME, the undersigned authority, on this day personally appeared JOSEPH DONOVAN who after being duly sworn on oath states: "My name is JOSEPH DONOVAN. I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of New York. I have personal knowledge of the facts and statements contained in this affidavit and aver that each is true and correct. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude."

By: _____
**JOSEPH DONOVAN – Process Server**

Subscribed and Sworn to by JOSEPH DONOVAN, Before Me, the undersigned authority, on this
__14__ day of September, 2022.

_____
Notary Public in and for the State of New York

TARA DONOVAN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01DO6210234
Qualified in Richmond County
Commission Expires 08-10-2025

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

**To:**   **CENLAR FSB AS LOAN SERVIER**
**BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**28 LIBERTY ST.**
**NEW YORK NY 10005**

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.  Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **JORDAN ZITOUN; ERIN ZITOUN**

Filed in said Court  **1st day of September, 2022** against

**ALLY BANK; CENLAR FSB AS LOAN SERVIER**

For Suit, said suit being numbered **DC-22-11200**, the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office  **on this the 7th day of September, 2022**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas



By_____,Deputy
**SHELIA BRADLEY**

---

## ESERVE
# CITATION

No.: **DC-22-11200**



**JORDAN ZITOUN, et al**
**vs.**
**ALLY BANK, et al**

## ISSUED
**on this the 7th day of September, 2022**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **SHELIA BRADLEY**, Deputy

**Attorney for Plaintiff**
**DARRELL W COOK**
6688 N CENTRAL EXPRESSWAY
STE 1000
DALLAS TX 75206
214-368-4686 x4450
dwcook@attorneycook.com
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**



**OFFICER'S RETURN**

Cause No. DC-22-11200

Court No.: 191st District Court

Style: JORDAN ZITOUN, et al
vs.
ALLY BANK, et al

Came to hand on the _____ day of _____, 20___, at _____ o'clock ____ .M.

Executed at _____, within the County of _____, 20___.

at _____ o'clock _____ .M. on the _____ day of _____ the _____ within

by _____ delivering to _____ named

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

For serving Citation   $ _____
For mileage   $ _____   of _____ County,
For Notary   $ _____   By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of

_____ 20___, to certify which witness my hand and seal of office.

_____ County

Notary Public _____

RETURN / AFFIDAVIT
PROOF / ATTACHED

RETURN / AFFIDAVIT
PROOF / ATTACHED

FILED
9/16/2022 9:28 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
SADAF RAJPUT DEPUTY

CAUSE NO. <u>DC-22-11200</u>

| | | |
|---|---|---|
| **JORDAN ZITOUN and ERIN ZITOUN,** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **Plaintiff(s),** | § | |
| | § | |
| vs. | § | **191ST JUDICIAL DISTRICT** |
| | § | |
| **ALLY BANK and CENLAR FSB, as Loan** | § | |
| **Servicer,** | § | |
| | § | |
| | § | |
| **Defendant(s).** | § | **DALLAS COUNTY, TEXAS** |
| | § | |

## <u>RETURN OF SERVICE</u>

Came to my hand on **Wednesday, September 7, 2022 at 4:50 PM,**
Executed at: **28 LIBERTY ST., NEW YORK, NY 10005**
at **12:11 PM, on Friday, September 9, 2022,** by delivering to the within named:

### CENLAR FSB AS LOAN SERVICER

by delivering to its **Registered Agent, CT CORPORATION SYSTEM**
by personally delivering to **Authorized Employee, MOHAMED DANSOKO**
a true copy of this

### TEMPORARY RESTRAINING ORDER and ORDER FOR ISSUANCE OF TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING DATE

BEFORE ME, the undersigned authority, on this day personally appeared JOSEPH DONOVAN who after being duly sworn on oath states: "My name is JOSEPH DONOVAN. I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of New York. I have personal knowledge of the facts and statements contained in this affidavit and aver that each is true and correct. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude."

By: _____
**JOSEPH DONOVAN – Process Server**

**Subscribed and Sworn to by JOSEPH DONOVAN, Before Me, the undersigned authority, on this**
__14__ **day of September, 2022.**

_____
**Notary Public in and for the State of New York**

TARA DONOVAN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01DO6210234
Qualified in Richmond County
Commission Expires 08-10-2025

TEMPORARY RESTRAINING ORDER – Form 322

# THE STATE OF TEXAS

TO    **CENLAR FSB AS LOAN SERVIER**

WHEREAS, in a certain suit pending in the District Court of the **191st District Court** of Texas, wherein **JORDAN ZITOUN AND ERIN ZITOUN** Plaintiff (s) and **ALLY BANK AND CENLAR FSB AS LOAN SERVIER** Defendant (s), and the said **JORDAN ZITOUN AND ERIN ZITOUN** Prayed for and obtained from the Hon. **TAHIRA MERRITT ASSOCIATE** Judge of the **191st District Court**, her most gracious TEMPORARY RESTRAINING ORDER and the said having given bond, as required by the fiat of the judge of the **191st District Court**.

