**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JORDAN ZITOUN and** | § | |
| **ERIN ZITOUN,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:22-cv-2192-N** |
| | § | |
| **ALLY BANK and CENLAR FSB,** | § | |
| **as Loan Servicer,** | § | |
| | § | |
| *Defendants.* | § | |

---

**DEFENDANTS' BRIEF IN SUPPORT**
**OF MOTION FOR SUMMARY JUDGMENT**

---

DATE:          August 22, 2023.

Respectfully Submitted,

By:     /s/ *Shelley L. Hopkins*
Shelley L. Hopkins
State Bar No. 24036497
HOPKINS LAW, PLLC
3 Lakeway Centre Ct., Suite 110
Austin, Texas 78734
(512) 600-4320
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP - *Of Counsel*
ShelleyH@bdfgroup.com
shelley@hopkinslawtexas.com

Robert D. Forster, II
State Bar No. 24048470
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP
4004 Belt Line Road, Ste. 100
Addison, Texas 75001
(972) 386-5040
(972) 341-0734 (Facsimile)
RobertFO@bdfgroup.com

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................ ii

TABLE OF AUTHORITIES ................................................................................... iii

I. INTRODUCTION & SUMMARY ....................................................................... 1

II. STATEMENT OF FACTS ................................................................................... 2

III. SUMMARY JUDGMENT EVIDENCE ............................................................ 3

IV. ARGUMENT AND AUTHORITIES ................................................................. 4

    A.   Summary Judgment Standard ....................................................................... 4

    B.   Plaintiffs' Breach of Contract Claim Fails as a Matter of Law. ................. 5

    C.   No Cause of Action for Attempted Wrongful Foreclosure. ......................... 8

    D.   Plaintiffs are Not Entitled to Attorney's Fees ............................................. 9

V. CONCLUSION ................................................................................................... 10

CERTIFICATE OF SERVICE ............................................................................... 11

# TABLE OF AUTHORITIES

## Cases

*Allamon v. Acuity Specialty Products, Inc.,*
   877 F.Supp.2d 498, 506 (E.D. Tex. 2012) ................................................................ 5

*Am. Gen. Life Ins. Co. v. Kirsh,*
   378 Fed. Appx. 379, 383 (5th Cir. 2010) ................................................................ 5

*Anderson v. Liberty Lobby, Inc.,*
   477 U.S. 242, 248 (1986) ........................................................................................ 4

*Baker v. Countrywide Home Loans, Inc.*
   No. 3:-08-cv-0916-B, 2009 WL 1810336, at *8 (N.D. Tex. June 24, 2009) ............ 9

*Celotex Corp. v. Catrett,*
   477 U.S. 317, 323 (1986) ........................................................................................ 4

*Cross v. Cummins Engine Co.,*
   993 F.2d 112, 114 (5th Cir. 1993) .......................................................................... 4

*De La Mora v. CitiMortgage, Inc.,*
   No. 7:17-cv-468, 2015 WL 12803712, at *2 (S.D. Tex. Jan. 26, 2015) ................... 8

*Eason v. Deutsche Bank National Trust Company,*
   Civil Action No. H-18-717, 2018 WL 3104992, at *3 (S.D. Tex. June 25, 2018) ..... 9

*EEOC v. Chevron Phillips,*
   570 F.3d 606, 612 n. 3 (5th Cir. 2009) ................................................................... 5

*Foster v. Deutsche Bank Nat'l Trust Co.,*
   848 F.3d 403, 406-407 (5th Cir. 2017) .............................................................. 8, 9

*Green Int'l, Inc. v. Solis,*
   951 S.W.2d 384, 390 (Tex. 1997) ......................................................................... 10

*Holy Cross Church of God in Christ,*
   44 S.W.3d 562, 566 (Tex. 2001) ............................................................................ 7

*Jones v. NewRez, LLC,*
   2022 WL 16579330 at 4 (N.D. Tex. Oct. 7, 2022) ................................................. 8

*Juarez v. Wells Fargo*,
2018 WL 835211 at *4 (W.D. Tex. Feb. 12, 2018),
adopted by 2018 WL 1895549 (W.D. Tex. Mar. 5, 2018) ....................................................... 6

*Lewis v. Bank of Am., N.A.*,
434 F.3d 540, 544-45 (5th Cir. 2003) ................................................................................... 5, 6

