# EXHIBIT A

DeIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JORDAN ZITOUN and           §
ERIN ZITOUN,                §
                            §
        *Plaintiffs,*       §
                            §
v.                          §        Civil Action No. 3:22-cv-2192-N
                            §
ALLY BANK and CENLAR FSB,   §
as Loan Servicer,           §
                            §
        *Defendants.*       §

## DECLARATION IN SUPPORT OF SUMMARY JUDGMENT

1.      My name is __Diane McCormick____. I am over the age of twenty-one (21) and am fully competent to make this Declaration.

2.      I am authorized in all respects in my capacity as __Vice President – Document Execution__ for Cenlar FSB ("Cenlar"), the subservicer for Jordan Zitoun and Erin Zitoun's ("Zitouns" or "Borrowers") loan (the "Loan") with Ally Bank. All statements contained herein are based upon my personal knowledge gained from the review of Cenlar's business records and are true and correct.

3.      On June 25, 2018, Jordan Zitoun executed a Note ("Note") in the amount of $600,000.00. Ally Bank is the owner and holder of the Note. A true and correct copy of the Note is attached hereto as **Exhibit A-1** and incorporated herein by reference.

4.      To secure the Zitoun's payment obligations under the Note, the Zitouns contemporaneously executed a Deed of Trust ("Deed of Trust") granting a first lien security interest in the property located at 2808 Maple Springs Blvd, Dallas, Texas 75235 (the "Property"). A true and correct copy of the Deed of Trust is attached hereto as **Exhibit A-2** and is incorporated herein for all purposes. The Deed of Trust is recorded as Document No. 201800182648 in the Real Property Records of Dallas County, Texas.

5.      Ally Bank is the beneficiary of the Deed of Trust pursuant to Assignment. A true and correct copy of the Assignment recorded in the official public records of Dallas County, Texas is attached hereto as **Exhibit A-3** and incorporated herein for all purposes.

6.      On August 23, 2021, Ally sent notice of default to the Zitouns. True and correct copies of the notices of default are attached hereto as **Exhibit A-4** and incorporated herein for all purposes. The Zitouns did not tender payment of the cure amount following the notices of default. A true and correct copy of the Zitouns' payment history is attached hereto as **Exhibit A-5** and incorporated herein for all purposes.

7.      On August 10, 2022, notice of acceleration and notice of Substitute Trustee's Sale were sent to the Zitouns by foreclosure counsel.  True and correct copies of the notices are attached hereto as **Exhibit A-6** and incorporated herein for all purposes.

8.      Attached to this Declaration are records kept in the regular course of business and it was the regular course of business of Cenlar, or its predecessor, for an employee or representative of Cenlar, with knowledge of the act, event, condition or opinion recorded, to make the record, or to transmit information thereof to be included in such record; and the records attached hereto were all made at or near the time of the act, event, condition or opinion, or reasonably soon thereafter The records attached to this Declaration as **Exhibits A-1, A-2, A-3, A-4, A-5 and A-6** are true and correct copies of the originals or the exact duplicates of the originals."

9.      Pursuant to 28 U.S.C § 1746, I declare under penalty of perjury that the foregoing information is true and correct.

Dated this __3rd__ day of __August____ 2023.

Name: Diane McCormick_____

Title: Vice     President     –     Document Execution

# EXHIBIT A-1

# NOTE

ZITOUN
Loan #:
Serv. #: **0109688259**
MIN: **10003241280458801**

**JUNE 25, 2018**
[Date]

**DALLAS,**
[City]

**TEXAS**
[State]

**2808 MAPLE SPRINGS BLVD, DALLAS, TX 75235**
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. **$600,000.00** (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **UNITED WHOLESALE MORTGAGE**. I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of **4.375%**.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the **1ST** day of each month beginning on **AUGUST 1, 2018**. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **JULY 1, 2048**, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **PO BOX 11733, NEWARK, NJ 07101** or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. **$2,995.72**.

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits,

MULTISTATE FIXED RATE NOTE --Single Family-- **Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**
⊕ 21919.9
**Form 3200   1/01** *(page 1 of 3 pages)*



0109688259

then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000% of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

MULTISTATE FIXED RATE NOTE --Single Family-- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
<span>21919.9</span>                                                                  Form 3200   1/01 *(page 2 of 3 pages)*



0109688259

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

- BORROWER - JORDAN ZITOUN

*[Sign Original Only]*

Individual Loan Originator: ROBERT EUGENE MCKINNEY, NMLSR ID: NMLS # 298169
Loan Originator Organization: TURBO LOANS, NMLSR ID: NMLS # 1430221
. ., . .
Loan Originator Organization (Creditor): UNITED WHOLESALE MORTGAGE, NMLSR ID: NMLS # 3038

# EXHIBIT A-4

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

**ELECTRONICALLY RECORDED  201800182648**
**07/10/2018 12:44:12 PM DT  1/21**

Prepared By:

BLACK, MANN & GRAHAM, L.L.P.
2905 CORPORATE CIRCLE
FLOWER MOUND, TX 75028

After Recording Mail To:
UNITED SHORE FINANCIAL SERVICES, LLC
585 SOUTH BOULEVARD E
PONTIAC, MI 48341

Alamo Title Company

GF# 600401800254

ATTN: POST CLOSING MANAGER

[Space Above This Line For Recording Data]

## DEED OF TRUST

ZITOUN
Loan #: ▮▮▮▮▮▮▮▮
Serv. #: 0109688259
MIN: 100032412180458601
MERS Phone: 1-888-679-6377
PIN: 0000021175000100

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) **"Security Instrument"** means this document, which is dated JUNE 25, 2018, together with all Riders to this document.
(B) **"Borrower"** is JORDAN ZITOUN AND ERIN ZITOUN, HUSBAND AND WIFE. Borrower is the grantor under this Security Instrument.
(C) **"Lender"** is UNITED WHOLESALE MORTGAGE. Lender is a LLC organized and existing under the

TEXAS-Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
⬤ 352.42                                    Page 1 of 18                                    Form 3044 1/01 (rev. 10/17)

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

0109688259

laws of MI. Lender's address is 585 SOUTH BOULEVARD E, PONTIAC, MI 48341. Lender includes any holder of the Note who is entitled to receive payments under the Note.

(D) "Trustee" is BLACK, MANN AND GRAHAM, L.L.P.. Trustee's address is 2905 CORPORATE CIRCLE, FLOWER MOUND, TX 75028.

(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(F) "Note" means the promissory note signed by Borrower and dated JUNE 25, 2018. The Note states that Borrower owes Lender SIX HUNDRED THOUSAND AND 00/100 Dollars (U.S. $600,000.00) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than JULY 1, 2048.

(G) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(I) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
|---|---|---|
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☐ Biweekly Payment Rider |
| ☐ 1-4 Family Rider | ☒ Other(s) [specify] TX REN&EXT RIDER | |

(J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non -appealable judicial opinions.

(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(M) "Escrow Items" means those items that are described in Section 3.

(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on,

TEXAS-Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
352.42                                Page 2 of 18                        Form 3044 1/01 (rev. 10/17)

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

0109688255

the Loan.

**(P) "Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

**(Q) "RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (12 C.F.R. Part 1024), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(R) "Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the COUNTY of DALLAS:
SEE ATTACHED
which currently has the address of 2808 MAPLE SPRINGS BLVD, DALLAS, Texas 75235 ("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

TEXAS-Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
⊕ 352.42                    Page 3 of 18                    Form 3044 1/01 (rev. 10/17)

Documents provided by DataTree LLC via it's proprietary imaging and delivery system  Copyright 2003, All rights reserved

0109688259

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note: (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for:

TEXAS-Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
352.42                                    Page 4 of 18                                    Form 3044 1/01 (rev. 10/17)

Documents provided by DataTree LLC via its proprietary imaging and delivery system. Copyright 2003, All rights reserved.

0109688255

(a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003. All rights reserved.

0109688255

notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at

TEXAS–Single Family--**Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**
352.42   Page 6 of 18   Form 3044 1/01 (rev. 10/17)

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

0109688259

the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

**6. Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

**7. Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property.

TEXAS–Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
352.42                              Page 7 of 18                              Form 3044 1/01 (rev. 10/17)

Documents provided by DataTree LLC via its proprietary imaging and delivery system. Copyright 2003, All rights reserved.

0109688259

Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. Borrower shall not surrender the leasehold estate and interests herein conveyed or terminate or cancel

TEXAS-Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
352.42                                Page 8 of 18                        Form 3044 1/01 (rev. 10/17)

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

0109688259

the ground lease. Borrower shall not, without the express written consent of Lender, alter or amend the ground lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount

TEXAS-Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
352.42                                    Page 9 of 18                              Form 3044 1/01 (rev. 10/17)

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

0109688259

Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that

TEXAS-Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
352.42                                    Page 10 of 18                                    Form 3044 1/01 (rev. 10/17)

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003. All rights reserved.

0109688255

owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, and property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge

TEXAS-Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
€® 352.42                              Page 11 of 18                              Form 3044 1/01 (rev. 10/17)

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

0109688259

fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or

TEXAS-Single Family--**Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**
35242                                        Page 12 of 18                              Form 3044 1/01 (rev. 10/17)

Documents provided by DataTree LLC via its proprietary imaging and delivery system. Copyright 2003, All rights reserved.

0109688259

escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

    If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

    **19. Borrower's Right to Reinstate After Acceleration**. If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

    **20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

TEXAS-Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
352.42                         Page 13 of 18                    Form 3044 1/01 (rev. 10/17)

0109688259

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the**

TEXAS--Single Family--**Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**
🕮 352.42                                    Page 14 of 18                                    Form 3044 1/01 (rev. 10/17)

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

0109688259

date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence. For the purposes of this Section 22, the term "Lender" includes any holder of the Note who is entitled to receive payments under the Note.

If Lender invokes the power of sale, Lender, its designee, or Trustee shall give notice of the date, time, place and terms of sale by posting and filing the notice as provided by Applicable Law. Lender or its designee shall mail a copy of the notice to Borrower in the manner prescribed by Applicable Law. Sale shall be public, occurring between the hours of 10 a.m. and 4 p.m. on a date and at a location permitted by Applicable Law. The time of sale must begin at the time stated in the notice of sale or not later than three hours after the stated time. Borrower authorizes Trustee to sell the Property to the highest bidder for cash in one or more parcels and in any order Trustee determines. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying indefeasible title to the Property with covenants of general warranty from Borrower. Borrower covenants and agrees to defend generally the purchaser's title to the Property against all claims and demands. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Property is sold pursuant to this Section 22, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

23. Release. Upon payment of all sums secured by this Security Instrument, Lender shall provide a release of this Security Instrument to Borrower or Borrower's designated agent in accordance with Applicable Law. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. Substitute Trustee; Trustee Liability. All rights, remedies and duties of Trustee under this Security Instrument may be exercised or performed by one or more trustees acting alone or together. Lender, at its option and with or without cause, may from time to time, by power of attorney or otherwise, remove or substitute any trustee, add one or more trustees, or appoint a successor trustee to any Trustee without the necessity of any formality other than a designation by Lender in writing. Without any further act or conveyance of the Property the substitute, additional or successor trustee shall become vested with the title,

TEXAS-Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
352.42
Page 15 of 18
Form 3044 1/01 (rev. 10/17)

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

0109688259

rights, remedies, powers and duties conferred upon Trustee herein and by Applicable Law.

Trustee shall not be liable if acting upon any notice, request, consent, demand, statement or other document believed by Trustee to be correct. Trustee shall not be liable for any act or omission unless such act or omission is willful.

**25. Subrogation.** Any of the proceeds of the Note used to take up outstanding liens against all or any part of the Property have been advanced by Lender at Borrower's request and upon Borrower's representation that such amounts are due and are secured by valid liens against the Property. Lender shall be subrogated to any and all rights, superior titles, liens and equities owned or claimed by any owner or holder of any outstanding liens and debts, regardless of whether said liens or debts are acquired by Lender by assignment or are released by the holder thereof upon payment.

**26. Partial Invalidity.** In the event any portion of the sums intended to be secured by this Security Instrument cannot be lawfully secured hereby, payments in reduction of such sums shall be applied first to those portions not secured hereby.

**27. Purchase Money; Owelty of Partition; Renewal and Extension of Liens Against Homestead Property; Acknowledgment of Cash Advanced Against Non-Homestead Property.**

Check box as applicable:

☐  **Purchase Money.**

The funds advanced to Borrower under the Note were used to pay all or part of the purchase price of the Property. The Note also is primarily secured by the vendor's lien retained in the deed of even date with this Security Instrument conveying the Property to Borrower, which vendor's lien has been assigned to Lender, this Security Instrument being additional security for such vendor's lien.

☐  **Owelty of Partition.**

The Note represents funds advanced by Lender at the special instance and request of Borrower for the purpose of acquiring the entire fee simple title to the Property and the existence of an owelty of partition imposed against the entirety of the Property by a court order or by a written agreement of the parties to the partition to secure the payment of the Note is expressly acknowledged, confessed and granted.

☒  **Renewal and Extension of Liens Against Homestead Property.**

The Note is in renewal and extension, but not in extinguishment, of the indebtedness described on the attached Renewal and Extension Exhibit which is incorporated by reference. Lender is expressly subrogated to all rights, liens and remedies securing the original holder of a note evidencing Borrower's indebtedness and the original liens securing the indebtedness are renewed and extended to the date of maturity of the Note in renewal and extension of the indebtedness.

☐  **Acknowledgment of Cash Advanced Against Non-Homestead Property.**

The Note represents funds advanced to Borrower on this day at Borrower's request and Borrower acknowledges receipt of such funds. Borrower states that Borrower does not now and does not intend ever to reside on, use in any manner, or claim the Property secured by this Security Instrument as a business or residential homestead. Borrower disclaims all homestead rights, interests and exemptions related to the Property.

**28. Loan Not a Home Equity Loan. The Loan evidenced by the Note is not an extension of**

TEXAS-Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
352.42                                          Page 16 of 18                              Form 3044 1/01 (rev. 10/17)

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003. All rights reserved.

0109688259

credit as defined by Section 50(a)(6) or Section 50(a)(7), Article XVI, of the Texas Constitution. If the Property is used as Borrower's residence, then Borrower agrees that Borrower will receive no cash from the Note evidenced by the Note and that any advances not necessary to purchase the Property, extinguish an owelty lien, complete construction, or renew and extend a prior lien against the Property, will be used to reduce the balance evidenced by the Note or such Loan will be modified to evidence the correct Loan balance, at Lender's option. Borrower agrees to execute any documentation necessary to comply with this Section 28.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

$6/25-18$

- BORROWER - JORDAN ZITOUN - DATE -

6/25/18

ERIN ZITOUN - DATE -

[Space Below This Line For Acknowledgment]

STATE OF TEXAS

COUNTY OF DALLAS

This instrument was acknowledged before me on 6/25/18 by JORDAN ZITOUN AND ERIN ZITOUN, HUSBAND AND WIFE.

Notary Public

My Commission Expires: _____

CODY DOMINO
Notary Public, State of Texas
Comm. Expires 06-26-2022
Notary ID 11239643

TEXAS-Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
352.42                          Page 17 of 18                          Form 3044 1/01 (rev. 10/17)

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

0109688259

Individual Loan Originator: ROBERT EUGENE MCKINNEY, NMLSR ID: NMLS # 298169
Loan Originator Organization: TURBO LOANS, NMLSR ID: NMLS # 1430221
. .,. .
Loan Originator Organization (Creditor): UNITED WHOLESALE MORTGAGE, NMLSR ID: NMLS # 3038

TEXAS-Single Family--**Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**
352.42                         Page 18 of 18                    Form 3044 1/01 (rev. 10/17)

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

GF#: ATD-40-6000401800254

## EXHIBIT A

Being a lot, tract or parcel of land situated in the C. Grigsby Survey, Abstract No. 532, in Dallas County, Texas, and being Lot 3 and a portion of Lot 4, Block B/2330, of Oak Lawn Heights Addition, an addition to the City of Dallas, Dallas County, Texas, according to the plat thereof, recorded in Volume 3, Page 317, Map Records, Dallas County, Texas, same being that tract of land conveyed to Jordan Zitoun and Erin Zitoun, a married couple, by deed recorded in Instrument No. 201600185704, Official Public Records of Dallas County, Texas, and being more particularly described by metes and bounds as follows:

BEGINNING at a 1 inch pipe found for corner, said corner being on the Southeast line of Maple Springs Boulevard (50 foot right-of-way), and being the West corner of that tract of land conveyed to James D. Norcross and Charles Krueger Norcross, by deed recorded in Instrument No. 201600080421, Official Public Records of Dallas County, Texas, from which a 1/2 inch iron pipe found online bears at a distance of 1.04 feet for reference;

THENCE South 25 degrees 21 minutes 16 seconds East, along the Southwest line of said Norcross tract, a distance of 232.13 feet to a 1/2 inch iron rod found for corner, said corner being on the West line of said Norcross tract, and being the North corner of that tract of land conveyed to Ahmed Badejo, by deed recorded in Instrument No. 201600255570, Official Public Records of Dallas County Texas;

THENCE South 63 degrees 09 minutes 00 seconds West, along the Northwest line of said Badejo tract, a distance of 75.00 feet to a 1/2 inch iron rod set for corner with a yellow plastic cap stamped "CBG Surveying", said corner being on the Northwest line of said BadeJo tract;

THENCE North 25 degrees 21 minutes 16 seconds West, across said Zitoun tract, a distance of 237.03 feet to a point for corner, said corner being on the Southeast of said Maple Springs Boulevard, from which a 1 inch iron pipe found bears South 36 degrees 41 minutes 02 seconds West, at a distance of 1.06 feet for witness, and from which a 1/2 inch iron pipe found online bears at a distance of 1.04 feet for reference, and being the beginning of a non-tangent curve to the left, with a radius of 1823.26 feet, a delta angle of 02 degrees 21 minutes 29 seconds, a chord bearing of North 66 degrees 53 minutes 23 seconds East, and a chord length of 75.03 feet;

THENCE along said curve to the left, along the Southeast line of said Maple Springs Boulevard, an arc length of 75.04 feet to the POINT OF BEGINNING and containing 17568.21 square feet or 0.40 acres of land.


NOTE:  COMPANY DOES NOT REPRESENT THAT THE ABOVE ACREAGE AND/OR SQUARE FOOTAGE CALCULATIONS ARE CORRECT.

 Alamo Title Company

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003. All rights reserved.

