IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JORDAN ZITOUN and ERIN ZITOUN, § § § | | |
| Plaintiffs, § § | | |
| v. § § | No. 3:22-cv-2192-N-BT | |
| ALLY BANK and CENLAR FSB, as Loan Servicer, § § § § | | |
| Defendants, § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendants Ally Bank and Cenlar FSB's Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56 (ECF No. 12) and accompanying Brief in Support (ECF No. 13). For the following reasons, the District Court should GRANT Defendants' Motion and DISMISS all of Plaintiffs' claims with prejudice.

**Background**

This lawsuit arises from Defendants' attempted foreclosure sale of Plaintiffs' home located in Dallas, Texas (the "Property"). Notice Removal 1 ¶ 3 (ECF No. 1); Pls.' Original Pet., Defs.' Ex. E at 4, ¶ 12 (ECF No. 1-5). On June 25, 2018, Jordan Zitoun and his wife, Erin Zitoun (Plaintiffs) executed a Note payable to United Wholesale Mortgage. Pls.' Original Pet., Defs.' Ex. E ¶ 13 (ECF No. 1-5). The Note was secured by a deed of trust (the "DOT") encumbering the Property. *Id.* at 5, ¶ 12-13 (ECF No. 1-5). Later, the DOT

1

was assigned to Defendant Ally Bank, with Defendant Cenlar FSB acting as the loan servicer. *Id.* Ally Bank is the current owner and holder of the Note. *Id.*

The Note's terms require Plaintiffs to make monthly principal and interest payments on the first day of each month, or else the couple is in default. Defs.' Br., Ex. A-1 ¶¶ 3, 6 (ECF No. 13-1). Upon default, the maturity date of the Note accelerates, and the remaining unpaid balance becomes immediately due and payable in full. *Id.* at ¶ 6 (ECF No. 13-1). Ally Bank must send a written notice informing Plaintiffs of the acceleration and the ability to cure the default by paying the overdue amount by a certain date. *Id.* at ¶ 3 (ECF No. 13-1). The DOT similarly provides for the payment of principal and interest and any late fees on the debt evidenced in the Note, as well as authorization for acceleration of the maturity date of the Note and foreclosure of the Property if Plaintiffs default. *Id.* at ¶¶ 1, 22 (ECF No. 13-1).

Plaintiffs stopped making payments on the Note beginning March 2020. Defs.' Br., Ex. A-4 ¶ 1 (ECF No. 13-1); Pls.' Original Pet., Defs.' Ex. E ¶ 14 (ECF No. 1-5). Plaintiffs allege that flooding caused extensive damage to the Property and they experienced financial hardship from the cost of repairs. Pls.' Original Pet., Defs.' Ex. E ¶ 14 (ECF No. 1-5). Consequently, Plaintiffs admit, "[b]y March 2020, [Plaintiffs] had exhausted their financial resources and therefore discontinued payments on the Property." *Id.* (ECF

No. 1-5). Ally Bank gave Plaintiffs notice of the default and an opportunity to cure the default before September 27, 2021. Defs.' Br., Ex. A-4 (ECF No. 13-1) (Ally Bank's Notice of Default). When Plaintiffs failed to bring their payments current, Ally Bank accelerated the debt and Cenlar FSB gave Plaintiffs notice of a foreclosure sale to occur on September 6, 2022. Defs.' Br., Ex. A-5, A-6 (ECF No. 13-1) (Cenlar's Notice of Acceleration and Enclosing Notice of Substitute Trustee's Sale).

To stop the foreclosure sale, Plaintiffs, represented by counsel, filed this lawsuit in state court on September 1, 2022. They assert two causes of action: (1) breach of contract; and (2) wrongful foreclosure. They obtained a temporary restraining order from the state court preventing the scheduled foreclosure sale from going forward. Defs.' Br. ¶ 8 (ECF No. 13). They further seek injunctive relief, damages between $200,000 and $1,000,000, and attorney's fees. Pls.' Original Pet., Defs.' Ex. E ¶ 7 (ECF No. 1-5).