Now, therefore, you, the said **CENLAR FSB AS LOAN SERVIER** your Counselors, Solicitors, Attorneys, Agents, Servants and employees are hereby commanded to DESIST and REFRAIN from **SEE ATTACHED COPY OF TRO**
until further order of the District Court to be holden within and for the County of Dallas
Judicial District of Texas at the Courthouse thereof, in the City of Dallas, at **1:00 PM ON SEPTEMBER 16, 2022**, when and where this writ is returnable.

HEREIN FAIL NOT, under the penalty of the law.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas County, Texas.

Given under my hand and the seal of said Court, at office in the City of Dallas, **ON THIS THE 7TH DAY OF SEPTEMBER, 2022**.

Attest:        FELICIA PITRE
        Clerk, District Courts, Dallas County, Texas.



By _____, Deputy
        **SHELIA BRADLEY**

ESERVE

No. DC-22-11200

IN

191st District Court

JORDAN ZITOUN, ET AL
VS.
ALLY BANK, ET AL

Temporary Restraining Order

ISSUED

**THIS THE 7TH DAY OF SEPTEMBER, 2022**

FELICIA PITRE
Clerk, District courts, Dallas County, Texas
By SHELIA BRADLEY, Deputy

DARRELL W COOK
6688 N CENTRAL EXPRESSWAY
STE 1000
DALLAS TX 75206
214-368-4686
DALLAS COUNTY
SERVICE FEES
NOT PAID

RETURN / AFFIDAVIT
PROOF / ATTACHED

---

SHERIFF'S RETURN

Came to hand on the _____ day of _____ 20 ____ at ____
20 ____ at ____ o'clock ____ M., and executed the _____ day of _____
____ o'clock ____ M., by delivering to _____

the within named defendant _____ in person, a true copy of this writ.

_____ County, Texas.

_____
Sheriff

By _____ Deputy

FEES:
Serving Copy    $ _____
Mileage         $ _____
Total           $ _____

RETURN / AFFIDAVIT
PROOF / ATTACHED

FILED
9/16/2022 9:29 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
SADAF RAJPUT DEPUTY

Case 3:22-cv-02192-N-BT     Document 1-5     Filed 10/03/22     Page 103 of 109     PageID 116

CAUSE NO. <u>DC-22-11200</u>

| | | |
|---|---|---|
| **JORDAN ZITOUN and ERIN ZITOUN,** | § § § | **IN THE DISTRICT COURT** |
| **Plaintiff(s),** | § § | |
| vs. | § § | **191ST JUDICIAL DISTRICT** |
| **ALLY BANK and CENLAR FSB, as Loan Servicer,** | § § § | |
| **Defendant(s).** | § § § | **DALLAS COUNTY, TEXAS** |

## <u>RETURN OF SERVICE</u>

Came to my hand on **Wednesday, September 7, 2022 at 4:50 PM,**
Executed at: **28 LIBERTY ST., NEW YORK, NY 10005**
at **12:11 PM,** on **Friday, September 9, 2022,** by delivering to the within named:

### CENLAR FSB AS LOAN SERVICER

by delivering to its **Registered Agent, CT CORPORATION SYSTEM**
by personally delivering to **Authorized Employee, MOHAMED DANSOKO**
a true copy of this

### NOTICE TO SHOW CAUSE

BEFORE ME, the undersigned authority, on this day personally appeared JOSEPH DONOVAN who after being duly sworn on oath states: "My name is JOSEPH DONOVAN. I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of New York. I have personal knowledge of the facts and statements contained in this affidavit and aver that each is true and correct. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude."

By: _____
**JOSEPH DONOVAN – Process Server**

**Subscribed and Sworn to by JOSEPH DONOVAN, Before Me, the undersigned authority, on this**
___14___ **day of September, 2022.**

_____
Notary Public in and for the State of New York

TARA DONOVAN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01DO6210234
Qualified in Richmond County
Commission Expires 08-10-2025

Form 375—NOTICE TO SHOW CAUSE

No. **DC-22-11200**

SUIT PENDING IN THE DISTRICT COURT OF DALLAS COUNTY, TEXAS

**JORDAN ZITOUN AND ERIN ZITOUN**

VS.

**ALLY BANK AND CENLAR FSB AS LOAN SERVIER**

# THE STATE OF TEXAS

To: **CENLAR FSB AS LOAN SERVIER** ,

YOU ARE HEREBY COMMANDED TO BE AND APPEAR BEFORE THE HONORABLE JUDGE OF THE **191ST DISTRICT COURT** OF TEXAS, at the Courthouse in Dallas, Texas, on **SEPTEMBER 16, 2022 AT 1:00 PM 600 COMMERCE ST.** THEN AND THERE TO SHOW CAUSE, if any, WHY **THE TEMPORARY INJUNCTION SHOULD NOT BE GRANTED.**

Herein Fail Not, but of this writ, and how you have executed the same, make due return.

WITNESS: FELICIA PITRE, Clerk of the District Court of Dallas County, Texas.