*Little v. Liquid Air Corp.*,
37 F.3d 1069, 1075 (5th Cir. 1994) ....................................................................................... 4, 5

*Littleton v. Nationstar Mortgage, L.L.C.*,
No. 02-19-00238-CV, 2020 WL 1949623 (Tex. App. –Fort Worth, April 23, 2020) ............... 9

*Matsushita Elec. Co. v. Zenith Radio Corp.*,
475 U.S. 574, 587 (1986) .......................................................................................................... 4

*Metcalf v. Deutsche Bank Nat'l Tr. Co.*,
2012 WL 2399369 *10 (N.D. Tex. June 26, 2012) .................................................................... 5

*Mora v. BNC Mortgage, Inc.*,
No. 5:19-CV-265-DAE, 2019 WL 3816276 (W.D. Tex. May 24, 2019) .................................. 6

*Motten v. Chase Home Fin.*,
831 F. Supp. 2d 988, 1007 (S.D. Tex. 2011) ........................................................................... 9

*Owens v. Bank of Am., N.A.*,
2012 WL 912721 *4 (S.D. Tex. Mar. 16, 2012) ....................................................................... 5

*Peoples v. BAC Home Loan Servicing, LP*,
2011 WL 1107211 at *4 (N.D. Tex. Mar. 25, 2011) ................................................................ 8

*Port City State Bank v. Leyco Const. Co., Inc.*,
561 S.W.2d 546, 547 (Tex. Civ. App. – Beaumont 1978, no writ) ........................................... 9

*Ragas v. Tennessee Gas Pipeline Co.*,
136 F.3d 455, 458 (5th Cir. 1998) ........................................................................................... 5

*Ramsey v. Henderson*,
286 F.3d 264, 269 (5th Cir. 2002) ........................................................................................... 4

*Robinson v. Wells Fargo Bank N.A.*,
2020 WL 7010043, at *3 (N.D. Tex. Oct. 15, 2020) ................................................................ 8

*Thompson v. Bank of Am., N.A.*,
13 F. Supp. 3d 636, 646 (N.D. Tex. 2014) .............................................................................. 8

*Turner v. Baylor Richardson Med. Center*,
    476 F.3d 337, 343 (5th Cir. 2007) ........................................................................ 4

*Vera v. Bank of Am., N.A.*,
    569 F.App'x. 349, 352 (5th Cir. 2014) .................................................................. 6

*Williams v. Wells Fargo Bank, N.A.*,
    560 F. App'x 233, 238 (5th Cir. 2014) .................................................................. 6

*Wright v. Christian & Smith*,
    950 S.W.2d 411, 412 (Tex. App.—Houston [1st Dist.] 1997, no pet.) ................... 8

## <u>Rules</u>

Fed. R. Civ. P.56 .................................................................................................... 1, 4

Fed. R. Civ. P. 56(c) ................................................................................................... 4

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendants Ally Bank ("Ally") and Cenlar FSB ("Cenlar") (collectively "Defendants") hereby file this Brief in Support of Motion for Summary Judgment requesting that the Court dismiss the claims asserted against them in Plaintiffs Jordan Zitoun and Erin Zitoun's ("Plaintiffs") Original Petition, Application for Temporary Restraining Order and for Injunctive Relief (the "Complaint"). [Doc. 1-5].

## I. INTRODUCTION & SUMMARY

1.    This is a foreclosure matter. Jordan Zitoun and Erin Zitoun ("Plaintiffs" or the "Zitouns") obtained a home loan on the property 2808 Maple Springs Blvd., Dallas, Texas 75235 (the "Property"). Between 2018 and 2021, Plaintiffs experienced financial difficulties and stopped making the required monthly mortgage payments, yet Plaintiffs now seek to place blame upon Defendants for their failure to bring the loan current. *See generally* Plaintiffs' Complaint [Doc.1-5].

2.    In order to stop the foreclosure, Plaintiffs filed suit against Defendants, asserting claims for: (1) breach of contract; and (2) wrongful foreclosure. Defendants assert that all of Plaintiffs' claims fail as a matter of law and Defendants are entitled to summary judgment for the reasons stated herein. Specifically:

   a.   Plaintiffs' breach of contract claim fails as (i) they do not identify the provision of Note or Deed of Trust breached by Defendants, (ii) Plaintiffs themselves are in admitted breach of the loan, (iii) Defendants complied with the loan and all notice requirements of the Note, Deed of Trust and the Texas Property Code (iv) and Plaintiffs have no damages attributable to Defendants' alleged breach; and

    b. No cause of action exists for "attempted" wrongful foreclosure. As no foreclosure has taken place, there can be no claim for wrongful foreclosure as the foreclosure is a predicate to this claim.