# RENEWAL AND EXTENSION RIDER

### DATED: JUNE 25, 2018

Loan No: ▆▆▆▆

FOR THE BENEFIT OF: UNITED WHOLESALE MORTGAGE

This Renewal and Extension Rider is incorporated into and shall amend and supplement the Security Instrument of even date herewith. The Note is in renewal and extension, but not in extinguishment, of the indebtedness, whether one or more, described as follows:

**Original Note to : PROSPERITY BANK, A TEXAS BANKING ASSOCIATION**
**Amount: $640,000.00 on April 5, 2016**
**Recorded in FILE NO. 201700163471 in DALLAS County, Texas**
**EXECUTED BY: JORDAN O ZITOUN AND ERIN L ZITOUN**

Lender is expressly subrogated to all rights, liens, equities and remedies securing the original holder(s) of the above debt(s) and the original lien(s) securing the same are renewed and extended to the date of maturity of the Note secured by the Security Instrument in renewal and extension of the indebtedness. Borrower acknowledges that the lien(s) securing the prior debt(s) is valid, that the lien(s) subsists against the Property, and that by this instrument it is renewed and extended in full force until the Note is paid, even though the original lien(s) is released and not assigned to Lender.

This renewal and extension is not a refinance of a debt any portion of which is an extension of credit as defined by Section 50(a)(6) or Section 50(a)(7), Article XVI, of the Texas Constitution.

In addition to the refinance of principal and any interest, if Lender is advancing all or a portion of the costs necessary to refinance debt on the Property, Borrower acknowledges that these costs are reasonable and necessary costs to refinance such debt.

_____     625-18        _____     6/25/18
JORDAN ZITOUN                          Date          ERIN ZITOUN                           Date

_____                   _____
                                       Date                                                Date

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

**Filed and Recorded**
**Official Public Records**
**John F. Warren, County Clerk**
**Dallas County, TEXAS**
**07/10/2018 12:44:12 PM**
**$106.00**
**201800182648**



# EXHIBIT A-5

2020 - 202000309305  11/09/2020 8:55AM Page 1 of 3

## CORPORATE ASSIGNMENT OF DEED OF TRUST

Regarding this instrument, contact Cenlar FSB. 425 Phillips Blvd, Ewing, NJ 08618, telephone # 1-800-223-6527, which is responsible for receiving payments.

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS BENEFICIARY, AS NOMINEE FOR UNITED WHOLESALE MORTGAGE, ITS SUCCESSORS AND ASSIGNS, (ASSIGNOR), (MERS Address: P.O. Box 2026, Flint, Michigan 48501-2026)** by these presents does convey, grant, assign, transfer and set over the described Deed of Trust, all liens, and any rights due or to become due thereon, to **ALLY BANK, WHOSE ADDRESS IS 1100 VIRGINA DRIVE, FT. WASHINGTON, PA 19034 (866)401-4742, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE).**

Said Deed of Trust bearing the date 06/25/2018, was executed by JORDAN ZITOUN AND ERIN ZITOUN, HUSBAND AND WIFE and recorded as **Instrument # 201800182648**, in the records of Real Property of **DALLAS** County, **Texas.**

 SEE ATTACHED EXHIBIT A

IN WITNESS WHEREOF, this Assignment is executed **this 06th day of November in the year 2020.**
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS BENEFICIARY, AS NOMINEE FOR UNITED WHOLESALE MORTGAGE, ITS SUCCESSORS AND ASSIGNS

*T Watts*

**TYLER WATTS**
**VICE PRESIDENT**

All persons whose signatures appear above have qualified authority to sign and have reviewed this document and supporting documentation prior to signing.

STATE OF FLORIDA
COUNTY OF PINELLAS
The foregoing instrument was acknowledged before me by means of [X] physical presence or [ ] online notarization on this 06th day of November in the year 2020, by Tyler Watts as VICE PRESIDENT of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS BENEFICIARY, AS NOMINEE FOR UNITED WHOLESALE MORTGAGE, ITS SUCCESSORS AND ASSIGNS, who, as such VICE PRESIDENT being authorized to do so, executed the foregoing instrument for the purposes therein contained. He/she/they is (are) personally known to me.

*Karin Chandias*

**KARIN CHANDIAS**
**COMM EXPIRES: 07/28/2023**

KARIN CHANDIAS
Notary Public - State of Florida
Commission # GG 359792
My Comm. Expires Jul 28, 2023
Bonded through National Notary Assn.

**Document Prepared By: Dave LaRose/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152**
When Recorded Return To: Cenlar FSB C/O Nationwide Title Clearing, LLC, 2100 Alt. 19 North, Palm Harbor, FL 34683
CENAV 417853318  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS)  DEFAULT
MIN 100032412180458801 MERS PHONE 1-888-679-6377 MERS Mailing Address: P.O. Box 2026, Flint, MI 48501-2026  DOCR T062011-01:45:52 [C-2]  EFRMTXD1

*D0062795629*

2020 - 202000309305   11/09/2020  8:55AM  Page 2 of 3

# Exhibit A

Being a lot, tract or parcel of land situated in the C. Grigsby Survey, Abstract No. 532, in Dallas County, Texas, and being Lot 3 and a portion of Lot 4, Block B/2330, of Oak Lawn Heights Addition, an addition to the City of Dallas, Dallas County, Texas, according to the plat thereof, recorded in Volume 3, Page 317, Map Records, Dallas County, Texas, same being that tract of land conveyed to Jordan Ziloun and Erin Ziloun, a married couple, by deed recorded in Instrument No. 201600185704, Official Public Records of Dallas County, Texas, and being more particularly described by metes and bounds as follows:

BEGINNING at a 1 inch pipe found for corner, said corner being on the Southeast line of Maple Springs Boulevard (50 foot right-of-way), and being the West corner of that tract of land conveyed to James D. Norcross and Charles Krueger Norcross, by deed recorded in Instrument No. 201600080421, Official Public Records of Dallas County, Texas, from which a 1/2 inch iron pipe found online bears at a distance of 1.04 feet for reference;

THENCE South 25 degrees 21 minutes 16 seconds East, along the Southwest line of said Norcross tract, a distance of 232.13 feet to a 1/2 inch iron rod found for corner, said corner being on the West line of said Norcross tract, and being the North corner of that tract of land conveyed to Ahmed Badejo, by deed recorded in Instrument No. 201600255570, Official Public Records of Dallas County Texas;

THENCE South 63 degrees 09 minutes 00 seconds West, along the Northwest line of said Badejo tract, a distance of 75.00 feet to a 1/2 inch iron rod set for corner with a yellow plastic cap stamped "CBG Surveying", said corner being on the Northwest line of said BadeJo tract;

THENCE North 25 degrees 21 minutes 16 seconds West, across said Ziloun tract, a distance of 237.03 feet to a point for corner, said corner being on the Southeast of said Maple Springs Boulevard, from which a 1 inch iron pipe found bears South 36 degrees 41 minutes 02 seconds West, at a distance of 1.06 feet for witness, and from which a 1/2 inch iron pipe found online bears at a distance of 1.04 feet for reference, and being the beginning of a non-tangent curve to the left, with a radius of 1823.26 feet, a delta angle of 02 degrees 21 minutes 29 seconds, a chord bearing of North 66 degrees 53 minutes 23 seconds East, and a chord length of 75.03 feet;

THENCE along said curve to the left, along the Southeast line of said Maple Springs Boulevard, an arc length of 75.04 feet to the POINT OF BEGINNING and containing 17568.21 square feet or 0.40 acres of land.

2020-202000309305 11/09/2020 8:59 AM Page 3 of 3

**Dallas County**
**John F. Warren**
**Dallas County Clerk**

---

**Instrument Number:**  202000309305

eRecording - Real Property

Recorded On: November 09, 2020 08:55 AM            Number of Pages: 3

---

**" Examined and Charged as Follows: "**

Total Recording: $30.00

---

********** THIS PAGE IS PART OF THE INSTRUMENT **********
Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY
because of color or race is invalid and unenforceable under federal law.

**File Information:**            **Record and Return To:**

Document Number:    202000309305            Simplifile

Receipt Number:    20201106001269

Recorded Date/Time:    November 09, 2020 08:55 AM

User:    Thelma B

Station:    CC13



**STATE OF TEXAS**
**COUNTY OF DALLAS**

I hereby certify that this Instrument was FILED In the File Number sequence on the date/time
printed hereon, and was duly RECORDED in the Official Records of Dallas County, Texas.

John F. Warren
Dallas County Clerk
Dallas County, TX

# EXHIBIT A-6

PO Box 77404
Ewing NJ 08628



**USPS CERTIFIED MAIL**

9314 8200 1910 0219 5051 14

+ 0570752 000000034 09DC02 00944190 EX

Jordan Zitoun
3611 Milton Ave
Dallas TX 75205



0085323582 EX

# ally.

866-401-4742
ally.loanadministration.com

August 23, 2021

Jordan Zitoun

3611 Milton Ave
Dallas TX 75205



                          RE: Loan Number: ███████████
                          Property Address: 2808 Maple Springs Blvd
                                            Dallas TX 75235

Dear Borrower(s):

Our records reflect that you are delinquent on your mortgage loan payments.
The Promissory Note provides that you are required to make regular monthly
payments.

1.  You are in default of your loan due to your failure to pay the monthly
    installment due March 01, 2020, and on the same day of each month
    thereafter.
2.  The default stated in number 1 above must be cured on or before
    September 27, 2021 in the amount of $ 61731.81. Payment must be
    made payable to us and be in the form of certified funds. Personal
    checks will not be accepted.
3.  Failure to cure the default on or before the date specified in number 2
    will result in the acceleration of the unpaid principal balance of
    $ 583,976.85, along with any and all unpaid interest. Your loan
    may be referred for foreclosure, which could lead to the sale of
    the mortgaged property.
4.  You have the right to reinstate the loan after acceleration only as
    permitted by any reinstatement provisions contained within the loan
    documents or by any state or Federal laws. Reinstatement may include
    reasonable expenses incurred to protect our lien. These fees may
    include, but are not limited to, reasonable attorney and trustee fees.
    Upon reinstatement, your loan will remain in force as if no
    acceleration had occurred.
5.  You also have the right to pursue a court action to prove the
    non-existence of a default or any other defense you may have against
    the acceleration and subsequent foreclosure of your loan.

Ally Home Loans is a registered trademark of Ally Bank. Ally Bank is an Equal Housing Lender

570752 000000034 09D002 00044190

Page 2
Loan Number: ████████████

6.  Unless you dispute the validity of this debt, or any portion thereof, within thirty five (35) days of receipt of this notice, the debt will be assumed by us to be valid.
7.  If you notify our office in writing within thirty five (35) days of receipt of this notice that the debt, or any portion thereof, is disputed, we will mail you a copy of the verification of debt.
8.  **ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.**
9.  A deficiency judgement may be pursued following foreclosure proceedings according to the terms of your loan documents and as permitted by law. Please be advised, if your debt was discharged in bankruptcy, a deficiency judgement will not be pursued.

We want to work with you to resolve the default and urge you to contact the undersigned for proper attention and/or contact legal counsel to discuss any additional rights you may have to protect your interest in the mortgaged property.

Thank you.


                          Required Legal Notice(s)

This communication is from a debt collector. Any information obtained can be used for the purpose of collecting a debt. However, if you are in an active bankruptcy case or your debt has been discharged in bankruptcy, this notice is for informational purposes only and is not a demand for payment or an attempt to collect a debt for which your personal liability has been discharged in bankruptcy.

Texas Property Owners - COMPLAINTS REGARDING THE SERVICING OF YOUR MORTGAGE SHOULD BE SENT TO SAVINGS AND MORTGAGE LENDING, 260 NORTH LAMAR, SUITE 201, AUSTIN, TX 78705. A TOLL-FREE CONSUMER HOTLINE IS AVAILABLE AT (877) 276-5550. A complaint form and instructions may be downloaded and printed from the Department's website at www.sml.texas.gov or obtained from the Department upon request by mail at the address above, by telephone at its toll-free consumer hotline listed above, or by email at smlinfo@sml.texas.gov.


XC031 048 EGR EX

**ally**

PO Box 77404
Ewing NJ 08628

+ 0570752 000000394 09DP02 00064000 EX
Jordan Zitoun
3611 Milton Ave
Dallas TX 75205



**ally®**

866-401-4742
ally.loanadministration.com

August 23, 2021

Jordan Zitoun

3611 Milton Ave
Dallas TX 75205



                              RE: Loan Number: ███████
                              Property Address: 2808 Maple Springs Blvd
                                                Dallas TX 75235

Dear Borrower(s):

Our records reflect that you are delinquent on your mortgage loan payments.
The Promissory Note provides that you are required to make regular monthly
payments.

1.  You are in default of your loan due to your failure to pay the monthly
    installment due March 01, 2020, and on the same day of each month
    thereafter.
2.  The default stated in number 1 above must be cured on or before
    September 27, 2021 in the amount of $ 61731.81. Payment must be
    made payable to us and be in the form of certified funds. Personal
    checks will not be accepted.
3.  Failure to cure the default on or before the date specified in number 2
    will result in the acceleration of the unpaid principal balance of
    $ 583,976.85, along with any and all unpaid interest. Your loan
    may be referred for foreclosure, which could lead to the sale of
    the mortgaged property.
4.  You have the right to reinstate the loan after acceleration only as
    permitted by any reinstatement provisions contained within the loan
    documents or by any state or Federal laws. Reinstatement may include
    reasonable expenses incurred to protect our lien. These fees may
    include, but are not limited to, reasonable attorney and trustee fees.
    Upon reinstatement, your loan will remain in force as if no
    acceleration had occurred.
5.  You also have the right to pursue a court action to prove the
    non-existence of a default or any other defense you may have against
    the acceleration and subsequent foreclosure of your loan.

Ally Home Loans is a registered trademark of Ally Bank. Ally Bank is an Equal Housing Lender

570752 000000394 09DP02 00084000

Page 2
Loan Number: ██████████

6. Unless you dispute the validity of this debt, or any portion thereof, within thirty five (35) days of receipt of this notice, the debt will be assumed by us to be valid.

7. If you notify our office in writing within thirty five (35) days of receipt of this notice that the debt, or any portion thereof, is disputed, we will mail you a copy of the verification of debt.

8. **ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.**

9. A deficiency judgement may be pursued following foreclosure proceedings according to the terms of your loan documents and as permitted by law. Please be advised, if your debt was discharged in bankruptcy, a deficiency judgement will not be pursued.

We want to work with you to resolve the default and urge you to contact the undersigned for proper attention and/or contact legal counsel to discuss any additional rights you may have to protect your interest in the mortgaged property.

Thank you.

Required Legal Notice(s)

This communication is from a debt collector. Any information obtained can be used for the purpose of collecting a debt. However, if you are in an active bankruptcy case or your debt has been discharged in bankruptcy, this notice is for informational purposes only and is not a demand for payment or an attempt to collect a debt for which your personal liability has been discharged in bankruptcy.

Texas Property Owners - COMPLAINTS REGARDING THE SERVICING OF YOUR MORTGAGE SHOULD BE SENT TO SAVINGS AND MORTGAGE LENDING, 260 NORTH LAMAR, SUITE 201, AUSTIN, TX 78705. A TOLL-FREE CONSUMER HOTLINE IS AVAILABLE AT (877) 276-5550. A complaint form and instructions may be downloaded and printed from the Department's website at www.sml.texas.gov or obtained from the Department upon request by mail at the address above, by telephone at its toll-free consumer hotline listed above, or by email at smlinfo@sml.texas.gov.

XC031 048 EGR EX

PO Box 77404
Ewing NJ 08628



USPS CERTIFIED MAIL

9314 8200 1910 0219 5051 07

+ 0570752 000000036 09DC02 00944190 EX

Jordan Zitoun
2808 Maple Springs Blvd
Dallas TX 75235



ally.

0085323582 EX

# ally®

866-401-4742
ally.loanadministration.com

August 23, 2021

Jordan Zitoun

2808 Maple Springs Blvd
Dallas TX 75235

RE: Loan Number: ▮▮▮▮▮▮▮
Property Address: 2808 Maple Springs Blvd
Dallas TX 75235

Dear Borrower(s):

Our records reflect that you are delinquent on your mortgage loan payments.
The Promissory Note provides that you are required to make regular monthly
payments.

1.  You are in default of your loan due to your failure to pay the monthly
    installment due March 01, 2020, and on the same day of each month
    thereafter.
2.  The default stated in number 1 above must be cured on or before
    September 27, 2021 in the amount of $ 61731.81. Payment must be
    made payable to us and be in the form of certified funds. Personal
    checks will not be accepted.
3.  Failure to cure the default on or before the date specified in number 2
    will result in the acceleration of the unpaid principal balance of
    $ 583,976.85, along with any and all unpaid interest. Your loan
    may be referred for foreclosure, which could lead to the sale of
    the mortgaged property.
4.  You have the right to reinstate the loan after acceleration only as
    permitted by any reinstatement provisions contained within the loan
    documents or by any state or Federal laws. Reinstatement may include
    reasonable expenses incurred to protect our lien. These fees may
    include, but are not limited to, reasonable attorney and trustee fees.
    Upon reinstatement, your loan will remain in force as if no
    acceleration had occurred.
5.  You also have the right to pursue a court action to prove the
    non-existence of a default or any other defense you may have against
    the acceleration and subsequent foreclosure of your loan.



370752 000000036 09D002-00944190

Page 2
Loan Number: ████████████

6. Unless you dispute the validity of this debt, or any portion thereof, within thirty five (35) days of receipt of this notice, the debt will be assumed by us to be valid.

7. If you notify our office in writing within thirty five (35) days of receipt of this notice that the debt, or any portion thereof, is disputed, we will mail you a copy of the verification of debt.

8. **ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.**

9. A deficiency judgement may be pursued following foreclosure proceedings according to the terms of your loan documents and as permitted by law. Please be advised, if your debt was discharged in bankruptcy, a deficiency judgement will not be pursued.

We want to work with you to resolve the default and urge you to contact the undersigned for proper attention and/or contact legal counsel to discuss any additional rights you may have to protect your interest in the mortgaged property.

Thank you.

Required Legal Notice(s)

This communication is from a debt collector. Any information obtained can be used for the purpose of collecting a debt. However, if you are in an active bankruptcy case or your debt has been discharged in bankruptcy, this notice is for informational purposes only and is not a demand for payment or an attempt to collect a debt for which your personal liability has been discharged in bankruptcy.