Defendants timely removed the suit to federal court asserting diversity jurisdiction. Notice Removal 2, ¶ 6 (ECF No. 1). On June 26, 2023, the Court granted an agreed motion for Plaintiffs' counsel to withdraw, and the couple has since proceeded *pro se*. *See* Order (ECF No. 7). Defendants now move for summary judgment as to all of Plaintiffs' claims. Defs.' Mot. Summ. J. (ECF No. 12). Defendants argue Plaintiffs' breach of contract claim fails because (i) they do not identify the provision of Note or Deed of Trust allegedly breached by Defendants, (ii) Plaintiffs themselves are in breach of

3

the loan, (iii) Defendants complied with the loan and all notice requirements of the Note, Deed of Trust, and the Texas Property Code, (iv) and Plaintiffs have no damages attributable to Defendants' alleged breach. Defs.' Br. ¶¶ 15-20 (ECF No. 13). Defendants further contend that Plaintiffs cannot prevail on their wrongful foreclosure claim because no foreclosure has taken place. *Id.* at ¶¶ 21-23 (ECF No. 13). Plaintiffs did not file a response to the Motion, and their time for doing so has expired. *See* N.D. Tex. L. Civ. R. 7.1(e); *see also* Notice Non-Response (ECF No. 14).

**Legal Standards**

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (citation omitted). The movant's burden can be satisfied by demonstrating that there is an absence of evidence to support the nonmoving party's case, which the nonmovant bears the burden of proving at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant's burden can also be satisfied by submitting evidence into the record that affirmatively disproves an element of the nonmoving party's case. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 153 (1970). Once the movant meets its initial burden, the nonmovant must show that summary judgment is not proper. *Duckett v. City of Cedar Park*, 950

4

F.2d 272, 276 (5th Cir. 1992) (citation omitted). The parties may satisfy their respective burdens "by tendering depositions, affidavits, and other competent evidence." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) (first citing *Int'l Shortstop, Inc. v. Rally's*, 939 F.2d 1257, 1263 (5th Cir. 1991); and then citing Fed. R. Civ. P. 56(e)).

The party opposing the summary judgment motion must identify specific evidence in the record and state the precise manner in which that evidence supports the party's claim. *Esquivel v. McCarthy*, 2016 WL 6093327, at *2 (N.D. Tex. Oct. 18, 2016) (Lindsay, J.) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1988)). "Rule 56 does not impose a duty on the court to 'sift through the record in search of evidence' to support the nonmovant's opposition to the motion for summary judgment." *Id.* (first citing *Ragas*, 136 F.3d at 458; and then citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993) (citing *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986)). The fact that a litigant is proceeding *pro se* in a particular case does not alter these principles. *See Davis v. Fernandez*, 798 F.3d 290, 293 (5th Cir. 2015) ("[T]his is not to say that *pro se* plaintiffs don't have to submit competent evidence to avoid summary judgment, because they do.").

## Analysis

Plaintiffs did not respond to Defendants' Motion for Summary Judgment. While such a failure does not permit the court to enter a "default" summary judgment, a court is permitted to accept the movant's facts as undisputed when no response or opposition is filed. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). Normally, "[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Schubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). In this case, the only competent summary judgment evidence before the Court is Cenlar FSB's Declaration, copies of the Note, the DOT, the assignment to Ally Bank, and Defendants' Notices of Default and of Acceleration and Sale. Defs.' Br., Ex. A-1, A-2, A-3, A-4, & A-5 (ECF No. 13-1). The Court may consider this evidence as undisputed.

Plaintiffs' *pro se* status does not excuse them from filing a response. "District courts can make appropriate allowances for *pro se* responses that may be somewhat less-artfully written than those of represented parties. This can be accomplished, however, without excusing them from the most basic requirement that they file a response." *Bookman*, 945 F. Supp. at 1005. Plaintiffs, despite their *pro se* status, "[are] not, as the party with the burden of proof [at trial], excused from the requirement that [they] set forth specific

6

facts supporting [their] claim." *Id.* at 1004 (citing *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996); *Douglass v. United Servs. Auto Ass'n*, 65 F.3d 452, 455 n.4. (5th Cir. 1995)). By failing to respond to the summary judgment motion, Plaintiffs have not met their burden to designate specific facts to show that there is a genuine issue for trial. *See Bookman*, 945 F. Supp. at 1004.