Given under my hand and seal of office, at Dallas, **ON THIS THE 7TH DAY OF SEPTEMBER, 2022.**

Attest:    FELICIA PITRE
Clerk, District Courts, Dallas County, Texas

_____ , Deputy.

**SHELIA BRADLEY**

**ESERVE**

No. : **DC-22-11200**

**JORDAN ZITOUN, ET AL**
**vs.**
**ALLY BANK, ET AL**

# NOTICE

ISSUED

**THIS THE 7TH DAY OF SEPTEMBER, 2022**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By **SHELIA BRADLEY**, Deputy

**DARRELL W COOK**
**6688 N CENTRAL EXPRESSWAY**
**STE 1000**
**DALLAS TX 75206**
**214-368-4686**
DALLAS COUNTY
SERVICE FEES
NOT PAID

RETURN / AFFIDAVIT
PROOF / ATTACHED

---

SHERIFF'S RETURN

Came to hand on the _____ day of _____ A.D. 20 _____ , and

executed on the _____ day of _____ A.D. 20 _____ , by delivering to

the within named _____ , in person, a true copy of

this Notice.

_____
Sheriff, Dallas County, Texas

By _____ Deputy.

FEES:

Serving Notice    $ _____
Mileage           $ _____

RETURN / AFFIDAVIT
PROOF / ATTACHED

FILED
10/3/2022 11:21 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Debra Clark DEPUTY

## CAUSE NO. DC-22-11200

| | | |
|---|---|---|
| **JORDAN ZITOUN and ERIN ZITOUN,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **191ST JUDICIAL DISTRICT** |
| | § | |
| **ALLY BANK and CENLAR FSB, as** | § | |
| **Loan Servicer,** | § | |
| | § | |
| *Defendants.* | § | **DALLAS COUNTY, TEXAS** |

## DEFENDANTS' ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Ally Bank and Cenlar FSB ("Defendants"), Defendants in the above-styled and numbered cause, and file this Answer in response to Plaintiffs Jordan Zitoun and Erin Zitoun's ("Plaintiffs") Original Petition, Application for Temporary Restraining Order and for Injunctive Relief ("Petition"). In support of the foregoing, Defendants would respectfully show the Court the following:

### I.
### GENERAL DENIAL

1.    Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every allegation contained within Plaintiffs' Petition and any amendments thereto and demands strict proof thereof as required by the Constitution and the laws of the State of Texas. Defendants further reserve the right to plead further and in greater particularity as the case progresses.

### II.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Ally Bank and Cenlar FSB pray that Plaintiffs' Petition be dismissed and that Plaintiffs take nothing by way of their claims. Defendants further request that judgment be granted in their favor with respect to all claims asserted

by Plaintiffs, and for all further and other relief, whether at law or in equity, to which Defendants

may be justly entitled.

Respectfully submitted,

By:    /s/ *Shelley L. Hopkins*
       Shelley L. Hopkins
       State Bar No. 24036497
       BARRETT DAFFIN FRAPPIER
       TURNER & ENGEL, LLP - *Of Counsel*
       3 Lakeway Centre Ct., Suite 110
       Austin, Texas 78734
       (512) 600-4320
       ShelleyH@bdfgroup.com
       shelley@hopkinslawtexas.com

       Robert D. Forster, II
       State Bar No. 24048470
       BARRETT DAFFIN FRAPPIER
       TURNER & ENGEL, LLP
       4004 Belt Line Road, Ste. 100
       Addison, Texas 75001
       (972) 386-5040
       RobertFO@bdfgroup.com

       **ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Texas Rules of Civil Procedure, I certify that a true and correct copy of the foregoing has been sent on this the 3rd day of October 2022 to all parties of record the method indicated below.

***VIA E-SERVICE:***
Darrell W. Cook
Stephen W. Davis
Rachel E. Edwards
Darrell W. Cook & Associates, a Professional Corporation
6688 N. Central Expressway, Suite 1000
Dallas, Texas 75206
dwcook@cookkeithdavis.com
stephen@cookkeithdavis.com
rachel@cookkethdavis.com
**ATTORNEYS FOR PLAINTIFFS**

<div align="right">

/s/ *Shelley L. Hopkins*
Shelley L. Hopkins

</div>

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Shelley Hopkins on behalf of Shelley Hopkins
Bar No. 24036497
ShelleyH@bdfgroup.com
Envelope ID: 68826626
Status as of 10/3/2022 11:32 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Darrell Wayne Cook | 787279 | dwcook@attorneycook.com | 10/3/2022 11:21:07 AM | SENT |
| Shelley LHopkins | | ShelleyH@bdfgroup.com | 10/3/2022 11:21:07 AM | SENT |
| Kate Barry | | Kate@hopkinslawtexas.com | 10/3/2022 11:21:07 AM | SENT |
| Leanna Kimball | | leannak@bdfgroup.com | 10/3/2022 11:21:07 AM | SENT |
| LaDonna Butler | | ladonnab@bdfgroup.com | 10/3/2022 11:21:07 AM | SENT |
| Darrell W.Cook | | dwcook@cookkeithdavis.com | 10/3/2022 11:21:07 AM | SENT |
| Stephen W.Davis | | stephen@cookkeithdavis.com | 10/3/2022 11:21:07 AM | SENT |
| Rachel E.Edwards | | rachel@cookkeithdavis.com | 10/3/2022 11:21:07 AM | SENT |