## II. STATEMENT OF FACTS

3.    On or about June 25, 2018, Plaintiffs executed a Note[1] (the "Note") in the amount of $600,000.00. In order to secure the Note, Plaintiffs executed a Deed of Trust[2] (the "Deed of Trust"), which granted a security interest in the Property to secure repayment of the Note.

4.    The Note required Plaintiffs to make monthly principal and interest payments on the first day of each month in the amount of $2,995.72 beginning on August 1, 2018, and continuing each month until paid in full.[3] The Note provided that Plaintiffs would be in default if they did not pay the full amount of each payment on the date the payment was due. *Id.* If Plaintiffs defaulted, the Note permitted the acceleration of the maturity date of the Note, in which event the remaining unpaid balance became immediately due and payable in full. *Id.* Ally Bank is the owner and holder of the Note.[4]

5.    The Deed of Trust provides that Plaintiffs shall pay when due the principal of, and interest on, the debt evidenced by the Note and any late charges due under the Note. *Id.* The Deed of Trust authorized the mortgagee to accelerate the maturity date of the Note and to foreclose on the Property should Plaintiffs default. The Note and Deed of Trust are collectively referred to herein as the "Loan" or "Loan Agreement." Ally Bank is the beneficiary of the Deed of Trust pursuant to assignment.[5]

---

[1] *See* Exhibits A and A-1.
[2] *See* Exhibits A and A-2.
[3] *See* Exhibit A and A-1.
[4] *See* Exhibits A and A-1.
[5] *See* Exhibits A, A-2 and A-3.

6.      As admitted by Plaintiffs in their Complaint, Plaintiffs failed to make their required monthly payment obligations under the Loan Agreement and the Loan Agreement is in default.[6] *See* Plaintiffs' Complaint at ¶ 14 and Exhibit A to Plaintiffs' Complaint at ¶ 11 [Doc. 1-5]. Plaintiffs were sent Notice of Default on August 23, 2021.[7] The Notice of Default informed Plaintiffs that if they did not cure their default within thirty days that the entire indebtedness would be accelerated. *Id.*

7.      On August 10, 2022, Counsel for Cenlar sent Notice of Acceleration and Enclosing Notice of Substitute Trustee's Sale to Plaintiffs, whereby accelerating the loan and informing Plaintiffs of the non-judicial foreclosure sale of the Property scheduled for September 6, 2022.[8]

8.      Plaintiffs brought this lawsuit on September 1, 2022 in order to delay the scheduled foreclosure sale and obtained an ex-parte Temporary Restraining Order ("TRO") restraining the sale from going forward on that date. The September 6, 2022 foreclosure sale did not take place due to the entry of the TRO.

### III. SUMMARY JUDGMENT EVIDENCE

9.      In addition to the pleadings and evidence previously submitted to the Court in this matter of which Defendants requests the Court take judicial notice, Defendants attach hereto and incorporate by reference the following Exhibits in support of this Motion for Summary Judgment:

**Exhibit A:**     Declaration of Cenlar FSB;

                **Exhibit A-1:**  Note;

                **Exhibit A-2:**  Deed of Trust;

                **Exhibit A-3:**  Assignment;

                **Exhibit A-4:**  Notice of Default;

---

[6] See Exhibits A and A-4.
[7] *See* Exhibits A and A-4.
[8] *See* Exhibits A and A-5.

**Exhibit A-5:**  Notices of Acceleration and Sale.

## IV. ARGUMENT AND AUTHORITIES

### A.    Summary Judgment Standard

10.    Summary judgment is proper under Rule 56 of the Federal Rules of Civil Procedure when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the non-movant bears the burden of proof at trial, the movant need only point to the absence of evidence to support an essential element of the non- movant's case; the movant does not have to support its motion with evidence negating the non- movant's case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

11.    If the movant succeeds, the nonmovant must come forward with evidence "such that a reasonable party could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-movant "must come forward with 'specific facts showing there is a genuine issue for trial.'" *Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "A factual dispute is deemed 'genuine' if a reasonable juror could return a verdict for the nonmovant, and a fact is considered 'material' if it might affect the outcome of the litigation under the governing substantive law." *Cross v. Cummins Engine Co.*, 993 F.2d 112, 114 (5th Cir. 1993).