Texas Property Owners - COMPLAINTS REGARDING THE SERVICING OF YOUR MORTGAGE SHOULD BE SENT TO SAVINGS AND MORTGAGE LENDING, 260 NORTH LAMAR, SUITE 201, AUSTIN, TX 78705. A TOLL-FREE CONSUMER HOTLINE IS AVAILABLE AT (877) 276-5550. A complaint form and instructions may be downloaded and printed from the Department's website at www.sml.texas.gov or obtained from the Department upon request by mail at the address above, by telephone at its toll-free consumer hotline listed above, or by email at smlinfo@sml.texas.gov.

XC081 036 EGR EX



PO Box 77404
Ewing NJ 08628

+ 0570752 000000396 09DP02 00064000 EX

Jordan Zitoun
2808 Maple Springs Blvd
Dallas TX 75235



0085323582 EX

# ally.

866-401-4742
ally.loanadministration.com

August 23, 2021

Jordan Zitoun

2808 Maple Springs Blvd
Dallas TX 75235



RE: Loan Number: ▓▓▓▓▓▓▓
Property Address: 2808 Maple Springs Blvd
Dallas TX 75235

Dear Borrower(s):

Our records reflect that you are delinquent on your mortgage loan payments.
The Promissory Note provides that you are required to make regular monthly
payments.

1. You are in default of your loan due to your failure to pay the monthly
   installment due March 01, 2020, and on the same day of each month
   thereafter.
2. The default stated in number 1 above must be cured on or before
   September 27, 2021 in the amount of $ 61731.81. Payment must be
   made payable to us and be in the form of certified funds. Personal
   checks will not be accepted.
3. Failure to cure the default on or before the date specified in number 2
   will result in the acceleration of the unpaid principal balance of
   $ 583,976.85, along with any and all unpaid interest. Your loan
   may be referred for foreclosure, which could lead to the sale of
   the mortgaged property.
4. You have the right to reinstate the loan after acceleration only as
   permitted by any reinstatement provisions contained within the loan
   documents or by any state or Federal laws. Reinstatement may include
   reasonable expenses incurred to protect our lien. These fees may
   include, but are not limited to, reasonable attorney and trustee fees.
   Upon reinstatement, your loan will remain in force as if no
   acceleration had occurred.
5. You also have the right to pursue a court action to prove the
   non-existence of a default or any other defense you may have against
   the acceleration and subsequent foreclosure of your loan.



Ally Home Loans is a registered trademark of Ally Bank. Ally Bank is an Equal Housing Lender

370752 000000396 09DP02-00084000

Page 2
Loan Number: █████████

6.  Unless you dispute the validity of this debt, or any portion thereof,
    within thirty five (35) days of receipt of this notice, the debt will be
    assumed by us to be valid.
7.  If you notify our office in writing within thirty five (35) days of
    receipt of this notice that the debt, or any portion thereof, is
    disputed, we will mail you a copy of the verification of debt.
8.  **ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE
    UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE DUTY,
    INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL
    GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A
    RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE
    SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER
    OF THIS NOTICE IMMEDIATELY.**
9.  A deficiency judgement may be pursued following foreclosure proceedings
    according to the terms of your loan documents and as permitted by law.
    Please be advised, if your debt was discharged in bankruptcy, a
    deficiency judgement will not be pursued.

We want to work with you to resolve the default and urge you to contact the
undersigned for proper attention and/or contact legal counsel to discuss
any additional rights you may have to protect your interest in the
mortgaged property.

Thank you.


                          Required Legal Notice(s)

This communication is from a debt collector. Any information obtained can be
used for the purpose of collecting a debt. However, if you are in an active
bankruptcy case or your debt has been discharged in bankruptcy, this notice
is for informational purposes only and is not a demand for payment or an
attempt to collect a debt for which your personal liability has been
discharged in bankruptcy.

Texas Property Owners - COMPLAINTS REGARDING THE SERVICING OF YOUR MORTGAGE
SHOULD BE SENT TO SAVINGS AND MORTGAGE LENDING, 260 NORTH LAMAR, SUITE 201,
AUSTIN, TX 78705. A TOLL-FREE CONSUMER HOTLINE IS AVAILABLE AT
(877) 276-5550. A complaint form and instructions may be downloaded and
printed from the Department's website at www.sml.texas.gov or obtained from
the Department upon request by mail at the address above, by telephone at
its toll-free consumer hotline listed above, or by email at
smlinfo@sml.texas.gov.


XC081 036 EGR EX

PO Box 77404
Ewing NJ 08628

**USPS CERTIFIED MAIL**



9314 8200 1910 0219 5051 38

+ 0570752 000000035 09DC02 00944190 EX

ERIN ZITOUN
3611 Milton Ave
Dallas TX 75205



0085323582 EX

**ally**

866-401-4742
ally.loanadministration.com

August 23, 2021

ERIN ZITOUN
3611 Milton Ave
Dallas TX 75205

RE: Loan Number: ▮▮▮▮▮▮▮
Property Address: 2808 Maple Springs Blvd
Dallas TX 75235

Dear Borrower(s):

Our records reflect that you are delinquent on your mortgage loan payments.
The Promissory Note provides that you are required to make regular monthly
payments.

1. You are in default of your loan due to your failure to pay the monthly
   installment due March 01, 2020, and on the same day of each month
   thereafter.
2. The default stated in number 1 above must be cured on or before
   September 27, 2021 in the amount of $ 61731.81. Payment must be
   made payable to us and be in the form of certified funds. Personal
   checks will not be accepted.
3. Failure to cure the default on or before the date specified in number 2
   will result in the acceleration of the unpaid principal balance of
   $ 583,976.85, along with any and all unpaid interest. Your loan
   may be referred for foreclosure, which could lead to the sale of
   the mortgaged property.
4. You have the right to reinstate the loan after acceleration only as
   permitted by any reinstatement provisions contained within the loan
   documents or by any state or Federal laws. Reinstatement may include
   reasonable expenses incurred to protect our lien. These fees may
   include, but are not limited to, reasonable attorney and trustee fees.
   Upon reinstatement, your loan will remain in force as if no
   acceleration had occurred.
5. You also have the right to pursue a court action to prove the
   non-existence of a default or any other defense you may have against
   the acceleration and subsequent foreclosure of your loan.

Ally Home Loans is a registered trademark of Ally Bank. Ally Bank is an Equal Housing Lender  LENDER

370752 000000025 09D002-00944190

Page 2
Loan Number: ▓▓▓▓▓▓

6. Unless you dispute the validity of this debt, or any portion thereof, within thirty five (35) days of receipt of this notice, the debt will be assumed by us to be valid.

7. If you notify our office in writing within thirty five (35) days of receipt of this notice that the debt, or any portion thereof, is disputed, we will mail you a copy of the verification of debt.

8. **ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.**

9. A deficiency judgement may be pursued following foreclosure proceedings according to the terms of your loan documents and as permitted by law. Please be advised, if your debt was discharged in bankruptcy, a deficiency judgement will not be pursued.

We want to work with you to resolve the default and urge you to contact the undersigned for proper attention and/or contact legal counsel to discuss any additional rights you may have to protect your interest in the mortgaged property.

Thank you.

Required Legal Notice(s)

This communication is from a debt collector. Any information obtained can be used for the purpose of collecting a debt. However, if you are in an active bankruptcy case or your debt has been discharged in bankruptcy, this notice is for informational purposes only and is not a demand for payment or an attempt to collect a debt for which your personal liability has been discharged in bankruptcy.

Texas Property Owners - COMPLAINTS REGARDING THE SERVICING OF YOUR MORTGAGE SHOULD BE SENT TO SAVINGS AND MORTGAGE LENDING, 260 NORTH LAMAR, SUITE 201, AUSTIN, TX 78705. A TOLL-FREE CONSUMER HOTLINE IS AVAILABLE AT (877) 276-5550. A complaint form and instructions may be downloaded and printed from the Department's website at www.sml.texas.gov or obtained from the Department upon request by mail at the address above, by telephone at its toll-free consumer hotline listed above, or by email at smlinfo@sml.texas.gov.

XC140 015 EGR EX



PO Box 77404
Ewing NJ 08628

+ 0570752 000000395 09DP02 00064000 EX
ERIN ZITOUN
3611 Milton Ave
Dallas TX 75205



0085323582 EX

**ally**

866-401-4742
ally.loanadministration.com

August 23, 2021

ERIN ZITOUN
3611 Milton Ave
Dallas TX 75205



RE: Loan Number: ▮▮▮▮▮▮▮
Property Address: 2808 Maple Springs Blvd
Dallas TX 75235

Dear Borrower(s):

Our records reflect that you are delinquent on your mortgage loan payments.
The Promissory Note provides that you are required to make regular monthly
payments.

1. You are in default of your loan due to your failure to pay the monthly
   installment due March 01, 2020, and on the same day of each month
   thereafter.
2. The default stated in number 1 above must be cured on or before
   September 27, 2021 in the amount of $ 61731.81. Payment must be
   made payable to us and be in the form of certified funds. Personal
   checks will not be accepted.
3. Failure to cure the default on or before the date specified in number 2
   will result in the acceleration of the unpaid principal balance of
   $ 583,976.85, along with any and all unpaid interest. Your loan
   may be referred for foreclosure, which could lead to the sale of
   the mortgaged property.
4. You have the right to reinstate the loan after acceleration only as
   permitted by any reinstatement provisions contained within the loan
   documents or by any state or Federal laws. Reinstatement may include
   reasonable expenses incurred to protect our lien. These fees may
   include, but are not limited to, reasonable attorney and trustee fees.
   Upon reinstatement, your loan will remain in force as if no
   acceleration had occurred.
5. You also have the right to pursue a court action to prove the
   non-existence of a default or any other defense you may have against
   the acceleration and subsequent foreclosure of your loan.



Ally Home Loans is a registered trademark of Ally Bank. Ally Bank is an Equal Housing Lender

570752 000000395 09DP02-00084000

Page 2
Loan Number: ▮▮▮▮▮▮▮

6.  Unless you dispute the validity of this debt, or any portion thereof, within thirty five (35) days of receipt of this notice, the debt will be assumed by us to be valid.
7.  If you notify our office in writing within thirty five (35) days of receipt of this notice that the debt, or any portion thereof, is disputed, we will mail you a copy of the verification of debt.
8.  **ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.**
9.  A deficiency judgement may be pursued following foreclosure proceedings according to the terms of your loan documents and as permitted by law. Please be advised, if your debt was discharged in bankruptcy, a deficiency judgement will not be pursued.

We want to work with you to resolve the default and urge you to contact the undersigned for proper attention and/or contact legal counsel to discuss any additional rights you may have to protect your interest in the mortgaged property.

Thank you.


Required Legal Notice(s)

This communication is from a debt collector. Any information obtained can be used for the purpose of collecting a debt. However, if you are in an active bankruptcy case or your debt has been discharged in bankruptcy, this notice is for informational purposes only and is not a demand for payment or an attempt to collect a debt for which your personal liability has been discharged in bankruptcy.

Texas Property Owners - COMPLAINTS REGARDING THE SERVICING OF YOUR MORTGAGE SHOULD BE SENT TO SAVINGS AND MORTGAGE LENDING, 260 NORTH LAMAR, SUITE 201, AUSTIN, TX 78705. A TOLL-FREE CONSUMER HOTLINE IS AVAILABLE AT (877) 276-5550. A complaint form and instructions may be downloaded and printed from the Department's website at www.sml.texas.gov or obtained from the Department upon request by mail at the address above, by telephone at its toll-free consumer hotline listed above, or by email at smlinfo@sml.texas.gov.


XC140 015 EGR EX

PO Box 77404
Ewing NJ 08628



**USPS CERTIFIED MAIL**

9314 8200 1910 0219 5051 21

+ 0570752 000000037 09DC02 00944190 EX

ERIN ZITOUN
2808 Maple Springs Blvd
Dallas TX 75235



0085323582 EX

# ally.

866-401-4742
ally.loanadministration.com

August 23, 2021

ERIN ZITOUN
2808 Maple Springs Blvd
Dallas TX 75235

RE: Loan Number: ███████
    Property Address: 2808 Maple Springs Blvd
                      Dallas TX 75235

Dear Borrower(s):

Our records reflect that you are delinquent on your mortgage loan payments.
The Promissory Note provides that you are required to make regular monthly
payments.

1.  You are in default of your loan due to your failure to pay the monthly
    installment due March 01, 2020, and on the same day of each month
    thereafter.
2.  The default stated in number 1 above must be cured on or before
    September 27, 2021 in the amount of $ 61731.81. Payment must be
    made payable to us and be in the form of certified funds. Personal
    checks will not be accepted.
3.  Failure to cure the default on or before the date specified in number 2
    will result in the acceleration of the unpaid principal balance of
    $ 583,976.85, along with any and all unpaid interest. Your loan
    may be referred for foreclosure, which could lead to the sale of
    the mortgaged property.
4.  You have the right to reinstate the loan after acceleration only as
    permitted by any reinstatement provisions contained within the loan
    documents or by any state or Federal laws. Reinstatement may include
    reasonable expenses incurred to protect our lien. These fees may
    include, but are not limited to, reasonable attorney and trustee fees.
    Upon reinstatement, your loan will remain in force as if no
    acceleration had occurred.
5.  You also have the right to pursue a court action to prove the
    non-existence of a default or any other defense you may have against
    the acceleration and subsequent foreclosure of your loan.



Ally Home Loans is a registered trademark of Ally Bank. Ally Bank is an Equal Housing Lender

Page 2
Loan Number: ████████

6. Unless you dispute the validity of this debt, or any portion thereof, within thirty five (35) days of receipt of this notice, the debt will be assumed by us to be valid.

7. If you notify our office in writing within thirty five (35) days of receipt of this notice that the debt, or any portion thereof, is disputed, we will mail you a copy of the verification of debt.

8. **ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.**

9. A deficiency judgement may be pursued following foreclosure proceedings according to the terms of your loan documents and as permitted by law. Please be advised, if your debt was discharged in bankruptcy, a deficiency judgement will not be pursued.

We want to work with you to resolve the default and urge you to contact the undersigned for proper attention and/or contact legal counsel to discuss any additional rights you may have to protect your interest in the mortgaged property.

Thank you.

Required Legal Notice(s)

This communication is from a debt collector. Any information obtained can be used for the purpose of collecting a debt. However, if you are in an active bankruptcy case or your debt has been discharged in bankruptcy, this notice is for informational purposes only and is not a demand for payment or an attempt to collect a debt for which your personal liability has been discharged in bankruptcy.

Texas Property Owners - COMPLAINTS REGARDING THE SERVICING OF YOUR MORTGAGE SHOULD BE SENT TO SAVINGS AND MORTGAGE LENDING, 260 NORTH LAMAR, SUITE 201, AUSTIN, TX 78705. A TOLL-FREE CONSUMER HOTLINE IS AVAILABLE AT (877) 276-5550. A complaint form and instructions may be downloaded and printed from the Department's website at www.sml.texas.gov or obtained from the Department upon request by mail at the address above, by telephone at its toll-free consumer hotline listed above, or by email at smlinfo@sml.texas.gov.

XC141 012 EGR EX



PO Box 77404
Ewing NJ 08628

+ 0570752 000000397 09DP02 00064000 FX
ERIN ZITOUN
2808 Maple Springs Blvd
Dallas TX 75235



0085323582 EX

# ally.

866-401-4742
ally.loanadministration.com

August 23, 2021

ERIN ZITOUN
2808 Maple Springs Blvd
Dallas TX 75235

RE: Loan Number: ███████
    Property Address: 2808 Maple Springs Blvd
                      Dallas TX 75235

Dear Borrower(s):

Our records reflect that you are delinquent on your mortgage loan payments.
The Promissory Note provides that you are required to make regular monthly
payments.

1. You are in default of your loan due to your failure to pay the monthly
   installment due March 01, 2020, and on the same day of each month
   thereafter.
2. The default stated in number 1 above must be cured on or before
   September 27, 2021 in the amount of $ 61731.81. Payment must be
   made payable to us and be in the form of certified funds. Personal
   checks will not be accepted.
3. Failure to cure the default on or before the date specified in number 2
   will result in the acceleration of the unpaid principal balance of
   $ 583,976.85, along with any and all unpaid interest. Your loan
   may be referred for foreclosure, which could lead to the sale of
   the mortgaged property.
4. You have the right to reinstate the loan after acceleration only as
   permitted by any reinstatement provisions contained within the loan
   documents or by any state or Federal laws. Reinstatement may include
   reasonable expenses incurred to protect our lien. These fees may
   include, but are not limited to, reasonable attorney and trustee fees.
   Upon reinstatement, your loan will remain in force as if no
   acceleration had occurred.
5. You also have the right to pursue a court action to prove the
   non-existence of a default or any other defense you may have against
   the acceleration and subsequent foreclosure of your loan.



Ally Home Loans is a registered trademark of Ally Bank. Ally Bank is an Equal Housing Lender.

570T52 000000397 09DP02 00084000

Page 2
Loan Number: ▮▮▮▮▮▮▮▮

6. Unless you dispute the validity of this debt, or any portion thereof, within thirty five (35) days of receipt of this notice, the debt will be assumed by us to be valid.

7. If you notify our office in writing within thirty five (35) days of receipt of this notice that the debt, or any portion thereof, is disputed, we will mail you a copy of the verification of debt.

8. **ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.**

9. A deficiency judgement may be pursued following foreclosure proceedings according to the terms of your loan documents and as permitted by law. Please be advised, if your debt was discharged in bankruptcy, a deficiency judgement will not be pursued.

We want to work with you to resolve the default and urge you to contact the undersigned for proper attention and/or contact legal counsel to discuss any additional rights you may have to protect your interest in the mortgaged property.

Thank you.

Required Legal Notice(s)

This communication is from a debt collector. Any information obtained can be used for the purpose of collecting a debt. However, if you are in an active bankruptcy case or your debt has been discharged in bankruptcy, this notice is for informational purposes only and is not a demand for payment or an attempt to collect a debt for which your personal liability has been discharged in bankruptcy.

Texas Property Owners - COMPLAINTS REGARDING THE SERVICING OF YOUR MORTGAGE SHOULD BE SENT TO SAVINGS AND MORTGAGE LENDING, 260 NORTH LAMAR, SUITE 201, AUSTIN, TX 78705. A TOLL-FREE CONSUMER HOTLINE IS AVAILABLE AT (877) 276-5550. A complaint form and instructions may be downloaded and printed from the Department's website at www.sml.texas.gov or obtained from the Department upon request by mail at the address above, by telephone at its toll-free consumer hotline listed above, or by email at smlinfo@sml.texas.gov.