I. <u>Defendants are entitled to summary judgment on Plaintiffs' breach of contract claim.</u>

Defendants move for summary judgment on Plaintiffs' breach of contract claim. To prevail on a breach of contract claim under Texas law, a plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the defendant's breach." *Am. Gen. Life Ins. Co. v. Kirsh,* 378 Fed. Appx. 379, 383 (5th Cir. 2010)*; see also Hayes v. Bank of Am., N.A.*, 2020 WL 3065936, at *4 (N.D. Tex. May 15, 2020) (Rutherford, J.), report and recommendation adopted, 2020 WL 3065520 (N.D. Tex. June 9, 2020) (Fish, J.). Beyond these requirements, "a claim for a breach of a note and deed of trust must identify the specific provision in the contract that was breached." *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x. 233, 238 (5th Cir. 2014). Plaintiffs' breach of contract claim fails for all the reasons advanced by Defendants.

First, Plaintiffs fail to identify any specific provision of the Note or Deed of Trust that gives rise to their claim. In the absence of such evidence, Defendants are entitled to summary judgment on Plaintiffs' breach of contract claim. *Draehn v. Shellpoint Mortg. Servicing*, 2018 WL 1157792, at *3 (N.D. Tex. Feb. 12, 2018) (Rutherford, J.), *rec. adopted sub nom. Draehn v. Shell Point Mortg. Serving*, 2018 WL 1122189 (N.D. Tex. Feb. 28, 2018) (granting summary judgment in favor of mortgage loan servicer where plaintiff failed to identify any specific provision in Deed of Trust that was breached); *Meija v. BAC Home Loan Servicing, LP*, 2011 WL 5252600, at *1 (N.D. Tex. Jul. 6, 2011) (Kaplan, J.) (same).

Second, Plaintiffs' admit they defaulted on their payment obligations. *See* Pls.' Original Pet., Defs.' Ex. E ¶ 14 (ECF No. 1-5) ("By March 2020, the Plaintiffs had exhausted their financial resources and therefore discontinued payments on the Property."). Therefore, there is no genuine dispute that Plaintiffs performed or tendered performance under the contract. *See Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016) (affirming dismissal of plaintiff's breach of contract claim "[b]ecause [plaintiff] failed to allege any facts showing her own performance and did not refute the facts in documents referred to in her complaint [that revealed she was in default by over $7, 300]"); *Williams*, 560 F. App'x at 238 ("[I]f, as here, plaintiffs fail to allege they were current on their payments under the deed of trust, dismissal of their breach of contract claim is

8

proper."); *Vera v. Bank of Am., N.A.*, 569 F. App'x 349, 352 (5th Cir. 2014) (borrower could not maintain a breach of contract claim against its lender after defaulting on its monthly mortgage payments without excuse).

Plaintiffs allege they performed their contractual obligations because they "are ready, willing, and able to make the necessary payment to forego the foreclosure of the Property, and the Defendants refuse to come to the table." Pls.' Original Pet., Defs.' Ex. E ¶ 18 (ECF No. 1-5). They allege they are trying to secure financing to cure the default and resume payments. Pls.' Original Pet., Defs.' Ex. E ¶ 17 (ECF No. 1-5). But Plaintiffs' allegations are not evidence. And Plaintiffs "ha[ve] not directed the Court to any provision in the deed of trust requiring Defendants to accept partial [or late] payments." *Narvaez v. Wilshire Credit Corp.*, 757 F. Supp. 2d 621, 630 (N.D. Tex. 2010) (Lynn, J.).

Third, the uncontroverted evidence establishes that Defendants complied with the loan and all requirements of the Note, Deed of Trust, and the Texas Property Code. Although Plaintiffs allege that Defendants failed to provide proper notices of default and notice of acceleration, the only evidence in the summary judgment record is to the contrary. Defendants sent proper notice of default to Plaintiffs on August 23, 2021. Defs.' Br., Ex. A-4 (ECF No. 13-1). And when Plaintiffs failed to cure the default, Defendants sent them notice of acceleration and notice of a substitute trustee's sale on August 10, 2022. Defs.' Br., Ex. A-5 (ECF No. 13-1).