12.    The non-movant "cannot defeat summary judgment with conclusory, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Center*, 476 F.3d 337, 343 (5th Cir. 2007). Conjecture, conclusory allegations, unsubstantiated assertions and speculation are also not adequate to satisfy the non-movant's burden. *Little*, 37 F.3d at 1079; *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002). Nor are pleadings competent

summary judgment evidence. *Little*, 37 F.3d at 1075. A "district court may not make credibility determinations or weigh evidence when deciding a summary judgment motion." *EEOC v. Chevron Phillips*, 570 F.3d 606, 612 n. 3 (5th Cir. 2009). Nor does the court have to sift through the record in search of evidence to support opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

**B.    Plaintiffs' Breach of Contract Claim Fails as a Matter of Law.**

13.    Plaintiffs' Complaint alleges that Defendants are liable for breach of contract for refusing to accept payment to cure default – forcing Plaintiffs to remain in default of their loan agreement. *See* Plaintiffs' Complaint at ¶. 20-23 [Doc. 1-5]. However, the clear summary judgment evidence reveals that Defendants did in fact comply with the terms of the Deed of Trust and Property Code and as Plaintiffs were admittedly in default, Defendants were not required to accept partial payments.

14.    To prevail on a breach of contract claim in Texas, the Plaintiffs must prove: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Allamon v. Acuity Specialty Products, Inc.,* 877 F.Supp.2d 498, 506 (E.D. Tex. 2012) (citing *Am. Gen. Life Ins. Co. v. Kirsh,* 378 Fed. Appx. 379, 383 (5th Cir. 2010)).

15.    First, Plaintiffs' breach claim fails because they do not deny that they are in default under the loan agreement[9] and therefore lack an essential element to their breach of contract claim. *See Metcalf v. Deutsche Bank Nat'l Tr. Co*., 2012 WL 2399369 *10 (N.D. Tex. June 26, 2012); *Owens v. Bank of Am., N.A.*, 2012 WL 912721 *4 (S.D. Tex. Mar. 16, 2012); *Lewis v. Bank of Am., N.A.,* 3434 F.3d 540, 544-45 (5th Cir. 2003). Texas law is clear that where, as here, a plaintiff

---

[9] *See* Plaintiff's Complaint at ¶ 14 [Doc. 1-5]

is in default on a contract due to his own failure to perform, that plaintiff may not assert a claim for breach of a contract. *See Juarez v. Wells Fargo*, No. 5:17-cv-00756-FB-RBF, 2018 WL 835211 at *4 (W.D. Tex. Feb. 12, 2018), adopted by 2018 WL 1895549 (W.D. Tex. Mar. 5, 2018). ("Having failed to perform his obligations pursuant to the Promissory Note and Deed of Trust, it is difficult (perhaps even impossible) to see how Juarez could ever prevail on a breach of contract claim of the type he describes.") (citing *Vera v. Bank of Am., N.A.*, 569 F.App'x. 349, 352 (5th Cir. 2014)); *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016) (affirming trial court's dismissal of breach of contract claim because borrower was in default on the mortgage and "failed to allege any facts showing her own performance" under the loan contract); *Lewis v. U.S. Bank Nat'l Ass'n*, No. 1:17-CV-1162-RP, 2018 WL 3544797, at *2 (W.D. Tex. July 3, 2018), adopted by 2018 WL 3543497 (W.D. Tex. July 23, 2018) (dismissing breach of contract claim because "Plaintiff affirmatively states that he has breached the loan agreement rather than pleading that he has performed under the agreement.") Plaintiffs' breach of contract claim fails because they have admitted default and cannot establish that they were excused from performance under the Loan Agreement.

16.     Second, even if Plaintiffs could maintain the action for breach, they fail to specify any specific provision within the contract allegedly breached. *Mora v. BNC Mortgage, Inc.*, Case No. 5:19-CV-265-DAE, 2019 WL 3816276 (W.D. Tex. May 24, 2019) citing *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014) (explaining that under Texas law "a claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached"). Plaintiffs cannot maintain their breach claim when they insufficiently identified the portion of the contract allegedly breached.