XC141 012 EGR EX

# EXHIBIT A-7

```
SER1 0085323582              CUSTOMER SERVICE  INV AY0/001  07/28/23  15:29:04

JORDAN ZITOUN            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 0C  TYPE CONV. RES.           MAN F
                        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    IR  4.37500  BR EX   469-507-0397
2808 MAPLE SPRINGS B     DALLAS TX 75235            0 000-000-0000
----~HIST---------------------* LOAN HISTORY *-----------------------(MORE)
PROC-DT  DUE-DT  TRAN  TRAN-DESCRIPTION      SG NO         TRAN-EFFECTIVE-DATE
   TRAN-AMT  PRINCIPAL    INTEREST    ESCROW    AMOUNT/CD/DESCRIPTION
07-20-23  00-00  631  PROPERTY PRESERVATION
      150.00       0.00      0.00      0.00    150.00  MTGR REC CORP ADV BA
07-06-23  03-20  161  ESCROW ADVANCE
   44,457.19       0.00      0.00 44,457.19
07-06-23  12-22  324  CITY, UTILITY (COMBINED)
   13,060.87-      0.00      0.00 13,060.87-           PAYEE =   42113
                                 156,067.97-
07-06-23  12-22  312  COUNTY TAX
   31,396.32-      0.00      0.00 31,396.32-           PAYEE =   42113
                                 143,007.10-
06-26-23  00-00  631  PROPERTY PRESERVATION
      150.00       0.00      0.00      0.00    150.00  MTGR REC CORP ADV BA
06-12-23  00-00  631  PROPERTY PRESERVATION
      150.00       0.00      0.00      0.00    150.00  MTGR REC CORP ADV BA
06-09-23  00-00  630  ATTORNEY ADVANCES
      357.50       0.00      0.00      0.00    357.50  NON REC CORP ADV
06-06-23  00-00  631  PROPERTY PRESERVATION
       20.00       0.00      0.00      0.00     20.00  NON REC CORP ADV
06-02-23  00-00  631  PROPERTY PRESERVATION
      150.00       0.00      0.00      0.00    150.00  MTGR REC CORP ADV BA
05-25-23  00-00  631  PROPERTY PRESERVATION
      150.00       0.00      0.00      0.00    150.00  MTGR REC CORP ADV BA
05-11-23  00-00  631  PROPERTY PRESERVATION
      150.00       0.00      0.00      0.00    150.00  MTGR REC CORP ADV BA
05-11-23  00-00  630  ATTORNEY ADVANCES
    1,127.50       0.00      0.00      0.00  1,127.50  NON REC CORP ADV
05-04-23  00-00  631  PROPERTY PRESERVATION
      862.96       0.00      0.00      0.00    862.96  MTGR REC CORP ADV BA
05-03-23  00-00  631  PROPERTY PRESERVATION
       20.00       0.00      0.00      0.00     20.00  MTGR REC CORP ADV BA
05-02-23  00-00  631  PROPERTY PRESERVATION
    1,900.00       0.00      0.00      0.00  1,900.00  MTGR REC CORP ADV BA
05-02-23  00-00  631  PROPERTY PRESERVATION
      150.00       0.00      0.00      0.00    150.00  MTGR REC CORP ADV BA
05-02-23  00-00  631  PROPERTY PRESERVATION
    1,250.00       0.00      0.00      0.00  1,250.00  MTGR REC CORP ADV BA
04-21-23  00-00  633  MISC FORECLOSURE AND BANKRUPTCY EXPENSES
    1,248.24       0.00      0.00      0.00  1,248.24  NON REC CORP ADV
04-12-23  03-20  169  RESTRICTED ESCROW
```

```
      7,342.63        0.00        0.00        0.00    7,342.63   FR PAY =  AMERICAN S
                                                                  CK 62811027
04-10-23  00-00  631  PROPERTY PRESERVATION
         35.00        0.00        0.00        0.00       35.00   MTGR REC CORP ADV BA
04-06-23  00-00  631  PROPERTY PRESERVATION
         20.00        0.00        0.00        0.00       20.00   MTGR REC CORP ADV BA
03-14-23  00-00  631  PROPERTY PRESERVATION
         35.00        0.00        0.00        0.00       35.00   MTGR REC CORP ADV BA

03-10-23  00-00  631  PROPERTY PRESERVATION
         20.00        0.00        0.00        0.00       20.00   MTGR REC CORP ADV BA
02-27-23  00-00  631  PROPERTY PRESERVATION
         35.00        0.00        0.00        0.00       35.00   MTGR REC CORP ADV BA
02-16-23  00-00  631  PROPERTY PRESERVATION
         20.00        0.00        0.00        0.00       20.00   MTGR REC CORP ADV BA
02-10-23  00-00  630  ATTORNEY ADVANCES
         82.50        0.00        0.00        0.00       82.50   NON REC CORP ADV
01-31-23  03-20  161  ESCROW ADVANCE
     14,963.00        0.00        0.00   14,963.00
01-31-23  01-23  351  HAZARD INS (PRIMARY POLICY)
     14,963.00-       0.00        0.00   14,963.00-          PAYEE =   ASPOL
                                        111,610.78-
01-19-23  00-00  631  PROPERTY PRESERVATION
         98.60        0.00        0.00        0.00       98.60   MTGR REC CORP ADV BA
01-13-23  00-00  630  ATTORNEY ADVANCES
        137.50        0.00        0.00        0.00      137.50   NON REC CORP ADV
01-13-23  00-00  630  ATTORNEY ADVANCES
      2,134.50        0.00        0.00        0.00    2,134.50   NON REC CORP ADV
01-10-23  00-00  633  MISC FORECLOSURE AND BANKRUPTCY EXPENSES
        250.00        0.00        0.00        0.00      250.00   NON REC CORP ADV
01-05-23  00-00  601  MISCELLANEOUS CORPORATE DISBURSEMENT
         12.61        0.00        0.00        0.00       12.61   NON REC CORP ADV

12-14-22  00-00  631  PROPERTY PRESERVATION
         20.00        0.00        0.00        0.00       20.00   MTGR REC CORP ADV BA
12-05-22  00-00  631  PROPERTY PRESERVATION
         35.00        0.00        0.00        0.00       35.00   MTGR REC CORP ADV BA
12-05-22  00-00  630  ATTORNEY ADVANCES
        495.00        0.00        0.00        0.00      495.00   NON REC CORP ADV
11-29-22  00-00  631  PROPERTY PRESERVATION
         50.00        0.00        0.00        0.00       50.00   MTGR REC CORP ADV BA
11-29-22  00-00  631  PROPERTY PRESERVATION
        450.00        0.00        0.00        0.00      450.00   MTGR REC CORP ADV BA
11-17-22  00-00  633  MISC FORECLOSURE AND BANKRUPTCY EXPENSES
         35.00        0.00        0.00        0.00       35.00   NON REC CORP ADV
11-16-22  00-00  631  PROPERTY PRESERVATION
         20.00        0.00        0.00        0.00       20.00   MTGR REC CORP ADV BA
```

```
11-15-22  00-00  633  MISC FORECLOSURE AND BANKRUPTCY EXPENSES
        35.00        0.00       0.00       35.00   NON REC CORP ADV
11-10-22  00-00  766  MISCELLANEOUS REPAYMENT
     86,161.50        0.00       0.00       0.00  86,161.50   MTGR REC CORP ADV BA
11-09-22  00-00  304  RESTRICTED ESCROW DISBURSEMENT
     86,161.50-       0.00       0.00       0.00  86,161.50-
11-09-22  00-00  631  PROPERTY PRESERVATION
        35.00        0.00       0.00       0.00       35.00   MTGR REC CORP ADV BA
11-08-22  00-00  601  MISCELLANEOUS CORPORATE DISBURSEMENT
     86,161.50        0.00       0.00       0.00  86,161.50   MTGR REC CORP ADV BA
11-04-22  00-00  631  PROPERTY PRESERVATION
       150.00        0.00       0.00       0.00      150.00   MTGR REC CORP ADV BA
11-02-22  03-20  169  RESTRICTED ESCROW
     86,161.50        0.00       0.00       0.00  86,161.50
11-01-22  03-20  169  RESTRICTED ESCROW
     86,161.50        0.00       0.00       0.00  86,161.50
10-26-22  00-00  631  PROPERTY PRESERVATION
       150.00        0.00       0.00       0.00      150.00   MTGR REC CORP ADV BA
10-21-22  00-00  631  PROPERTY PRESERVATION
        20.00        0.00       0.00       0.00       20.00   MTGR REC CORP ADV BA
10-12-22  03-20  161  ESCROW ADVANCE
     62,748.92        0.00       0.00  62,748.92
10-12-22  12-22  324  CITY, UTILITY (COMBINED)
      9,638.81-       0.00       0.00   9,638.81-             PAYEE =   42113
                                       96,647.78-
10-12-22  12-21  324  CITY, UTILITY (COMBINED)
     11,869.70-       0.00       0.00  11,869.70-             PAYEE =   42113
                                       87,008.97-
10-12-22  12-22  312  COUNTY TAX
     21,324.83-       0.00       0.00  21,324.83-             PAYEE =   42113
                                       75,139.27-
10-12-22  12-21  312  COUNTY TAX
     19,915.58-       0.00       0.00  19,915.58-             PAYEE =   42113
                                       53,814.44-
10-12-22  00-00  631  PROPERTY PRESERVATION
       150.00        0.00       0.00       0.00      150.00   MTGR REC CORP ADV BA
10-07-22  00-00  631  PROPERTY PRESERVATION
        35.00        0.00       0.00       0.00       35.00   MTGR REC CORP ADV BA
10-05-22  00-00  633  MISC FORECLOSURE AND BANKRUPTCY EXPENSES
        50.00        0.00       0.00       0.00       50.00   NON REC CORP ADV
10-05-22  00-00  633  MISC FORECLOSURE AND BANKRUPTCY EXPENSES
       290.00        0.00       0.00       0.00      290.00   NON REC CORP ADV
09-30-22  00-00  631  PROPERTY PRESERVATION
       100.00        0.00       0.00       0.00      100.00   MTGR REC CORP ADV BA
09-29-22  00-00  631  PROPERTY PRESERVATION
       150.00        0.00       0.00       0.00      150.00   MTGR REC CORP ADV BA
09-26-22  00-00  631  PROPERTY PRESERVATION
```

```
      150.00        0.00       0.00       0.00     150.00   MTGR REC CORP ADV BA
09-19-22  00-00  631  PROPERTY PRESERVATION
       15.00        0.00       0.00       0.00      15.00   MTGR REC CORP ADV BA
09-12-22  00-00  630  ATTORNEY ADVANCES
       75.00        0.00       0.00       0.00      75.00   MTGR REC CORP ADV BA
09-09-22  00-00  631  PROPERTY PRESERVATION
       60.00        0.00       0.00       0.00      60.00   MTGR REC CORP ADV BA
09-02-22  00-00  632  STATUTORY EXPENSES
        3.00        0.00       0.00       0.00       3.00   MTGR REC CORP ADV BA
09-02-22  00-00  632  STATUTORY EXPENSES
       18.28        0.00       0.00       0.00      18.28   MTGR REC CORP ADV BA
09-02-22  00-00  632  STATUTORY EXPENSES
       25.00        0.00       0.00       0.00      25.00   MTGR REC CORP ADV BA
09-02-22  00-00  632  STATUTORY EXPENSES
       27.06        0.00       0.00       0.00      27.06   MTGR REC CORP ADV BA
09-02-22  00-00  630  ATTORNEY ADVANCES
      810.00        0.00       0.00       0.00     810.00   MTGR REC CORP ADV BA
09-01-22  03-20  169  RESTRICTED ESCROW
    1,662.58        0.00       0.00       0.00   1,662.58   FR PAY =  AMERICAN S
                                                             CK 62786488
08-31-22  00-00  631  PROPERTY PRESERVATION
      150.00        0.00       0.00       0.00     150.00   MTGR REC CORP ADV BA

08-25-22  00-00  633  MISC FORECLOSURE AND BANKRUPTCY EXPENSES
      585.00        0.00       0.00       0.00     585.00   MTGR REC CORP ADV BA
08-25-22  00-00  631  PROPERTY PRESERVATION
       15.00        0.00       0.00       0.00      15.00   MTGR REC CORP ADV BA
08-17-22  00-00  631  PROPERTY PRESERVATION
      150.00        0.00       0.00       0.00     150.00   MTGR REC CORP ADV BA
08-10-22  00-00  633  MISC FORECLOSURE AND BANKRUPTCY EXPENSES
       35.00        0.00       0.00       0.00      35.00   NON REC CORP ADV
08-02-22  00-00  631  PROPERTY PRESERVATION
       40.00        0.00       0.00       0.00      40.00   MTGR REC CORP ADV BA
08-02-22  00-00  631  PROPERTY PRESERVATION
       63.90        0.00       0.00       0.00      63.90   MTGR REC CORP ADV BA
08-01-22  00-00  631  PROPERTY PRESERVATION
      150.00        0.00       0.00       0.00     150.00   MTGR REC CORP ADV BA
07-28-22  00-00  631  PROPERTY PRESERVATION
       15.00        0.00       0.00       0.00      15.00   MTGR REC CORP ADV BA
07-26-22  03-20  169  RESTRICTED ESCROW
    4,805.08        0.00       0.00       0.00   4,805.08   FR PAY =  AMERICAN S
                                                             CK 62783270
07-26-22  00-00  631  PROPERTY PRESERVATION
      150.00        0.00       0.00       0.00     150.00   MTGR REC CORP ADV BA
07-22-22  00-00  601  MISCELLANEOUS CORPORATE DISBURSEMENT
       12.60        0.00       0.00       0.00      12.60   NON REC CORP ADV
```

```
07-14-22  00-00  631  PROPERTY PRESERVATION
      35.00      0.00      0.00      0.00     35.00   MTGR REC CORP ADV BA
07-08-22  00-00  633  MISC FORECLOSURE AND BANKRUPTCY EXPENSES
      12.00      0.00      0.00      0.00     12.00   NON REC CORP ADV
07-07-22  00-00  631  PROPERTY PRESERVATION
      35.00      0.00      0.00      0.00     35.00   MTGR REC CORP ADV BA
06-28-22  00-00  631  PROPERTY PRESERVATION
      15.00      0.00      0.00      0.00     15.00   MTGR REC CORP ADV BA
06-13-22  00-00  633  MISC FORECLOSURE AND BANKRUPTCY EXPENSES
     125.00      0.00      0.00      0.00    125.00   NON REC CORP ADV
06-13-22  00-00  633  MISC FORECLOSURE AND BANKRUPTCY EXPENSES
      50.00      0.00      0.00      0.00     50.00   NON REC CORP ADV
06-13-22  00-00  633  MISC FORECLOSURE AND BANKRUPTCY EXPENSES
     290.00      0.00      0.00      0.00    290.00   NON REC CORP ADV
06-10-22  03-20  169  RESTRICTED ESCROW
   1,789.84      0.00      0.00      0.00   1,789.84   FR PAY =  AMERICAN S
                                                       CK 60511465
06-09-22  00-00  631  PROPERTY PRESERVATION
     303.70      0.00      0.00      0.00    303.70   MTGR REC CORP ADV BA
06-06-22  00-00  631  PROPERTY PRESERVATION
      50.00      0.00      0.00      0.00     50.00   MTGR REC CORP ADV BA
06-02-22  00-00  631  PROPERTY PRESERVATION
      15.00      0.00      0.00      0.00     15.00   MTGR REC CORP ADV BA


05-11-22  00-00  633  MISC FORECLOSURE AND BANKRUPTCY EXPENSES
      35.00      0.00      0.00      0.00     35.00   NON REC CORP ADV
05-04-22  00-00  632  STATUTORY EXPENSES
       2.92      0.00      0.00      0.00      2.92   MTGR REC CORP ADV BA
05-04-22  00-00  632  STATUTORY EXPENSES
       2.19      0.00      0.00      0.00      2.19   MTGR REC CORP ADV BA
05-04-22  00-00  632  STATUTORY EXPENSES
     216.50      0.00      0.00      0.00    216.50   MTGR REC CORP ADV BA
05-04-22  00-00  631  PROPERTY PRESERVATION
      15.00      0.00      0.00      0.00     15.00   NON REC CORP ADV
05-04-22  00-00  630  ATTORNEY ADVANCES
     540.00      0.00      0.00      0.00    540.00   MTGR REC CORP ADV BA
04-15-22  00-00  745  CORPORATE ADVANCE ADJUSTMENT
      15.00      0.00      0.00      0.00     15.00   NON REC CORP ADV
04-15-22  00-00  745  CORPORATE ADVANCE ADJUSTMENT
      15.00-     0.00      0.00      0.00     15.00-  MTGR REC CORP ADV BA
04-07-22  03-20  161  ESCROW ADVANCE
  12,574.00      0.00      0.00 12,574.00
04-07-22  01-22  351  HAZARD INS (PRIMARY POLICY)
  12,574.00-     0.00      0.00 12,574.00-          PAYEE =   ASPOL
                                33,898.86-
04-05-22  00-00  631  PROPERTY PRESERVATION
      15.00      0.00      0.00      0.00     15.00   MTGR REC CORP ADV BA
```

```
03-30-22  00-00  631  PROPERTY PRESERVATION
       60.00        0.00        0.00        0.00        60.00   MTGR REC CORP ADV BA
03-30-22  00-00  631  PROPERTY PRESERVATION
       40.00        0.00        0.00        0.00        40.00   MTGR REC CORP ADV BA
03-18-22  03-20  152  LATE CHARGE ASSESSMENT
        0.00        0.00        0.00        0.00    149.79-1 LATE CHARGE
03-15-22  00-00  631  PROPERTY PRESERVATION
       15.00        0.00        0.00        0.00        15.00   MTGR REC CORP ADV BA
03-10-22  00-00  631  PROPERTY PRESERVATION
       35.00        0.00        0.00        0.00        35.00   MTGR REC CORP ADV BA
02-18-22  03-20  152  LATE CHARGE ASSESSMENT
        0.00        0.00        0.00        0.00    149.79-1 LATE CHARGE
02-17-22  00-00  631  PROPERTY PRESERVATION
       15.00        0.00        0.00        0.00        15.00   MTGR REC CORP ADV BA
01-24-22  00-00  633  MISC FORECLOSURE AND BANKRUPTCY EXPENSES
       35.00        0.00        0.00        0.00        35.00   NON REC CORP ADV
01-20-22  00-00  631  PROPERTY PRESERVATION
       15.00        0.00        0.00        0.00        15.00   MTGR REC CORP ADV BA
01-18-22  03-20  152  LATE CHARGE ASSESSMENT
        0.00        0.00        0.00        0.00    149.79-1 LATE CHARGE
12-20-21  03-20  152  LATE CHARGE ASSESSMENT
        0.00        0.00        0.00        0.00    149.79-1 LATE CHARGE
12-17-21  00-00  631  PROPERTY PRESERVATION
       15.00        0.00        0.00        0.00        15.00   MTGR REC CORP ADV BA
11-18-21  03-20  152  LATE CHARGE ASSESSMENT
        0.00        0.00        0.00        0.00    149.79-1 LATE CHARGE
11-12-21  00-00  631  PROPERTY PRESERVATION
       15.00        0.00        0.00        0.00        15.00   MTGR REC CORP ADV BA
11-08-21  00-00  631  PROPERTY PRESERVATION
       35.00        0.00        0.00        0.00        35.00   MTGR REC CORP ADV BA
10-28-21  00-00  631  PROPERTY PRESERVATION
       35.00        0.00        0.00        0.00        35.00   MTGR REC CORP ADV BA
10-22-21  00-00  631  PROPERTY PRESERVATION
       15.00        0.00        0.00        0.00        15.00   MTGR REC CORP ADV BA
10-18-21  00-00  631  PROPERTY PRESERVATION
      225.00        0.00        0.00        0.00       225.00   MTGR REC CORP ADV BA
10-18-21  00-00  631  PROPERTY PRESERVATION
       18.56        0.00        0.00        0.00        18.56   MTGR REC CORP ADV BA
10-06-21  00-00  631  PROPERTY PRESERVATION
       15.00        0.00        0.00        0.00        15.00   MTGR REC CORP ADV BA
09-30-21  03-20  132  LATE CHARGE ADJUSTMENT
        0.00        0.00        0.00        0.00    299.58 1 LATE CHARGE
09-29-21  00-00  633  MISC FORECLOSURE AND BANKRUPTCY EXPENSES
       35.00        0.00        0.00        0.00        35.00   NON REC CORP ADV
09-29-21  00-00  631  PROPERTY PRESERVATION
       40.00        0.00        0.00        0.00        40.00   MTGR REC CORP ADV BA
```

```
09-29-21  00-00  631  PROPERTY PRESERVATION
      58.50        0.00        0.00        0.00        58.50   MTGR REC CORP ADV BA
09-29-21  00-00  631  PROPERTY PRESERVATION
      50.00        0.00        0.00        0.00        50.00   MTGR REC CORP ADV BA
09-29-21  00-00  631  PROPERTY PRESERVATION
      60.00        0.00        0.00        0.00        60.00   MTGR REC CORP ADV BA
09-24-21  00-00  631  PROPERTY PRESERVATION
      15.00        0.00        0.00        0.00        15.00   MTGR REC CORP ADV BA
08-31-21  00-00  633  MISC FORECLOSURE AND BANKRUPTCY EXPENSES
      12.40        0.00        0.00        0.00        12.40   NON REC CORP ADV
08-12-21  00-00  631  PROPERTY PRESERVATION
      15.00        0.00        0.00        0.00        15.00   MTGR REC CORP ADV BA
06-15-21  00-00  601  MISCELLANEOUS CORPORATE DISBURSEMENT
      11.97        0.00        0.00        0.00        11.97   NON REC CORP ADV
06-10-21  00-00  631  PROPERTY PRESERVATION
      35.00        0.00        0.00        0.00        35.00   MTGR REC CORP ADV BA
05-19-21  03-20  132  LATE CHARGE ADJUSTMENT
       0.00        0.00        0.00        0.00       149.79 1 LATE CHARGE
05-10-21  00-00  631  PROPERTY PRESERVATION
      15.00        0.00        0.00        0.00        15.00   MTGR REC CORP ADV BA
03-18-21  00-00  745  CORPORATE ADVANCE ADJUSTMENT
      75.00-       0.00        0.00        0.00        75.00-  3RD REC CORP ADV
03-18-21  00-00  745  CORPORATE ADVANCE ADJUSTMENT
      75.00        0.00        0.00        0.00        75.00   NON REC CORP ADV
02-19-21  00-00  633  MISC FORECLOSURE AND BANKRUPTCY EXPENSES
     150.00        0.00        0.00        0.00       150.00   NON REC CORP ADV
02-19-21  00-00  633  MISC FORECLOSURE AND BANKRUPTCY EXPENSES
       5.00        0.00        0.00        0.00         5.00   NON REC CORP ADV
02-04-21  00-00  633  MISC FORECLOSURE AND BANKRUPTCY EXPENSES
      75.00        0.00        0.00        0.00        75.00   3RD REC CORP ADV
01-19-21  03-20  152  LATE CHARGE ASSESSMENT
       0.00        0.00        0.00        0.00       149.79-1 LATE CHARGE
01-19-21  00-00  631  PROPERTY PRESERVATION
      15.00        0.00        0.00        0.00        15.00   MTGR REC CORP ADV BA
```

```
I3001-721                        CENLAR FSB                    LOAN HISTORY Y-T-D INV AY0 CAT 001 INV# 0085323582 T13 12/31/20
                                                                                                        PAGE  73609

LN#    0085323582   JORDAN ZITOUN                                                                          EMP 0   P0F0
                                            2808 MAPLE SPRINGS BLVD        DALLAS              TX 75235

1ST MTGE PRIN 2ND MTGE PRIN   ESC BAL     REST ESC    SUSPENSE    ADV BAL    REPL RES   HUD BAL   LC BAL   INT DUE DUE DATE HUD PRT OF M
   583,976.85          .00        .00         .00         .00 21,324.86         .00        .00   449.37       .00 03-01-20     .00 EX M

P & I 1ST  P&I 2ND   CO TAX CITY TAX HAZ INS   M I P    LIEN    BSC A & H      LIFE       MISC       REP RES  TOT PAYMT INT RATE DT BM
 2995.72        .00     .00    .00    .00      .00      .00      .00 0         .00 0        .00     3029.98  .0437500  1 9
  OVER/SHORT AMT       34.26

   1ST ORIG MTG  2ND ORIG MTG    PRIN BAL BEG  INT IND  CAP FLAG  MTGR SSN        DEF INT BAL  PRIOR YR PPD INT  PPD INT IND  GPM ORG
      600,000             0       585,700.69      2               *** ** ****          0.00           0.00        0             0

ASSUM-DT XFER-DEED FHA-SEC/NUM   LIP PAYOFF FC-TRK-SW YE-ACQ-RPT/DATE   SALE-ID EXEMPT PLGD-LN PMT-OPT CALC-METH ELOC BNKRPCY CH/DT
                                                  Y/01-02-19   ALJP010219  6

PMT PERIOD  1098-DET-HIST  POINTS-PAID/RPTG YR  SUPPR-MICR-STMT  DI-NOT-RPT-YR  REAS CAUS  RI-HDR-SW  1ST-DUE-DT      REO STAT/COMPL DT
    12                           .00                                                                  08-18

IOE CREDIT YTD/W-H SW/W-H BALANCE    IORE CREDIT YTD/W-H SW/W-H BALANCE    CONSTR CD   NO PURGE FLAG/YR   BNKRPT STAT    LAST DEF DUE
       .00              .00                 .00              .00                                                          07-48

REC CORP ADV BAL  3RD REC CORP ADV BAL    FORECL WKST CODE/REINSTATE DATE   INIT ESC STMT CODE / DATE    LOSS MIT STATUS/COMPL DATE
       16.25                  .00                                                                                     A

 DUE PROC TP SQ   AMOUNT    PRINCIPAL   PRINCIPAL  INTEREST   ESCROW    ESCROW   ADVANCE  STATUS    STATUS   UNEARNED   OTHER  CFD
DATE DATE TR NO  RECEIVED     PAID       BALANCE     PAID      PAID    BALANCE   BALANCE  AMOUNT   BALANCE  INT-BAL.   AMOUNTS DCT
BAL-FWD                                 585700.69                        .00    1687.05           .00       .00      .00 WB
01-20 01-03 1 73 1  4271.67    860.35   584840.34  2135.37   1275.95   1275.95  1687.05           .00       .00      .00 WB1
            SF:DR                                                      PRV-PD FROM: 12-17-19   THRU: 01-03-20
01-20 01-03 1 68 2      .00       .00   584840.34      .00   1275.95-     .00    411.10   BATCH ELZ EDIT-SEQ 999999 ACTION 01TD
                                                                                         .00       .00       .00      .00 WB1
                                                                                                                1275.95 V
02-20 01-21 1 73 1  3029.98    863.49   583976.85  2132.23    34.26     34.26    411.10   BATCH ELZ EDIT-SEQ 999999
            SF:DR                                                      PRV-PD FROM: 01-03-20   THRU: 01-21-20
02-20 01-21 1 68 2      .00       .00   583976.85      .00    34.26-     .00    376.84   BATCH (I) EDIT-SEQ 999999 ACTION 01TD
                                                                                         .00       .00       .00      .00 WB1
                                                                                                                 34.26 V
00-00 02-05 6 31 1      .00 PROCES NIV  REASON PINS PROPERTY INSPECT  CORP:SEQ          PAYEE 16R00   ORIG PAY 5BROS     16.25 AR
            CHECK #310826
03-20 03-18 1 52 1      .00       .00   583976.85      .00     .00       .00    376.84   .00       .00       .00    149.79- 11
                                                                                                                   .00 WB
03-20 05-29 1 32 1      .00       .00   583976.85      .00     .00       .00    376.84   .00       .00       .00    149.79 C11
                                                                                                                   .00 WB
                                                                               BATCH DNN EDIT-SEQ 004411
12-19 06-11 3 12 1  CHECK #WIRE              18215.66- 18215.66-      PAYEE CD 42113
12-19 06-11 3 24 2  CHECK #WIRE               2732.36- 20948.02-     PAYEE CD 42113
03-20 06-11 1 61 3 20948.02       .00   583976.85      .00 20948.02      .00 21324.86    .00       .00       .00      .00 WB1
03-20 08-18 1 52 1      .00       .00   583976.85      .00     .00       .00 21324.86    .00       .00       .00    149.79- 11
                                                                                                                   .00 WB
00-00 09-10 6 01 1      .00 PROCES SKD  REASON CRED CREDIT BUREAU RP  CORP:SEQ 03 PAYEE 16N52  ORIG PAY LMCORECRED    10.95 AN
            CHECK #569324
00-00 09-16 6 33 1      .00 PROCES NIV  REASON LMTI LOSS MIT TITLE    CORP:SEQ    PAYEE 17T25   ORIG PAY LMFIDELITY   125.00 AT
I3001-721                        CENLAR FSB                    LOAN HISTORY Y-T-D INV AY0 CAT 001 INV# 0085323582 T13 12/31/20
LOAN-NO (CONT'D)                                                                                        PAGE  73610

LN#    0085323582   JORDAN ZITOUN                                                                          EMP 0   P0F0

 DUE PROC TP SQ   AMOUNT    PRINCIPAL   PRINCIPAL  INTEREST   ESCROW    ESCROW   ADVANCE  STATUS    STATUS   UNEARNED   OTHER  CFD
DATE DATE TR NO  RECEIVED     PAID       BALANCE     PAID      PAID    BALANCE   BALANCE  AMOUNT   BALANCE  INT-BAL.   AMOUNTS DCT
            CHECK #577806
00-00 09-16 7 45 1   125.00 PROCES PTY  REASON LMTI LMTI              CORP:SEQ    PAYEE 16N52   ORIG PAY             125.00 AN
00-00 09-16 7 45 2   125.00 PROCES PTY  REASON LMTI LMTI              CORP:SEQ    PAYEE 17T25   ORIG PAY             125.00-AT
00-00 10-20 6 33 1      .00 PROCES NIV  REASON LMAP LOSS MIT APRSL    CORP:SEQ    PAYEE 17T25   ORIG PAY PROTECK     625.00 AT
            CHECK #809996
00-00 10-21 7 45 1   625.00 PROCES PTY  REASON LMAP LMAP              CORP:SEQ    PAYEE 16N52   ORIG PAY             625.00 AN
00-00 10-21 7 45 2   625.00 PROCES PTY  REASON LMAP LMAP              CORP:SEQ    PAYEE 17T25   ORIG PAY             625.00-AT
00-00 11-10 6 01 1      .00 PROCES SYK  REASON ASSN ASSIGNMENT PREP   CORP:SEQ 03 PAYEE 16N52  ORIG PAY DFCNWTLCLR    26.50 AN
            CHECK #947441
00-00 12-09 6 01 1      .00 PROCES SYK  REASON ASSN ASSIGNMENT PREP   CORP:SEQ 03 PAYEE 16N52  ORIG PAY DFCNWTLCLR    30.00 AN
            CHECK #272339
00-00 12-09 6 01 2      .00 PROCES SYK  REASON ASSN ASSIGNMENT PREP   CORP:SEQ 03 PAYEE 16N52  ORIG PAY DFCNWTLCLR    16.25 AN
            CHECK #272340

REQ-BY TOTALS  28,249.67                  4,267.60                              .00                                2,010.37
Y/E                          1,723.84              20,948.02
```