9

Finally, Plaintiffs do not adduce any evidence that they have suffered damages as the result of any alleged breach. If a foreclosure has not occurred, there are no damages recoverable under a breach of contract claim. *See Peoples v. BAC Home Loans Servicing, LP*, 2011 WL 1107211, at *4 (N.D. Tex. Mar. 25, 2011) (holding plaintiff failed to allege damages for breach of contract where no foreclosure occurred, she remained in continuous possession and occupation, and title remained in her name); *see also Jones v. NewRez LLC*, 2022 WL 16579330, at *4 (N.D. Tex. Oct. 7, 2022) (Rutherford, J.), report and recommendation adopted, 2022 WL 16577861 (N.D. Tex. Oct. 31, 2022) (Lindsay, J.) (finding that plaintiff "fails to meet his burden to show that a genuine fact issue exists as to damages" since "[t]here is no dispute . . . that [Defendant] has not yet foreclosed on the Property"). There is no dispute in this case that Defendants have not yet foreclosed on the Property. Consequently, Plaintiffs fail to meet their burden to show that a genuine fact issue exists as to damages.

In sum, the Court should grant Defendants summary judgment on Plaintiffs' breach of contract claim because there is no genuine dispute that Plaintiffs performed under the contract or that they suffered any actual damages. Additionally, Plaintiffs fail to identify any specific provision of the Note or DOT that Defendants breached, and the only competent summary judgment evidence in the record establishes that Defendants complied with

their obligations under the loan documents and did not breach any contract with Plaintiffs.

  II. <u>Defendants are entitled to summary judgment on Plaintiffs' wrongful foreclosure claim.</u>

  Plaintiffs bring a claim for wrongful foreclosure, alleging that "[i]n conducting foreclosure sale of the Property, Defendants are in breach [of] the Deed of Trust with Plaintiffs." Pls.' Original Pet., Defs.' Ex. E ¶ 23 (ECF No. 1-5). But it is undisputed that no foreclosure has occurred. "A claim of wrongful foreclosure cannot succeed[] . . . when no foreclosure has occurred." *Foster v. Deutsche Bank Nat'l Tr. Co.*, 848 F.3d 403, 406 (5th Cir. 2017) (citing *Marsh v. Wells Fargo Bank, N.A.*, 760 F.Supp.2d 701, 708 (N.D. Tex. 2011)); *see also James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 447 (5th Cir. 2013) ("[C]ourts in Texas do not recognize an action for attempted wrongful foreclosure"). Consequently, Plaintiffs' wrongful foreclosure claim fails as a matter of law.

  III. <u>Plaintiffs are not entitled to injunctive relief.</u>

  Plaintiffs do not have a plausible underlying legal claim, so they are not entitled to injunctive relief. Under Texas law, injunctive relief is an equitable remedy, not an independent cause of action. *Cook v. Wells Fargo Bank, N.A.*, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (Fitzwater, J.) (citing *Brown v. Ke-Ping Xie*, 260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2008, no pet.)).

Here, Plaintiffs have failed to provide supporting evidence for any of their claims sufficient to create a genuine dispute of material fact. Accordingly, they are not entitled to relief on any of their substantive claims or on their claim for injunctive relief. *See Anderson v. CitiMortgage, Inc.*, 2011 WL 1113494, at *7 (E.D. Tex. March 24, 2011) ("As all of Plaintiffs' causes of action should be dismissed, and Plaintiffs have failed to allege sufficient facts to support their claims, Plaintiffs are not entitled to injunctive relief.").

IV. Plaintiffs are not entitled to attorney's fees.

Similarly, Plaintiffs cannot recover attorney's fees. In Texas, plaintiffs are not entitled to attorney's fees unless they state a viable cause of action. *See Avila v. Mortg. Elec. Reg. Sys., Inc.*, 2012 WL 6055298, at *7 (S.D. Tex. Dec. 5, 2012) ("[W]ithout a viable cause of action, [plaintiff] is not entitled to recover attorney's fees."); *see also Jones,* 2022 WL 16579330, at *10 ("Because the Court should grant summary judgment in favor of [defendant] and dismiss [plaintiff's] claims, the Court also should grant [defendant] summary judgment on [plaintiff's] claims for damages, other remedies, and fees."). Because there is no genuine issue of any material fact, Plaintiffs are not entitled to attorney's fees.

## RECOMMENDATION

For the reasons explained, the District Court should GRANT Defendants' Motion for Summary Judgment (ECF No. 12) and DISMISS Plaintiffs' claims with prejudice.

**SO RECOMMENDED.**

January 5, 2024.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).