17.     Further, regardless of Plaintiffs' admitted failure to comply with the terms of the contract and failure to identify the portion of contract breached, Defendants' summary judgment evidence in fact establishes Defendants' compliance with the loan agreement. Though Plaintiffs' Complaint does not dispute their default, instead Plaintiffs argue that Defendants failed to provide proper notices of default and notice of acceleration therefore Defendants are liable for breach of the Deed of Trust.  Plaintiffs are incorrect.

18.     Effective acceleration requires two acts: (1) notice of intent to accelerate and (2) notice of acceleration. *Holy Cross Church of God in Christ*, 44 S.W.3d 562, 566 (Tex. 2001). "Both notices must be clear and unequivocal." *Id.* Per the Property Code, notice is deemed sufficient when notice of default and acceleration are sent by certified mail to the borrowers. Service of a notice under Tex. Prop. Code § 51.002 by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address. Tex. Prop. Code § 51.002(e). As detailed above, notice of default was sent to Plaintiffs on August 23, 2021.[10] Thereafter, when they failed to remedy the default, Plaintiffs were sent notice of acceleration and notice of substitute trustee's sale on August 10, 2022.[11] Defendants complied with the terms of the Note, Deed of Trust and Texas Property Code and did not breach the terms of the Deed of Trust.

19.     Even if Plaintiffs were somehow able to establish that the notice of default and notice of acceleration were defective (they were not), Plaintiffs have not suffered damages as they have not been dispossessed of the Property.  Plaintiffs do not dispute that foreclosure has not taken place, and therefore any damages are "speculative" and do not satisfy the damage element required for a breach of contract claim.  Where foreclosure has not occurred, Plaintiffs' damages are at most

---

[10] *See* Exhibit A-4.
[11] *See* Exhibit A-5.

a threat of damages as opposed to actual damages that would satisfy the damages element of a breach of claim contract. *See De La Mora v. CitiMortgage, Inc.*, No. 7:17-cv-468, 2015 WL 12803712, at *2 (S.D. Tex. Jan. 26, 2015) ("Plaintiff cannot show damages resulting from any such breach because no foreclosure sale has occurred."). When a party alleges that the breach of a mortgage contract would result in an improper foreclosure, he or she cannot recover damages if no foreclosure has taken place. *See Jones v. NewRez, LLC,* 2022 WL 16579330 at 4 (N.D. Tex. Oct. 7, 2022) (Rutherford, J.) ; *Robinson v. Wells Fargo Bank N.A.*, 2020 WL 7010043, at *3 (N.D. Tex. Oct. 15, 2020) (Rutherford, J.) citing *Peoples v. BAC Home Loan Servicing, LP,* 2011 WL 1107211 at *4 (N.D. Tex. Mar. 25, 2011).

20.    When the defendant complied with the terms of the contract (as is the case herein) and the plaintiff cannot demonstrate any damages, a breach-of-contract claim cannot stand. *Thompson v. Bank of Am., N.A.*, 13 F. Supp. 3d 636, 646 (N.D. Tex. 2014), *aff'd*, 783 F.3d 1022 (5th Cir. 2015) (citing *Wright v. Christian & Smith*, 950 S.W.2d 411, 412 (Tex. App.—Houston [1st Dist.] 1997, no pet.)). Accordingly, Plaintiffs have failed to allege a plausible breach of contract claim in this case and it must be dismissed with prejudice.

## C.    No Cause of Action for Attempted Wrongful Foreclosure.

21.    As Plaintiffs filed this suit to stop the foreclosure sale, and the foreclosure sale was in fact prevented by a Temporary Restraining Order, it is undisputed that the foreclosure has not taken place. When there is no foreclosure sale, there is no cause of action for wrongful foreclosure as no cause of action exists for ***attempted wrongful foreclosure***. *Foster v. Deutsche Bank Nat'l Trust Co.,* 848 F.3d 403, 406-407 (5th Cir. 2017); *James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 447 (5th Cir. 2013) ("[C]ourts in Texas do not recognize an action for attempted wrongful foreclosure") (quoting *Motten v. Chase Home Fin.*, 831 F.Supp.2d 988, 1007-08 (S.D. Tex. 2011)).