OTHER AMOUNT CODES:

```
A =FHA-PENALTY        B =                  C =235-FEE           D =                  E =CHG-OWNER-FEE-PD   F =MISC
G =SER-INT-PD TO POOL H =                  I =A-H-PD            J =LIFE-PD           K =INT-DUE-PD         L =
M =ADVANCE-EFF-DATE   N =ADVANCE-MEMO-AMT  O =                  P =ACCRUED-IOE/IORE  Q =SCHED-PMT-DUE-AMT  R =UE-INT-AMT
S =CR-LIFE-AMT        T =ORIG-FEE-AMT      U =REAPPLICATION-FEE V =ESCROW-ADVANCE    W =SUSPENSE           X =REPLACEMENT-RESERVE
Y =HUD-FUND           Z =RESTRICTED-ESCROW AA=SER-FEE-PD        AB=DEF/CAP-INT-PD    AC=LF-DEF/CAP-INT-PD  AD=CHECK-NO
AE=DEF/CAP-INT-LTD-PD AF=LF-DEF/CAP-INT-LTD AG=SUB-CODE         AH=                  AI=                   AJ=DEF-INT-ADJ-FLAG
AK=ADV-AMT-RECD       AL=TRAN-SOURCE       AM=IOC-SPEC-INT-PD   AN=NON-REC-CORP-ADV  AO=                   AP=DATE-STAMP
AQ=TIME-STAMP         AR=MTGR-REC-CORP-ADV AS=PREV-POSTED       AT=3RD-REC-CORP-ADV  AU=                   AV=
AW=                   AX=                  AY=ADJ YE 1098 IND   AZ=
P1=1ST PRIN BAL       P2=2ND PRIN BAL      WB=SUSP BAL
FEE CODES:            1=LATE-CHARGE        2=BAD-CK-FEE         3=CHG-OWNER          $=ELOC-FEE
```

```
I3001-721                        CENLAR FSB                LOAN HISTORY Y-T-D INV AY0 CAT 001 INV# 0085323582 T13 12/31/19
                                                                                                              PAGE  18989

LN#    0085323582   JORDAN ZITOUN
                                                2808 MAPLE SPRINGS BLVD        DALLAS              TX 75235      EMP 0   P0F0

1ST MTGE PRIN 2ND MTGE PRIN  ESC BAL     REST ESC     SUSPENSE    ADV BAL   REPL RES   HUD BAL    LC BAL   INT DUE DUE DATE HUD PRT OF M
   585,700.69          .00        .00         .00          .00  1,687.05        .00        .00    299.58       .00 01-01-20    .00 EX M

P & I 1ST  P&I 2ND    CO TAX CITY TAX  HAZ INS    M I P    LIEN    BSC  A & H      LIFE       MISC      REP RES   TOT PAYMT INT RATE DT BM
 2995.72         .00     .00       .00  493.92      .00      .00    .00  .00 0     .00 0        .00           .00  4271.67  .0437500  1 9
   OVER/SHORT AMT      782.03

   1ST ORIG MTG   2ND ORIG MTG      PRIN BAL BEG  INT IND  CAP FLAG  MTGR SSN        DEF INT BAL   PRIOR YR PPD INT  PPD INT IND  GPM ORG
      600,000            0           595,929.33      2                *** ** ****         0.00           0.00      0        0         0

ASSUM-DT XFER-DEED FHA-SEC/NUM   LIP PAYOFF FC-TRK-SW YE-ACQ-RPT/DATE   SALE-ID EXEMPT PLGD-LN PMT-OPT CALC-METH ELOC BNKRPCY CH/DT
                                                    Y/01-02-19   ALJP010219  6

PMT PERIOD  1098-DET-HIST  POINTS-PAID/RPTG YR   SUPPR-MICR-STMT   DI-NOT-RPT-YR   REAS CAUS  RI-HDR-SW  1ST-DUE-DT        REO STAT/COMPL DT
    12                                      .00                                                          08-18

IOE CREDIT YTD/W-H SW/W-H BALANCE    IORE CREDIT YTD/W-H SW/W-H BALANCE    CONSTR CD    NO PURGE FLAG/YR   BNKRPT STAT    LAST DEF DUE
           .00            .00                     .00            .00                                                      07-48

REC CORP ADV BAL    3RD REC CORP ADV BAL    FORECL WKST CODE/REINSTATE DATE    INIT ESC STMT CODE / DATE   LOSS MIT STATUS/COMPL DATE
        .00                  .00
```