22.     In Texas, a claim for wrongful foreclosure requires a plaintiff to show: (1) a defect in the foreclosure proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and grossly inadequate selling price. *Foster at* 406. A completed foreclosure sale is ***pre-requisite*** to this claim as a wrongful foreclosure claim cannot survive if the party asserting the claim never lost the property in question. *Id. (emp. added);* citing *Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 1007 (S.D. Tex. 2011); *see also Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 423 (5th Cir. 2013); *Biggers*, 767 F.Supp.2d at 730 ("Because under Texas Law an inadequate selling price is a necessary element of a wrongful foreclosure action, a foreclosure sale is a precondition to recovery."); *also Port City State Bank v. Leyco Const. Co., Inc.*, 561 S.W.2d 546, 547 (Tex. Civ. App.—Beaumont 1978, no writ) ("[P]laintiff has cited to us no authority supporting the existence of a cause of action for 'attempted wrongful foreclosure' and our research has not developed authorities showing the existence of any such cause of action."); *Baker v. Countrywide Home Loans, Inc.* No. 3:08-cv-0916-B, 2009 WL 1810336, at *8 (N.D. Tex. June 24, 2009) (holding that "courts in Texas do not recognize an action for attempted wrongful foreclosure.") (citing *Port City State Bank*, 561 S.W.2d at 547); *Littleton v. Nationstar Mortgage, L.L.C.,* No. 02-19-00238-CV, 2020 WL 1949623 (Tex. App.—Fort Worth, April 23, 2020).

23.     Since there is no cause of action in Texas for "attempted" wrongful foreclosure. As there has not been a foreclosure sale, Plaintiffs' complaint about the cancelled foreclosure sale – whether true or false factually – do not support a wrongful foreclosure claim.

**D.     Plaintiffs are Not Entitled to Attorney's Fees**

24.     To recover attorneys' fees, Plaintiffs must prevail on a cause of action for which attorneys' fees are recoverable. *Eason v. Deutsche Bank National Trust Company,* Civil Action No. H-18-717, 2018 WL 3104992, at *3 (S.D. Tex. June 25, 2018) (citing *Green Int'l, Inc. v. Solis,*

951 S.W.2d 384, 390 (Tex. 1997)). The record shows that Plaintiffs cannot establish their claims for breach of contract and/or wrongful foreclosure. Accordingly, Plaintiffs are not entitled to attorneys' fees.

## V. CONCLUSION

Defendants respectfully assert that they have shown themselves entitled to the relief requested herein, namely the dismissal of Plaintiffs' lawsuit with prejudice as their clams for cannot establish their claims for breach of contract and/or wrongful foreclosure fail. Defendants further pray for all other relief, at law or in equity, to which they have shown themselves to be justly entitled.

Respectfully submitted,


By:    /s/ *Shelley L. Hopkins*
       Shelley L. Hopkins
       State Bar No. 24036497
       HOPKINS LAW, PLLC
       3 Lakeway Centre Ct., Suite 110
       Austin, Texas 78734
       (512) 600-4320
       BARRETT DAFFIN FRAPPIER
       TURNER & ENGEL, LLP - *Of Counsel*
       ShelleyH@bdfgroup.com
       shelley@hopkinslawtexas.com

       Robert D. Forster, II
       State Bar No. 24048470
       BARRETT DAFFIN FRAPPIER
       TURNER & ENGEL, LLP
       4004 Belt Line Road, Ste. 100
       Addison, Texas 75001
       (972) 386-5040
       (972) 341-0734 (Facsimile)
       RobertFO@bdfgroup.com

       **ATTORNEYS FOR DEFENDANTS**

<u>**CERTIFICATE OF SERVICE**</u>

       I hereby certify that on this the 22nd day of August 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

***VIA EMAIL:*** jzitoun@briggsfreeman.com
***CERTIFIED MAIL NO.*** 7022 1670 0001 5660 7437
***And REGULAR MAIL***
Jordan Zitoun
331 S Larkin Rd.
Sunnyvale, Texas 75182
jzitoun@briggsfreeman.com

***VIA CERTIFIED MAIL NO.*** 7022 1670 0001 5660 7420
***And REGULAR MAIL***
Erin Zitoun
331 S Larkin Rd.
Sunnyvale, Texas 75182

**PRO SE PLAINTIFFS**

                                     */s/ Shelley L. Hopkins*
                                     Shelley L. Hopkins