| DUE DATE | PROC DATE | TP TR | SQ NO | AMOUNT RECEIVED | PRINCIPAL PAID | PRINCIPAL BALANCE | INTEREST PAID | ESCROW PAID | ESCROW BALANCE | ADVANCE BALANCE | STATUS AMOUNT | STATUS BALANCE | UNEARNED INT-BAL. | OTHER AMOUNTS CFD DCT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BAL-FWD | | | | | | 595929.33 | | | | | | | | |
| 01-19 | 01-03 | 1 42 | 1 | 595929.33- | 595929.33 | .00 | .00 | .00 | .00 | .00 | .00 | .00 | .00 WB |
| | | | | | | | | | | BATCH {A} EDIT-SEQ 531417 | | | | .00 WB1 |
| 01-19 | 02-01 | 1 73 | 1 | 2995.72 | 823.06 | 595106.27 | 2172.66 | .00 | .00 | .00 | .00 | .00 | .00 | .00 WB1 |
| | | | | SF:DR | | | | | | PRV-PD FROM: 02-01-19  THRU: 02-01-19 | | | | |
| 02-19 | 02-15 | 1 73 | 1 | 2995.72 | 826.06 | 594280.21 | 2169.66 | .00 | .00 | .00 | .00 | .00 | .00 | .00 WB1 |
| | | | | SF:DR | | | | | | BATCH DRN EDIT-SEQ 999999 ACTION 01TD | | | | |
| | | | | | | | | | | PRV-PD FROM: 02-01-19  THRU: 02-15-19 | | | | |
| 02-19 | 02-27 | 1 48 | 1 | .00 | 826.06- | 595106.27 | 2169.66- | .00 | .00 | .00 | .00 | .00 | .00 | .00 WB1 |
| | | | | REV-CD | 84 | | | | | BATCH DRN EDIT-SEQ 999999 ACTION 01TD | | | | |
| 02-19 | 03-06 | 1 73 | 1 | 5991.44 | 826.06 | 594280.21 | 2169.66 | .00 | .00 | .00 | .00 | .00 | .00 | .00 WB1 |
| | | | | | | | | | | BATCH 8N1 EDIT-SEQ 191031 | | | | |
| | | | | | | | | | | PRV-PD FROM: 02-01-19  THRU: 03-06-19 | | | | |
| 03-19 | 03-06 | 1 73 | 2 | .00 | 829.07 | 593451.14 | 2166.65 | .00 | .00 | .00 | .00 | .00 | .00 | .00 WB1 |
| | | | | SF:DR | | | | | | BATCH (I) EDIT-SEQ 999999 ACTION 01TD | | | | |
| | | | | | | | | | | PRV-PD FROM: 03-06-19  THRU: 03-06-19 | | | | |
| 04-19 | 03-25 | 1 73 | 1 | 3020.72 | 832.10 | 592619.04 | 2163.62 | .00 | .00 | .00 | .00 | .00 | .00 | 25.00 21 |
| | | | | | | | | | | | | | | .00 WB |
| | | | | SF:DR | | | | | | PRV-PD FROM: 03-06-19  THRU: 03-25-19 | | | | |
| 05-19 | 04-30 | 1 73 | 1 | 2995.72 | 835.13 | 591783.91 | 2160.59 | .00 | .00 | .00 | .00 | .00 | .00 | .00 WB1 |
| | | | | SF:DR | | | | | | BATCH (I) EDIT-SEQ 999999 ACTION 01TD | | | | |
| | | | | | | | | | | PRV-PD FROM: 03-25-19  THRU: 04-30-19 | | | | |
| 06-19 | 05-02 | 1 73 | 1 | 2995.72 | 838.17 | 590945.74 | 2157.55 | .00 | .00 | .00 | .00 | .00 | .00 | .00 WB1 |
| | | | | SF:DR | | | | | | BATCH (I) EDIT-SEQ 999999 ACTION 01TD | | | | |
| | | | | | | | | | | PRV-PD FROM: 04-30-19  THRU: 05-02-19 | | | | |
| 07-19 | 06-27 | 1 73 | 1 | 2995.72 | 841.23 | 590104.51 | 2154.49 | .00 | .00 | .00 | .00 | .00 | .00 | .00 WB1 |
| | | | | | | | | | | BATCH (I) EDIT-SEQ 999999 ACTION 01TD | | | | |
| | | | | | | | | | | PRV-PD FROM: 05-02-19  THRU: 06-27-19 | | | | |

```
I3001-721                        CENLAR FSB                LOAN HISTORY Y-T-D INV AY0 CAT 001 INV# 0085323582 T13 12/31/19
LOAN-NO (CONT'D)                                                                                              PAGE  18990

LN#    0085323582   JORDAN ZITOUN                                                                              EMP 0   P0F0
```

| DUE DATE | PROC DATE | TP TR | SQ NO | AMOUNT RECEIVED | PRINCIPAL PAID | PRINCIPAL BALANCE | INTEREST PAID | ESCROW PAID | ESCROW BALANCE | ADVANCE BALANCE | STATUS AMOUNT | STATUS BALANCE | UNEARNED INT-BAL. | OTHER AMOUNTS CFD DCT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | SF:DR | | | | | | BATCH (I) EDIT-SEQ 999999 ACTION 01TD | | | | |
| 08-19 | 08-19 | 1 52 | 1 | .00 | .00 | 590104.51 | .00 | .00 | .00 | .00 | .00 | .00 | .00 | 149.79- 11 |
| | | | | | | | | | | | | | | .00 WB |
| 08-19 | 09-27 | 1 73 | 1 | 6141.23 | 844.30 | 589260.21 | 2151.42 | .00 | .00 | .00 | .00 | .00 | .00 | 149.79 11 |
| | | | | | | | | | | | | | | .00 WB |
| | | | | | | | | | | PRV-PD FROM: 06-27-19  THRU: 09-27-19 | | | | |
| 09-19 | 09-27 | 1 73 | 2 | .00 | 847.38 | 588412.83 | 2148.34 | .00 | .00 | .00 | .00 | .00 | .00 | .00 WB1 |
| | | | | SF:DR | | | | | | BATCH (I) EDIT-SEQ 999999 ACTION 01TD | | | | |
| | | | | | | | | | | PRV-PD FROM: 09-27-19  THRU: 09-27-19 | | | | |
| 10-19 | 10-01 | 1 47 | 1 | .00 | .00 | 588412.83 | .00 | .00 | .00 | .00 | .00 | .00 | .00 | 149.79- 11 |
| | | | | | | | | | | | | | | 149.79 W |
| | | | | | | | | | | | | | | 149.79 WB |
| | | | | REV-CD | 02 | | | | | BATCH 598 EDIT-SEQ 084114 ACTION 0902 | | | | |
| 10-19 | 10-01 | 1 75 | 2 | .00 | 149.79 | 588263.04 | .00 | .00 | .00 | .00 | .00 | .00 | .00 | 149.79-W 1 |
| | | | | | | | | | | | | | | .00 WB |
| | | | | | | | | | | PRV-PD FROM: 09-27-19  THRU: 09-27-19 | | | | |

```
06-19 10-08 3 51  1    CHECK #642087                        5927.00- 5927.00-      PAYEE CD ASPOL
10-19 10-08 1 61  2    5927.00        .00  588263.04    .00 5927.00     .00 5927.00      .00       .00       .00       .00 WB1

10-19 10-10 1 32  1        .00        .00  588263.04    .00     .00     .00 5927.00      .00       .00       .00    149.79 C11
                                                                                                                      .00 WB
                                                                           BATCH VZC EDIT-SEQ 595109
10-19 10-17 1 52  1        .00        .00  588263.04    .00     .00     .00 5927.00      .00       .00       .00    149.79- I1
                                                                                                                      .00 WB
10-19 11-18 1 52  1        .00        .00  588263.04    .00     .00     .00 5927.00      .00       .00       .00    149.79- I1
                                                                                                                      .00 WB
10-19 12-12 1 73  1    5991.44     851.01  587412.03 2144.71     .00     .00 5927.00      .00       .00       .00       .00 WB1
                  SF:DR                                     PRV-PD FROM: 09-27-19  THRU: 12-12-19
                                                                           BATCH EMM EDIT-SEQ 999999 ACTION 01TD
11-19 12-12 1 73  2        .00     854.11  586557.92 2141.61     .00     .00 5927.00      .00       .00       .00       .00 WB1
                  SF:DR                                     PRV-PD FROM: 12-12-19  THRU: 12-12-19
                                                                           BATCH EMM EDIT-SEQ 999999 ACTION 01TD
12-19 12-17 1 73  1    4271.67     857.23  585700.69 2138.49 1275.95 1275.95 5927.00      .00       .00       .00       .00 WB1
                  SF:DR                                     PRV-PD FROM: 12-12-19  THRU: 12-17-19
                                                                           BATCH VZC EDIT-SEQ 999999 ACTION 01TD
12-19 12-17 1 68  2        .00        .00  585700.69    .00 1275.95-    .00 4651.05      .00       .00       .00       .00 WB1
                                                                                                                  1275.95 V
                                                                           BATCH VZC EDIT-SEQ 999999
01-20 12-30 1 63  1    2964.00        .00  585700.69    .00 2964.00 2964.00 4651.05      .00       .00       .00       .00 WB1
                  FROM PAYEE CD ASPOL      DESCRIPTION CANCELLATION
                                                                           BATCH 000 EDIT-SEQ 255072
01-20 12-30 1 68  2        .00        .00  585700.69    .00 2964.00-    .00 1687.05      .00       .00       .00       .00 WB1
                                                                                                                  2964.00 V
                                                                           BATCH 000 EDIT-SEQ 255072
```

```
I3001-721                     CENLAR FSB                    LOAN HISTORY Y-T-D INV AY0 CAT 001 INV# 0085323582 T13 12/31/19
LOAN-NO (CONT'D)  0085323582                                                                            PAGE  18991

REQ-BY TOTALS    49,286.10              25,869.79                          .00                    3,965.37
   Y/E                    10,228.64               5,927.00
```

```
OTHER AMOUNT CODES:
A =FHA-PENALTY        B =                   C =235-FEE            D =                  E =CHG-OWNER-FEE-PD   F =MISC
G =SER-INT-PD TO POOL H =                   I =A-H-PD             J =LIFE-PD           K =INT-DUE-PD         L =
M =ADVANCE-EFF-DATE   N =ADVANCE-MEMO-AMT   O =                   P =ACCRUED-IOE/IORE  Q =SCHED-PMT-DUE-AMT  R =UE-INT-AMT
S =CR-LIFE-AMT        T =ORIG-FEE-AMT       U =REAPPLICATION-FEE  V =ESCROW-ADVANCE    W =SUSPENSE           X =REPLACEMENT-RESERVE
Y =HUD-FUND           Z =RESTRICTED-ESCROW  AA=SER-FEE-PD         AB=DEF/CAP-INT-PD    AC=LF-DEF/CAP-INT-PD  AD=CHECK-NO
AE=DEF-CAP-INT-LTD-PD AF=LF-DEF/CAP-INT-LTD AG=SUB-CODE           AH=                  AI=                   AJ=DEF-INT-ADJ-FLAG
AK=ADV-AMT-RECD       AL=TRAN-SOURCE        AM=IOC-SPEC-INT-PD    AN=NON-REC-CORP-ADV  AO=                   AP=DATE-STAMP
AQ=TIME-STAMP         AR=MTGR-REC-CORP-ADV  AS=PREV-POSTED        AT=3RD-REC-CORP-ADV  AU=                   AV=
AW=                   AX=                   AY=ADJ YE 1098 IND    AZ=
P1=1ST PRIN BAL       P2=2ND PRIN BAL       WB=SUSP BAL
FEE CODES:            1=LATE-CHARGE         2=BAD-CK-FEE          3=CHG-OWNER          $=ELOC-FEE
```

# EXHIBIT A-6

**Barrett Daffin Frappier
Turner & Engel, LLP**
4004 Belt Line Road
Suite 100
Addison, TX 75001



7160  9668  9670  8988  1290

00000009487273     08/10/2022

ERIN ZITOUN
2808 MAPLE SPRINGS BLVD
DALLAS, TX 75235

# IMPORTANT INFORMATION IS CONTAINED WITHIN THE ATTACHED NOTICE.

# PLEASE  READ  CAREFULLY

# BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

01 02 TX N 02

HP

**Barrett Daffin Frappier Turner & Engel, LLP**
A Partnership Including Professional Corporations
ATTORNEYS AND COUNSELORS AT LAW
4004 Belt Line Road, Suite 100
Addison, Texas 75001
Telephone: (972) 419-1163
Telecopier: (972) 386-7673

August 10, 2022

Certified Mail 7160 9668 9670 8988 1290
ERIN ZITOUN
2808 MAPLE SPRINGS BLVD
DALLAS, TX  75235

RE:     Mortgage Servicer:    CENLAR FSB
        Loan No.:              ******
        BDFTE No.:            00000009487273

## NOTICE OF ACCELERATION

This law firm represents CENLAR FSB, the Mortgage Servicer, in its mortgage banking activities in the State of Texas.  We have been authorized by the Mortgage Servicer to initiate legal proceedings in connection with the foreclosure of a Deed of Trust associated with your real estate loan (the "Debt").

CENLAR FSB is acting as the Mortgage Servicer for ALLY BANK, who is the Mortgagee of the Note and Deed of Trust associated with the above referenced loan.  CENLAR FSB, as Mortgage Servicer, is representing the Mortgagee, whose address is:

    ALLY BANK
    c/o CENLAR FSB
    425 PHILLIPS BLVD
    EWING, NJ 08618

The Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee.  Pursuant to the Servicing Agreement and Texas Property Code §51.0025, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the property securing the above referenced loan.

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

This letter is formal notice of the following:

1.  Payment of the past due balance on the Debt has not been received by the Mortgage Servicer.  Because of this default, the Mortgagee has elected to ACCELERATE the maturity of the Debt.

2.  On September 06, 2022, as designated on the enclosed Notice of Trustee's Sale, the Trustee, or the Substitute Trustee, will sell at the Courthouse of DALLAS County, Texas in the area designated by the Commissioner's Court of such County, or if no area is designated by the Commissioner's Court, in the usual and customary place in that County, to the highest bidder for cash, the Real Estate described in the enclosed Notice.

3.  All of the obligors and guarantors (if any) of the Debt have the right to reinstate the loan as provided in the Deed of Trust and as provided by applicable Texas law.  Payment must be made in certified funds, cashier's check or money order(s).

4.  All of the obligors and guarantors (if any) have the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and foreclosure which they may have.

**Assert and protect your rights as a member of the armed forces of the United States.  If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**



SNT00000009487273

August 10, 2022

Certified Mail 7160 9668 9670 8988 1290
00000009487273
ERIN ZITOUN
2808 MAPLE SPRINGS BLVD
DALLAS, TX  75235

If you are not obligated on the Debt, or if the Debt has been discharged in a bankruptcy proceeding, the Mortgage Servicer is not attempting to collect from you personally.  You are being given this notice as a courtesy because your interest in the Real Estate may be affected.

Sincerely,

Ryan Bourgeois

Barrett Daffin Frappier Turner & Engel, LLP
Enclosed: Notice of Trustee Sale

2808 MAPLE SPRINGS BLVD                                                                                              00000009487273
DALLAS, TX  75235

## NOTICE OF [SUBSTITUTE] TRUSTEE'S SALE

**Assert and protect your rights as a member of the armed forces of the United States.  If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

1.  **Date, Time, and Place of Sale.**

    Date:      September 06, 2022
    Time:      The sale will begin at 10:00 AM or not later than three hours after that time.
    Place:     THE AREA OUTSIDE ON THE NORTHSIDE OF THE GEORGE ALLEN COURTS BUILDING FACING COMMERCE STREET BELOW THE OVERHANG OR AS DESIGNATED BY THE COUNTY COMMISSIONERS or as designated by the county commissioners.

2.  **Terms of Sale.**  Cash.

3.  **Instrument to be Foreclosed.**  The Instrument to be foreclosed is the Deed of Trust or Contract Lien dated June 25, 2018 and recorded in Document CLERK'S FILE NO. 201800182648 real property records of DALLAS COUNTY, Texas, with JORDAN ZITOUN AND ERIN ZITOUN, grantor(s) and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (''MERS'') AS NOMINEE, mortgagee.

4.  **Obligations Secured.**  Deed of Trust or Contract Lien executed by JORDAN ZITOUN AND ERIN ZITOUN, securing the payment of the indebtednesses in the original principal amount of $600,000.00, and obligations therein described including but not limited to the promissory note and all modifications, renewals and extensions of the promissory note. ALLY BANK is the current mortgagee of the note and Deed of Trust or Contract Lien.

5.  **Property to Be Sold.**  The property to be sold is described in the attached Exhibit A.

6.  **Mortgage Servicer Information.**  The Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee. Pursuant to the Servicing Agreement and Texas Property Code § 51.0025, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the lien securing the Property referenced above. CENLAR FSB, as Mortgage Servicer, is representing the current mortgagee, whose address is:

c/o CENLAR FSB
425 PHILLIPS BLVD
EWING, NJ  08618

2808 MAPLE SPRINGS BLVD
DALLAS, TX  75235

0000000009487273

**THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE(S) IDENTIFIED TO SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT IDENTIFIED IN THIS NOTICE OF SALE THE PERSON SIGNING THIS NOTICE IS THE ATTORNEY OR AUTHORIZED AGENT OF THE MORTGAGEE OR MORTGAGE SERVICER.**

The undersigned as attorney for the mortgagee or mortgage servicer does herby remove the original trustee and all successor substitute trustees and appoints in their steed ROBERT FORSTER, JEFF FLEMING, ISRAEL SAUCEDO OR RYAN BOURGEOIS whose address is c/o BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP, 4004 Belt Line Road, Suite 100, Addison, Texas 75001-4320 as Substitute Trustee, who shall hereafter exercise all powers and duties set aside to the said original trustee under the said Deed of Trust;  and, further does hereby request, authorize, and instruct said Substitute Trustee to conduct and direct the execution of remedies set aside to the beneficiary therein.

Ryan Bourgeois

### Certificate of Posting

My name is _____, and my address is c/o 4004 Belt Line Road, Suite 100, Addison, Texas 75001-4320.   I declare under penalty of perjury that on _____ I filed at the office of the DALLAS County Clerk and caused to be posted at the DALLAS County courthouse this notice of sale.

_____

Declarants Name:_____

Date:_____

2808 MAPLE SPRINGS BLVD
DALLAS, TX 75235

00000009487273

00000009487273

DALLAS

## EXHIBIT "A"

BEING A LOT, TRACT OR PARCEL OF LAND SITUATED IN THE C. GRIGSBY SURVEY, ABSTRACT NO. 532, IN DALLAS COUNTY, TEXAS, AND BEING LOT 3 AND A PORTION OF LOT 4, BLOCK B/2330, OF OAK LAWN HEIGHTS ADDITION, AN ADDITION TO THE CITY OF DALLAS, DALLAS COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF, RECORDED IN VOLUME 3, PAGE 317, MAP RECORDS, DALLAS COUNTY, TEXAS, SAME BEING THAT TRACT OF LAND CONVEYED TO JORDAN ZITOUN AND ERIN ZITOUN, A MARRIED COUPLE, BY DEED RECORDED IN INSTRUMENT NO. 201600185704, OFFICIAL PUBLIC RECORDS OF DALLAS COUNTY, TEXAS, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:

BEGINNING AT A 1 INCH PIPE FOUND FOR CORNER, SAID CORNER BEING ON THE SOUTHEAST LINE OF MAPLE SPRINGS BOULEVARD (50 FOOT RIGHT-OF-WAY), AND BEING THE WEST CORNER OF THAT TRACT OF LAND CONVEYED TO JAMES D. NORCROSS AND CHARLES KRUEGER NORCROSS, BY DEED RECORDED IN INSTRUMENT NO. 201600080421, OFFICIAL PUBLIC RECORDS OF DALLAS COUNTY, TEXAS, FROM WHICH A 1/2 INCH IRON PIPE FOUND ONLINE BEARS AT A DISTANCE OF 1.04 FEET FOR REFERENCE;

THENCE SOUTH 25 DEGREES 21 MINUTES 16 SECONDS EAST, ALONG THE SOUTHWEST LINE OF SAID NORCROSS TRACT, A DISTANCE OF 232.13 FEET TO A 1/2 INCH IRON ROD FOUND FOR CORNER, SAID CORNER BEING ON THE WEST LINE OF SAID NORCROSS TRACT, AND BEING THE NORTH CORNER OF THAT TRACT OF LAND CONVEYED TO AHMED BADEJO, BY DEED RECORDED IN INSTRUMENT NO. 201600255570, OFFICIAL PUBLIC RECORDS OF DALLAS COUNTY, TEXAS;

THENCE SOUTH 63 DEGREES 09 MINUTES 00 SECONDS WEST, ALONG THE NORTHWEST LINE OF SAID BADEJO TRACT, A DISTANCE OF 75.00 FEET TO A 1/2 INCH IRON ROD SET FOR CORNER WITH A YELLOW PLASTIC CAP STAMPED "CBG SURVEYING", SAID CORNER BEING ON THE NORTHWEST LINE OF SAID BADEJO TRACT;

THENCE NORTH 25 DEGREES 21 MINUTES 16 SECONDS WEST, ACROSS SAID ZITOUN TRACT, A DISTANCE OF 237.03 FEET TO A POINT FOR CORNER, SAID CORNER BEING ON THE SOUTHEAST OF SAID MAPLE SPRINGS BOULEVARD, FROM WHICH A 1 INCH IRON PIPE FOUND BEARS SOUTH 36 DEGREES 41 MINUTES02 SECONDS WEST, AT A DISTANCE OF 1.06 FEET FOR WITNESS, AND FROM WHICH A 1/2 INCH IRON PIPE FOUND ONLINE BEARS AT A DISTANCE OF 1.04 FEET FOR REFERENCE, AND BEING THE BEGINNING OF A NON-TANGENT CURVE TO THE LEFT, WITH A RADIUS OF 1823.26 FEET, A DELTA ANGLE OF 02 DEGREES 21 MINUTES 29 SECONDS, A CHORD BEARING OF NORTH 66 DEGREES 53 MINUTES 23 SECONDS EAST, AND A CHORD LENGTH OF 75.03 FEET;

THENCE ALONG SAID CURVE TO THE LEFT, ALONG THE SOUTHEAST LINE OF SAID MAPLE SPRINGS BOULEVARD, AN ARC LENGTH OF 75.04 FEET TO THE POINT OF BEGINNING AND CONTAINING 17568.21 SQUARE FEET OR 0.40 ACRES OF LAND.

**Barrett Daffin Frappier
Turner & Engel, LLP**
4004 Belt Line Road
Suite 100
Addison, TX 75001



7160  9668  9670  8988  1306

00000009487273      08/10/2022

ERIN ZITOUN
331S S LARKIN RD
SUNNYVALE, TX 75182

# IMPORTANT INFORMATION IS CONTAINED WITHIN THE ATTACHED NOTICE.

# PLEASE  READ  CAREFULLY

# BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

01 02 TX N 02                                                                          HP

FCUS_StdBannerPortrait_HP.rpt - (03/16/2022) / Ver-18

**Barrett Daffin Frappier Turner & Engel, LLP**
A Partnership Including Professional Corporations
ATTORNEYS AND COUNSELORS AT LAW
4004 Belt Line Road, Suite 100
Addison, Texas 75001
Telephone: (972) 419-1163
Telecopier: (972) 386-7673

August 10, 2022

Certified Mail 7160 9668 9670 8988 1306
ERIN ZITOUN
331S S LARKIN RD
SUNNYVALE, TX  75182

RE:     Mortgage Servicer:     CENLAR FSB
        Loan No.:              ******▮
        BDFTE No.:             00000009487273

## NOTICE OF ACCELERATION

This law firm represents CENLAR FSB, the Mortgage Servicer, in its mortgage banking activities in the State of Texas.  We have been authorized by the Mortgage Servicer to initiate legal proceedings in connection with the foreclosure of a Deed of Trust associated with your real estate loan (the "Debt").

CENLAR FSB is acting as the Mortgage Servicer for ALLY BANK, who is the Mortgagee of the Note and Deed of Trust associated with the above referenced loan.  CENLAR FSB, as Mortgage Servicer, is representing the Mortgagee, whose address is:

>       ALLY BANK
>       c/o CENLAR FSB
>       425 PHILLIPS BLVD
>       EWING, NJ 08618

The Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee.  Pursuant to the Servicing Agreement and Texas Property Code §51.0025, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the property securing the above referenced loan.

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

This letter is formal notice of the following:

1.   Payment of the past due balance on the Debt has not been received by the Mortgage Servicer.  Because of this default, the Mortgagee has elected to ACCELERATE the maturity of the Debt.

2.   On September 06, 2022, as designated on the enclosed Notice of Trustee's Sale, the Trustee, or the Substitute Trustee, will sell at the Courthouse of DALLAS County, Texas in the area designated by the Commissioner's Court of such County, or if no area is designated by the Commissioner's Court, in the usual and customary place in that County, to the highest bidder for cash, the Real Estate described in the enclosed Notice.

3.   All of the obligors and guarantors (if any) of the Debt have the right to reinstate the loan as provided in the Deed of Trust and as provided by applicable Texas law.  Payment must be made in certified funds, cashier's check or money order(s).

4.   All of the obligors and guarantors (if any) have the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and foreclosure which they may have.

**<u>Assert and protect your rights as a member of the armed forces of the United States.  If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.</u>**



SNT00000009487273

August 10, 2022


Certified Mail 7160 9668 9670 8988 1306
00000009487273
ERIN ZITOUN
331S S LARKIN RD
SUNNYVALE, TX  75182


If you are not obligated on the Debt, or if the Debt has been discharged in a bankruptcy proceeding, the Mortgage Servicer is not attempting to collect from you personally.  You are being given this notice as a courtesy because your interest in the Real Estate may be affected.

Sincerely,


Ryan Bourgeois

Barrett Daffin Frappier Turner & Engel, LLP
Enclosed: Notice of Trustee Sale

2808 MAPLE SPRINGS BLVD                                                      00000009487273
DALLAS, TX  75235

## NOTICE OF [SUBSTITUTE] TRUSTEE'S SALE

**Assert and protect your rights as a member of the armed forces of the United States.  If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

1.  **Date, Time, and Place of Sale.**

   Date:       September 06, 2022
   Time:       The sale will begin at 10:00 AM or not later than three hours after that time.
   Place:      THE AREA OUTSIDE ON THE NORTHSIDE OF THE GEORGE ALLEN COURTS BUILDING FACING COMMERCE STREET BELOW THE OVERHANG OR AS DESIGNATED BY THE COUNTY COMMISSIONERS or as designated by the county commissioners.

2.  **Terms of Sale**.  Cash.

3.  **Instrument to be Foreclosed.**   The Instrument to be foreclosed is the Deed of Trust or Contract Lien dated June 25, 2018 and recorded in Document CLERK'S FILE NO. 201800182648 real property records of DALLAS County, Texas, with JORDAN ZITOUN AND ERIN ZITOUN, grantor(s) and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (''MERS'') AS NOMINEE, mortgagee.

4.  **Obligations Secured**.  Deed of Trust or Contract Lien executed by JORDAN ZITOUN AND ERIN ZITOUN, securing the payment of the indebtednesses in the original principal amount of $600,000.00, and obligations therein described including but not limited to the promissory note and all modifications, renewals and extensions of the promissory note. ALLY BANK is the current mortgagee of the note and Deed of Trust or Contract Lien.

5.  **Property to Be Sold.**  The property to be sold is described in the attached Exhibit A.

6.  **Mortgage Servicer Information**.   The Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee. Pursuant to the Servicing Agreement and Texas Property Code § 51.0025, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the lien securing the Property referenced above. CENLAR FSB, as Mortgage Servicer, is representing the current mortgagee, whose address is:

c/o CENLAR FSB
425 PHILLIPS BLVD
EWING, NJ  08618

**THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE(S) IDENTIFIED TO SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT IDENTIFIED IN THIS NOTICE OF SALE THE PERSON SIGNING THIS NOTICE IS THE ATTORNEY OR AUTHORIZED AGENT OF THE MORTGAGEE OR MORTGAGE SERVICER.**

The undersigned as attorney for the mortgagee or mortgage servicer does herby remove the original trustee and all successor substitute trustees and appoints in their steed ROBERT FORSTER, JEFF FLEMING, ISRAEL SAUCEDO OR RYAN BOURGEOIS whose address is c/o BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP, 4004 Belt Line Road, Suite 100, Addison, Texas 75001-4320 as Substitute Trustee, who shall hereafter exercise all powers and duties set aside to the said original trustee under the said Deed of Trust;  and, further does hereby request, authorize, and instruct said Substitute Trustee to conduct and direct the execution of remedies set aside to the beneficiary therein.

Ryan Bourgeois

<u>**Certificate of Posting**</u>

My name is _____, and my address is c/o 4004 Belt Line Road, Suite 100, Addison, Texas 75001-4320.   I declare under penalty of perjury that on _____ I filed at the office of the DALLAS County Clerk and caused to be posted at the DALLAS County courthouse this notice of sale.

_____

Declarants Name:_____

Date:_____

2808 MAPLE SPRINGS BLVD                                                                        00000009487273
DALLAS, TX  75235

00000009487273                                                                                        DALLAS

## EXHIBIT "A"

BEING A LOT, TRACT OR PARCEL OF LAND SITUATED IN THE C. GRIGSBY SURVEY, ABSTRACT NO. 532, IN DALLAS COUNTY, TEXAS, AND BEING LOT 3 AND A PORTION OF LOT 4, BLOCK B/2330, OF OAK LAWN HEIGHTS ADDITION, AN ADDITION TO THE CITY OF DALLAS, DALLAS COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF, RECORDED IN VOLUME 3, PAGE 317, MAP RECORDS, DALLAS COUNTY, TEXAS, SAME BEING THAT TRACT OF LAND CONVEYED TO JORDAN ZITOUN AND ERIN ZITOUN, A MARRIED COUPLE, BY DEED RECORDED IN INSTRUMENT NO. 201600185704, OFFICIAL PUBLIC RECORDS OF DALLAS COUNTY, TEXAS, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:

BEGINNING AT A 1 INCH PIPE FOUND FOR CORNER, SAID CORNER BEING ON THE SOUTHEAST LINE OF MAPLE SPRINGS BOULEVARD (50 FOOT RIGHT-OF-WAY), AND BEING THE WEST CORNER OF THAT TRACT OF LAND CONVEYED TO JAMES D. NORCROSS AND CHARLES KRUEGER NORCROSS, BY DEED RECORDED IN INSTRUMENT NO. 201600080421, OFFICIAL PUBLIC RECORDS OF DALLAS COUNTY, TEXAS, FROM WHICH A 1/2 INCH IRON PIPE FOUND ONLINE BEARS AT A DISTANCE OF 1.04 FEET FOR REFERENCE;

THENCE SOUTH 25 DEGREES 21 MINUTES 16 SECONDS EAST, ALONG THE SOUTHWEST LINE OF SAID NORCROSS TRACT, A DISTANCE OF 232.13 FEET TO A 1/2 INCH IRON ROD FOUND FOR CORNER, SAID CORNER BEING ON THE WEST LINE OF SAID NORCROSS TRACT, AND BEING THE NORTH CORNER OF THAT TRACT OF LAND CONVEYED TO AHMED BADEJO, BY DEED RECORDED IN INSTRUMENT NO. 201600255570, OFFICIAL PUBLIC RECORDS OF DALLAS COUNTY, TEXAS;

THENCE SOUTH 63 DEGREES 09 MINUTES 00 SECONDS WEST, ALONG THE NORTHWEST LINE OF SAID BADEJO TRACT, A DISTANCE OF 75.00 FEET TO A 1/2 INCH IRON ROD SET FOR CORNER WITH A YELLOW PLASTIC CAP STAMPED "CBG SURVEYING", SAID CORNER BEING ON THE NORTHWEST LINE OF SAID BADEJO TRACT;

THENCE NORTH 25 DEGREES 21 MINUTES 16 SECONDS WEST, ACROSS SAID ZITOUN TRACT, A DISTANCE OF 237.03 FEET TO A POINT FOR CORNER, SAID CORNER BEING ON THE SOUTHEAST OF SAID MAPLE SPRINGS BOULEVARD, FROM WHICH A 1 INCH IRON PIPE FOUND BEARS SOUTH 36 DEGREES 41 MINUTES02 SECONDS WEST, AT A DISTANCE OF 1.06 FEET FOR WITNESS, AND FROM WHICH A 1/2 INCH IRON PIPE FOUND ONLINE BEARS AT A DISTANCE OF 1.04 FEET FOR REFERENCE, AND BEING THE BEGINNING OF A NON-TANGENT CURVE TO THE LEFT, WITH A RADIUS OF 1823.26 FEET, A DELTA ANGLE OF 02 DEGREES 21 MINUTES 29 SECONDS, A CHORD BEARING OF NORTH 66 DEGREES 53 MINUTES 23 SECONDS EAST, AND A CHORD LENGTH OF 75.03 FEET;

THENCE ALONG SAID CURVE TO THE LEFT, ALONG THE SOUTHEAST LINE OF SAID MAPLE SPRINGS BOULEVARD, AN ARC LENGTH OF 75.04 FEET TO THE POINT OF BEGINNING AND CONTAINING 17568.21 SQUARE FEET OR 0.40 ACRES OF LAND.

**Barrett Daffin Frappier
Turner & Engel, LLP**
4004 Belt Line Road
Suite 100
Addison, TX 75001



7160  9668  9670  8988  1276

00000009487273      08/10/2022

JORDAN ZITOUN
2808 MAPLE SPRINGS BLVD
DALLAS, TX 75235

# IMPORTANT INFORMATION IS CONTAINED
# WITHIN THE ATTACHED NOTICE.

# PLEASE  READ  CAREFULLY

# BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP
# IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A
# DEBT.  ANY INFORMATION OBTAINED WILL BE USED
# FOR THAT PURPOSE.

01  02  TX  N  02                                              HP

**Barrett Daffin Frappier Turner & Engel, LLP**
A Partnership Including Professional Corporations
ATTORNEYS AND COUNSELORS AT LAW
4004 Belt Line Road, Suite 100
Addison, Texas 75001
Telephone: (972) 419-1163
Telecopier: (972) 386-7673

August 10, 2022

Certified Mail 7160 9668 9670 8988 1276
JORDAN ZITOUN
2808 MAPLE SPRINGS BLVD
DALLAS, TX  75235

RE:     Mortgage Servicer:     CENLAR FSB
        Loan No.:              ******
        BDFTE No.:             00000009487273

## NOTICE OF ACCELERATION

This law firm represents CENLAR FSB, the Mortgage Servicer, in its mortgage banking activities in the State of Texas.  We have been authorized by the Mortgage Servicer to initiate legal proceedings in connection with the foreclosure of a Deed of Trust associated with your real estate loan (the "Debt").

CENLAR FSB is acting as the Mortgage Servicer for ALLY BANK, who is the Mortgagee of the Note and Deed of Trust associated with the above referenced loan.  CENLAR FSB, as Mortgage Servicer, is representing the Mortgagee, whose address is:

        ALLY BANK
        c/o CENLAR FSB
        425 PHILLIPS BLVD
        EWING, NJ 08618

The Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee.  Pursuant to the Servicing Agreement and Texas Property Code §51.0025, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the property securing the above referenced loan.

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

This letter is formal notice of the following:

1.  Payment of the past due balance on the Debt has not been received by the Mortgage Servicer.  Because of this default, the Mortgagee has elected to ACCELERATE the maturity of the Debt.

2.  On September 06, 2022, as designated on the enclosed Notice of Trustee's Sale, the Trustee, or the Substitute Trustee, will sell at the Courthouse of DALLAS County, Texas in the area designated by the Commissioner's Court of such County, or if no area is designated by the Commissioner's Court, in the usual and customary place in that County, to the highest bidder for cash, the Real Estate described in the enclosed Notice.

3.  All of the obligors and guarantors (if any) of the Debt have the right to reinstate the loan as provided in the Deed of Trust and as provided by applicable Texas law.  Payment must be made in certified funds, cashier's check or money order(s).

4.  All of the obligors and guarantors (if any) have the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and foreclosure which they may have.

**Assert and protect your rights as a member of the armed forces of the United States.  If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**



SNT00000009487273

August 10, 2022


Certified Mail 7160 9668 9670 8988 1276
00000009487273
JORDAN ZITOUN
2808 MAPLE SPRINGS BLVD
DALLAS, TX  75235


If you are not obligated on the Debt, or if the Debt has been discharged in a bankruptcy proceeding, the Mortgage Servicer is not attempting to collect from you personally.  You are being given this notice as a courtesy because your interest in the Real Estate may be affected.

Sincerely,


Ryan Bourgeois

Barrett Daffin Frappier Turner & Engel, LLP
Enclosed: Notice of Trustee Sale

2808 MAPLE SPRINGS BLVD                                                                                    00000009487273
DALLAS, TX  75235

## NOTICE OF [SUBSTITUTE] TRUSTEE'S SALE

**Assert and protect your rights as a member of the armed forces of the United States.  If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

1.  **Date, Time, and Place of Sale.**

    Date:     September 06, 2022

    Time:    The sale will begin at 10:00 AM or not later than three hours after that time.

    Place:    THE AREA OUTSIDE ON THE NORTHSIDE OF THE GEORGE ALLEN COURTS BUILDING FACING COMMERCE STREET BELOW THE OVERHANG OR AS DESIGNATED BY THE COUNTY COMMISSIONERS or as designated by the county commissioners.

2.  **Terms of Sale.**  Cash.

3.  **Instrument to be Foreclosed.**  The Instrument to be foreclosed is the Deed of Trust or Contract Lien dated June 25, 2018 and recorded in Document CLERK'S FILE NO. 201800182648 real property records of DALLAS County, Texas, with JORDAN ZITOUN AND ERIN ZITOUN, grantor(s) and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (''MERS'') AS NOMINEE, mortgagee.

4.  **Obligations Secured.**  Deed of Trust or Contract Lien executed by JORDAN ZITOUN AND ERIN ZITOUN, securing the payment of the indebtednesses in the original principal amount of $600,000.00, and obligations therein described including but not limited to the promissory note and all modifications, renewals and extensions of the promissory note. ALLY BANK is the current mortgagee of the note and Deed of Trust or Contract Lien.

5.  **Property to Be Sold.**  The property to be sold is described in the attached Exhibit A.

6.  **Mortgage Servicer Information**.  The Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee. Pursuant to the Servicing Agreement and Texas Property Code § 51.0025, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the lien securing the Property referenced above. CENLAR FSB, as Mortgage Servicer, is representing the current mortgagee, whose address is:

c/o CENLAR FSB
425 PHILLIPS BLVD
EWING, NJ  08618

2808 MAPLE SPRINGS BLVD
DALLAS, TX 75235

0000000009487273

**THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE(S) IDENTIFIED TO SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT IDENTIFIED IN THIS NOTICE OF SALE THE PERSON SIGNING THIS NOTICE IS THE ATTORNEY OR AUTHORIZED AGENT OF THE MORTGAGEE OR MORTGAGE SERVICER.**

The undersigned as attorney for the mortgagee or mortgage servicer does herby remove the original trustee and all successor substitute trustees and appoints in their steed ROBERT FORSTER, JEFF FLEMING, ISRAEL SAUCEDO OR RYAN BOURGEOIS whose address is c/o BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP, 4004 Belt Line Road, Suite 100, Addison, Texas 75001-4320 as Substitute Trustee, who shall hereafter exercise all powers and duties set aside to the said original trustee under the said Deed of Trust; and, further does hereby request, authorize, and instruct said Substitute Trustee to conduct and direct the execution of remedies set aside to the beneficiary therein.

Ryan Bourgeois

<u>**Certificate of Posting**</u>

My name is _____, and my address is c/o 4004 Belt Line Road, Suite 100, Addison, Texas 75001-4320. I declare under penalty of perjury that on _____ I filed at the office of the DALLAS County Clerk and caused to be posted at the DALLAS County courthouse this notice of sale.

_____

Declarants Name:_____

Date:_____

2808 MAPLE SPRINGS BLVD
DALLAS, TX  75235

00000009487273                                                                                                          DALLAS

## EXHIBIT "A"

BEING A LOT, TRACT OR PARCEL OF LAND SITUATED IN THE C. GRIGSBY SURVEY, ABSTRACT NO. 532, IN DALLAS COUNTY, TEXAS, AND BEING LOT 3 AND A PORTION OF LOT 4, BLOCK B/2330, OF OAK LAWN HEIGHTS ADDITION, AN ADDITION TO THE CITY OF DALLAS, DALLAS COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF, RECORDED IN VOLUME 3, PAGE 317, MAP RECORDS, DALLAS COUNTY, TEXAS, SAME BEING THAT TRACT OF LAND CONVEYED TO JORDAN ZITOUN AND ERIN ZITOUN, A MARRIED COUPLE, BY DEED RECORDED IN INSTRUMENT NO. 201600185704, OFFICIAL PUBLIC RECORDS OF DALLAS COUNTY, TEXAS, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:

BEGINNING AT A 1 INCH PIPE FOUND FOR CORNER, SAID CORNER BEING ON THE SOUTHEAST LINE OF MAPLE SPRINGS BOULEVARD (50 FOOT RIGHT-OF-WAY), AND BEING THE WEST CORNER OF THAT TRACT OF LAND CONVEYED TO JAMES D. NORCROSS AND CHARLES KRUEGER NORCROSS, BY DEED RECORDED IN INSTRUMENT NO. 201600080421, OFFICIAL PUBLIC RECORDS OF DALLAS COUNTY, TEXAS, FROM WHICH A 1/2 INCH IRON PIPE FOUND ONLINE BEARS AT A DISTANCE OF 1.04 FEET FOR REFERENCE;

THENCE SOUTH 25 DEGREES 21 MINUTES 16 SECONDS EAST, ALONG THE SOUTHWEST LINE OF SAID NORCROSS TRACT, A DISTANCE OF 232.13 FEET TO A 1/2 INCH IRON ROD FOUND FOR CORNER, SAID CORNER BEING ON THE WEST LINE OF SAID NORCROSS TRACT, AND BEING THE NORTH CORNER OF THAT TRACT OF LAND CONVEYED TO AHMED BADEJO, BY DEED RECORDED IN INSTRUMENT NO. 201600255570, OFFICIAL PUBLIC RECORDS OF DALLAS COUNTY, TEXAS;

THENCE SOUTH 63 DEGREES 09 MINUTES 00 SECONDS WEST, ALONG THE NORTHWEST LINE OF SAID BADEJO TRACT, A DISTANCE OF 75.00 FEET TO A 1/2 INCH IRON ROD SET FOR CORNER WITH A YELLOW PLASTIC CAP STAMPED "CBG SURVEYING", SAID CORNER BEING ON THE NORTHWEST LINE OF SAID BADEJO TRACT;

THENCE NORTH 25 DEGREES 21 MINUTES 16 SECONDS WEST, ACROSS SAID ZITOUN TRACT, A DISTANCE OF 237.03 FEET TO A POINT FOR CORNER, SAID CORNER BEING ON THE SOUTHEAST OF SAID MAPLE SPRINGS BOULEVARD, FROM WHICH A 1 INCH IRON PIPE FOUND BEARS SOUTH 36 DEGREES 41 MINUTES02 SECONDS WEST, AT A DISTANCE OF 1.06 FEET FOR WITNESS, AND FROM WHICH A 1/2 INCH IRON PIPE FOUND ONLINE BEARS AT A DISTANCE OF 1.04 FEET FOR REFERENCE, AND BEING THE BEGINNING OF A NON-TANGENT CURVE TO THE LEFT, WITH A RADIUS OF 1823.26 FEET, A DELTA ANGLE OF 02 DEGREES 21 MINUTES 29 SECONDS, A CHORD BEARING OF NORTH 66 DEGREES 53 MINUTES 23 SECONDS EAST, AND A CHORD LENGTH OF 75.03 FEET;

THENCE ALONG SAID CURVE TO THE LEFT, ALONG THE SOUTHEAST LINE OF SAID MAPLE SPRINGS BOULEVARD, AN ARC LENGTH OF 75.04 FEET TO THE POINT OF BEGINNING AND CONTAINING 17568.21 SQUARE FEET OR 0.40 ACRES OF LAND.

**Barrett Daffin Frappier
Turner & Engel, LLP**
4004 Belt Line Road
Suite 100
Addison, TX 75001



7160  9668  9670  8988  1283

00000009487273     08/10/2022

JORDAN ZITOUN
331S S LARKIN RD
SUNNYVALE, TX 75182

# IMPORTANT INFORMATION IS CONTAINED
# WITHIN THE ATTACHED NOTICE.

# PLEASE  READ  CAREFULLY

# BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

01 02 TX N 02

HP

**Barrett Daffin Frappier Turner & Engel, LLP**
A Partnership Including Professional Corporations
ATTORNEYS AND COUNSELORS AT LAW
4004 Belt Line Road, Suite 100
Addison, Texas 75001
Telephone: (972) 419-1163
Telecopier: (972) 386-7673

August 10, 2022

Certified Mail 7160 9668 9670 8988 1283
JORDAN ZITOUN
331S S LARKIN RD
SUNNYVALE, TX  75182

RE:     Mortgage Servicer:     CENLAR FSB
        Loan No.:              ******▮▮▮
        BDFTE No.:             00000009487273

## NOTICE OF ACCELERATION

This law firm represents CENLAR FSB, the Mortgage Servicer, in its mortgage banking activities in the State of Texas.  We have been authorized by the Mortgage Servicer to initiate legal proceedings in connection with the foreclosure of a Deed of Trust associated with your real estate loan (the "Debt").

CENLAR FSB is acting as the Mortgage Servicer for ALLY BANK, who is the Mortgagee of the Note and Deed of Trust associated with the above referenced loan.  CENLAR FSB, as Mortgage Servicer, is representing the Mortgagee, whose address is:

        ALLY BANK
        c/o CENLAR FSB
        425 PHILLIPS BLVD
        EWING, NJ 08618

The Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee.  Pursuant to the Servicing Agreement and Texas Property Code §51.0025, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the property securing the above referenced loan.

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

This letter is formal notice of the following:

1.  Payment of the past due balance on the Debt has not been received by the Mortgage Servicer.  Because of this default, the Mortgagee has elected to ACCELERATE the maturity of the Debt.

2.  On September 06, 2022, as designated on the enclosed Notice of Trustee's Sale, the Trustee, or the Substitute Trustee, will sell at the Courthouse of DALLAS County, Texas in the area designated by the Commissioner's Court of such County, or if no area is designated by the Commissioner's Court, in the usual and customary place in that County, to the highest bidder for cash, the Real Estate described in the enclosed Notice.

3.  All of the obligors and guarantors (if any) of the Debt have the right to reinstate the loan as provided in the Deed of Trust and as provided by applicable Texas law.  Payment must be made in certified funds, cashier's check or money order(s).

4.  All of the obligors and guarantors (if any) have the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and foreclosure which they may have.

**<u>Assert and protect your rights as a member of the armed forces of the United States.  If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.</u>**


SNT00000009487273

August 10, 2022

Certified Mail 7160 9668 9670 8988 1283
00000009487273
JORDAN ZITOUN
331S S LARKIN RD
SUNNYVALE, TX  75182

If you are not obligated on the Debt, or if the Debt has been discharged in a bankruptcy proceeding, the Mortgage Servicer is not attempting to collect from you personally.  You are being given this notice as a courtesy because your interest in the Real Estate may be affected.

Sincerely,

Ryan Bourgeois

Barrett Daffin Frappier Turner & Engel, LLP
Enclosed: Notice of Trustee Sale

2808 MAPLE SPRINGS BLVD
DALLAS, TX  75235

00000009487273

### NOTICE OF [SUBSTITUTE] TRUSTEE'S SALE

**Assert and protect your rights as a member of the armed forces of the United States.  If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

1.  **Date, Time, and Place of Sale.**

     Date:      September 06, 2022
     Time:      The sale will begin at 10:00 AM or not later than three hours after that time.
     Place:     THE AREA OUTSIDE ON THE NORTHSIDE OF THE GEORGE ALLEN COURTS BUILDING FACING COMMERCE STREET BELOW THE OVERHANG OR AS DESIGNATED BY THE COUNTY COMMISSIONERS or as designated by the county commissioners.

2.  **Terms of Sale**.  Cash.

3.  **Instrument to be Foreclosed.**   The Instrument to be foreclosed is the Deed of Trust or Contract Lien dated June 25, 2018 and recorded in Document CLERK'S FILE NO. 201800182648 real property records of DALLAS County, Texas, with JORDAN ZITOUN AND ERIN ZITOUN, grantor(s) and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (''MERS'') AS NOMINEE, mortgagee.

4.  **Obligations Secured**.  Deed of Trust or Contract Lien executed by JORDAN ZITOUN AND ERIN ZITOUN, securing the payment of the indebtednesses in the original principal amount of $600,000.00, and obligations therein described including but not limited to the promissory note and all modifications, renewals and extensions of the promissory note. ALLY BANK is the current mortgagee of the note and Deed of Trust or Contract Lien.

5.  **Property to Be Sold.**  The property to be sold is described in the attached Exhibit A.

6.  **Mortgage Servicer Information**.   The Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee. Pursuant to the Servicing Agreement and Texas Property Code § 51.0025, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the lien securing the Property referenced above. CENLAR FSB, as Mortgage Servicer, is representing the current mortgagee, whose address is:

c/o CENLAR FSB
425 PHILLIPS BLVD
EWING, NJ  08618

2808 MAPLE SPRINGS BLVD
DALLAS, TX  75235

00000009487273

**THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE(S) IDENTIFIED TO SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT IDENTIFIED IN THIS NOTICE OF SALE THE PERSON SIGNING THIS NOTICE IS THE ATTORNEY OR AUTHORIZED AGENT OF THE MORTGAGEE OR MORTGAGE SERVICER.**

The undersigned as attorney for the mortgagee or mortgage servicer does herby remove the original trustee and all successor substitute trustees and appoints in their steed ROBERT FORSTER, JEFF FLEMING, ISRAEL SAUCEDO OR RYAN BOURGEOIS whose address is c/o BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP, 4004 Belt Line Road, Suite 100, Addison, Texas 75001-4320 as Substitute Trustee, who shall hereafter exercise all powers and duties set aside to the said original trustee under the said Deed of Trust;  and, further does hereby request, authorize, and instruct said Substitute Trustee to conduct and direct the execution of remedies set aside to the beneficiary therein.

Ryan Bourgeois

### Certificate of Posting

My name is _____, and my address is c/o 4004 Belt Line Road, Suite 100, Addison, Texas 75001-4320.  I declare under penalty of perjury that on _____ I filed at the office of the DALLAS County Clerk and caused to be posted at the DALLAS County courthouse this notice of sale.

_____

Declarants Name:_____

Date:_____

2808 MAPLE SPRINGS BLVD                                                                                         00000009487273
DALLAS, TX  75235

00000009487273                                                                                                           DALLAS

## EXHIBIT "A"

BEING A LOT, TRACT OR PARCEL OF LAND SITUATED IN THE C. GRIGSBY SURVEY, ABSTRACT NO. 532, IN DALLAS COUNTY, TEXAS, AND BEING LOT 3 AND A PORTION OF LOT 4, BLOCK B/2330, OF OAK LAWN HEIGHTS ADDITION, AN ADDITION TO THE CITY OF DALLAS, DALLAS COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF, RECORDED IN VOLUME 3, PAGE 317, MAP RECORDS, DALLAS COUNTY, TEXAS, SAME BEING THAT TRACT OF LAND CONVEYED TO JORDAN ZITOUN AND ERIN ZITOUN, A MARRIED COUPLE, BY DEED RECORDED IN INSTRUMENT NO. 201600185704, OFFICIAL PUBLIC RECORDS OF DALLAS COUNTY, TEXAS, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:

BEGINNING AT A 1 INCH PIPE FOUND FOR CORNER, SAID CORNER BEING ON THE SOUTHEAST LINE OF MAPLE SPRINGS BOULEVARD (50 FOOT RIGHT-OF-WAY), AND BEING THE WEST CORNER OF THAT TRACT OF LAND CONVEYED TO JAMES D. NORCROSS AND CHARLES KRUEGER NORCROSS, BY DEED RECORDED IN INSTRUMENT NO. 201600080421, OFFICIAL PUBLIC RECORDS OF DALLAS COUNTY, TEXAS, FROM WHICH A 1/2 INCH IRON PIPE FOUND ONLINE BEARS AT A DISTANCE OF 1.04 FEET FOR REFERENCE;

THENCE SOUTH 25 DEGREES 21 MINUTES 16 SECONDS EAST, ALONG THE SOUTHWEST LINE OF SAID NORCROSS TRACT, A DISTANCE OF 232.13 FEET TO A 1/2 INCH IRON ROD FOUND FOR CORNER, SAID CORNER BEING ON THE WEST LINE OF SAID NORCROSS TRACT, AND BEING THE NORTH CORNER OF THAT TRACT OF LAND CONVEYED TO AHMED BADEJO, BY DEED RECORDED IN INSTRUMENT NO. 201600255570, OFFICIAL PUBLIC RECORDS OF DALLAS COUNTY, TEXAS;

THENCE SOUTH 63 DEGREES 09 MINUTES 00 SECONDS WEST, ALONG THE NORTHWEST LINE OF SAID BADEJO TRACT, A DISTANCE OF 75.00 FEET TO A 1/2 INCH IRON ROD SET FOR CORNER WITH A YELLOW PLASTIC CAP STAMPED "CBG SURVEYING", SAID CORNER BEING ON THE NORTHWEST LINE OF SAID BADEJO TRACT;

THENCE NORTH 25 DEGREES 21 MINUTES 16 SECONDS WEST, ACROSS SAID ZITOUN TRACT, A DISTANCE OF 237.03 FEET TO A POINT FOR CORNER, SAID CORNER BEING ON THE SOUTHEAST OF SAID MAPLE SPRINGS BOULEVARD, FROM WHICH A 1 INCH IRON PIPE FOUND BEARS SOUTH 36 DEGREES 41 MINUTES02 SECONDS WEST, AT A DISTANCE OF 1.06 FEET FOR WITNESS, AND FROM WHICH A 1/2 INCH IRON PIPE FOUND ONLINE BEARS AT A DISTANCE OF 1.04 FEET FOR REFERENCE, AND BEING THE BEGINNING OF A NON-TANGENT CURVE TO THE LEFT, WITH A RADIUS OF 1823.26 FEET, A DELTA ANGLE OF 02 DEGREES 21 MINUTES 29 SECONDS, A CHORD BEARING OF NORTH 66 DEGREES 53 MINUTES 23 SECONDS EAST, AND A CHORD LENGTH OF 75.03 FEET;

THENCE ALONG SAID CURVE TO THE LEFT, ALONG THE SOUTHEAST LINE OF SAID MAPLE SPRINGS BOULEVARD, AN ARC LENGTH OF 75.04 FEET TO THE POINT OF BEGINNING AND CONTAINING 17568.21 SQUARE FEET OR 0.40 ACRES OF LAND.